IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

RECEIVED
2006 MAY -4  A 11: 09

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA.

| | |
|---|---|
| HUTTO CONSTRUCTION, INC., | ) |
| Plaintiff, | ) |
| v. | ) Case No. 3:06CV404-T |
| BUFFALO HOLDINGS, LLC., | ) |
| Defendant. | ) |

## NOTICE OF REMOVAL

PLEASE TAKE NOTICE that Defendant Buffalo Holdings, LLC ("Buffalo"), pursuant to 28 U.S.C. §§1332, 1441 and 1446, hereby removes this action from the Circuit Court for Randolph County, Alabama, to the United States District Court for the Middle District of Alabama, Eastern Division. As grounds for removal, Buffalo states the following:

1.  Buffalo is the defendant in a civil action that was filed on April 17, 2006, by the filing of a complaint in the Circuit Court for Randolph County, Alabama. The Circuit Court of Randolph is a state court within this judicial district and division, pursuant to 28 U.S.C. § 1441 (a). True and correct copies of all process, pleadings and orders served by or upon Buffalo in this case are attached hereto as Exhibit A, pursuant to 28 U.S.C. § 1446(a). There are no other process, pleading orders or other papers properly served upon Buffalo to date in this case.

2.  The aforesaid action was commenced by service of process on Buffalo consisting of the complaint, summons, request for production, interrogatories and request for admissions upon Buffalo by certified mail, on April 19, 2006.

3. The controversy herein is between a citizen of the State of Alabama and a citizen of the State of Georgia. At the time of the service of the said summons and complaint, Buffalo was, and now is, a limited liability company duly organized and existing under and by virtue of the laws of the State of Georgia, and a citizen of the State of Georgia, with its principal place of business in that State. At the time of the service of the said summons and complaint, plaintiff was, and now is a corporation duly organized and existing under and by virtue of the laws of the State of Alabama, and a citizen of the State of Alabama, with its principal place of business in this State.

4. The matter in controversy exceeds the sum of Seventy Five Thousand ($75,000.00) Dollars, exclusive of interest and costs.

5. This is a civil action brought in the Circuit Court for Randolph County, Alabama of which United States District Court for the Middle District of Alabama, Eastern Division has original jurisdiction because of diversity of citizenship, pursuant to 28 U.S.C. § 1332, and Buffalo is not a citizen of the State of Alabama, in which the action was brought, and this action may be removed to this Court by Buffalo, pursuant to 28 U.S.C. § 1441(a).

6. This Notice of Removal is timely filed within thirty (30) days after service of the summons and complaint upon Buffalo, pursuant to 28 U.S.C. § 1446(b).

7. A copy of this Notice of Removal is being served on counsel for plaintiff, as set forth in the attached certificate of service, and a copy is being filed with the Clerk of the Circuit Court for Randolph County, Alabama, pursuant to 28 U.S.C. § 1446(d).

WHEREFORE, Defendant Buffalo requests that this Court take jurisdiction of this action and issue all necessary orders and processes to remove this action from the Circuit Court for Randolph County, Alabama to the United States District Court for the Middle District of Alabama, Eastern Division.

Dated this 3d day of May, 2006.

                                                  Respectfully submitted,

                                                  /s/ Guy V. Martin, Jr.

                                                  GUY V. MARTIN, JR. (MAR011)
                                                  Attorney for the Defendant
                                                  Martin, Rawson & Woosley, P.C.
                                                  #2 Metroplex Drive, Suite 102
                                                  Birmingham, Alabama 35209
                                                  (205) 802-1100

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I have, on this the 3d day of May 2006, caused the above and foregoing pleading to be served on opposing counsel of record by placing a true and correct copy thereof into the United States mail, first class postage prepaid, addressed as follows:

John A. Tinney, Esq.
Post Office Box 1430
739 Main Street
Roanoke, Alabama 36274

_____
OF COUNSEL

# EXHIBIT A

Case 2:06-cv-00404-MHT-WC     Document 1-2     Filed 05/04/2006     Page 1 of 13

IN THE CIRCUIT COURT OF
RANDOLPH COUNTY, ALABAMA

HUTTO CONSTRUCTION, INC.  )

       PLAINTIFF  )

VS.  )  CASE NO. CV 06-066

BUFFALO HOLDINGS, LLC  )

       DEFENDANT  )

### CIVIL SUMMONS

Filed in (

NOTICE TO:  Buffalo Holdings, LLC
2030 Oak Grove Road
Carrollton, Georgia 30117

APR 17 2006

KIM S. BENEFIELD
Clerk of Circuit

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF OR PLAINTIFF'S ATTORNEY, JOHN A. TINNEY, WHOSE ADDRESS IS POST OFFICE BOX 1430, 739 MAIN STREET, ROANOKE, ALABAMA, 36274.

THIS ANSWER MUST BE MAILED OR DELIVERED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT WERE DELIVERED TO YOU OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR THINGS DEMANDED IN THE COMPLAINT.

_____  TO ANY SHERIFF OR ANY PERSON AUTHORIZED BY THE ALABAMA RULES OF CIVIL PROCEDURE: You are hereby commanded to serve this Summons and a copy of the Complaint in this action upon the defendant.

__X__  SERVICE BY CERTIFIED MAIL OF THIS SUMMONS IS INITIATED UPON THE WRITTEN REQUEST OF PLAINTIFF PURSUANT TO THE ALABAMA RULES OF CIVIL PROCEDURE.

_4-17-06_  _____
Date  Clerk

Certified mail is hereby requested.
                                John Tinney

RETURN OF SERVICE

_____  Return receipt of certified mail in this office on _____.
_____  I certify that I personally delivered a copy of the Summons and Complaint to _____ in _____ County, Alabama, on _____.

Type of Process Server and Address:_____

IN THE CIRCUIT COURT OF
RANDOLPH COUNTY, ALABAMA

HUTTO CONSTRUCTION, INC. )
PLAINTIFF )
VS. ) CASE NO. CV 06-066
BUFFALO HOLDINGS, LLC )
DEFENDANT )

Filed in Off

APR 17 2006

KIM S. P...

## COMPLAINT TO ENFORCE JUDGMENT

Comes now Plaintiff and would show unto this Honorable Court the following facts as a basis for the relief hereinafter prayed for:

1. Plaintiff herein is an Alabama corporation doing business by agent in Randolph County, Alabama.

2. Defendant herein, to the best of Plaintiff's knowledge and belief, is a Georgia Limited Liability Corporation which has purchased property subject to a Materialman's Lien and Judgment previously entered by the Circuit Court of Randolph County.

3. On or about December 12, 2002, a Judgment was entered in favor of Plaintiff against Red Hawk Ventures in Case No. CV 2002-183 entered by the Circuit Court of Randolph County, Alabama.

4. Subsequent thereto on March 25, 2005, the Circuit Court of Randolph County ruled that the Judgment was not only against Red Hawk Ventures, LLC but also was a judgment against Wendelin Werley and Clayton Bailey, individually.

5. To the best of Plaintiff's knowledge and belief, the Defendant herein purchased the property subject to the judgment of the Plaintiff and was assigned all of the Bank of Wedowee's rights, title, claim and interest in and to said property.

6. Pursuant to the best of Plaintiff's knowledge and belief the Bank of Wedowee also assigned all mortgages and promissory notes previously owned by the Bank of Wedowee concerning the subject property to the Defendant herein.

7. Plaintiff would state that there is still outstanding on said property a Mortgage executed by Clayton Bailey to the Bank of Wedowee dated in 2001 which has not been foreclosed upon. Subsequent to the execution of this mortgage the Plaintiff herein commenced construction of and supplied materials and labor on the property the subject of this Complaint which is now owned by Defendant.

8. The Second Mortgage executed by Red Hawk and/or Bailey to the Bank of Wedowee dated July 29, 2002 was subsequent to the commencement

of work by the Plaintiff on said property. Plaintiff would state that on July 29, 2002, said Mortgage was foreclosed upon by the Bank of Wedowee and at that mortgage foreclosure sale only the leasehold interest of Red Hawk Ventures, LLC in the property was sold for a sum of $5,000.

9. Plaintiff would state that to the best of its knowledge and belief all indebtedness of Red Hawk Ventures, Clayton Bailey, and/or Wendelin Werley to the Bank of Wedowee have been either satisfied as paid in full or released by the Bank of Wedowee. To the best of Plaintiff's knowledge and belief there is no indebtedness due or remaining to be paid on the first Mortgage referenced above that was executed by Clayton Bailey to the Bank of Wedowee.

10. Plaintiff herein would state that the property herein is subject to the Judgment Lien held by the Plaintiff for materials and labor previously supplied concerning said property. Plaintiff has been advised that the Defendant herein does not intend to pay the Judgment and Plaintiff claims that its Judgment is a lien against said property.

11. Plaintiff calls upon the Defendant to state all defenses it has to payment of the lien or to pay the same.

WHEREFORE, Plaintiff prays that this Court will take jurisdiction of this matter, cause appropriate notice to issue therefrom and Plaintiff prays that upon a final hearing in this matter this Court will make and enter an Order

directing that the property owned by the Defendant herein previously owned by Clayton Bailey is subject to the Judgment previously entered on behalf of Plaintiff against Red Hawk Ventures, LLC, Clayton Bailey and Wendelin Werley.

Plaintiff further claims all interest due on the Judgment from the time of the entry of the Judgment against the Defendant.

Plaintiff prays that the Court will enter an Order directing that the property be sold for payment of the Judgment.

Plaintiff prays for such, other, further and different relief as it may be entitled to under the pleadings and proof contained herein.

_____
John A. Tinney    TIN005
Attorney for Plaintiff
Post Office Box 1430
739 Main Street
Roanoke, Alabama 36274
(334) 863-8945

IN THE CIRCUIT COURT OF
RANDOLPH COUNTY, ALABAMA

| | |
|---|---|
| HUTTO CONSTRUCTION, INC. | ) |
| PLAINTIFF | ) |
| VS. | ) CASE NO. CV 06- 0166 |
| BUFFALO HOLDINGS, LLC | ) |
| DEFENDANT | ) |

Filed in Offic

APR 17 2006

K A S ... FIELD

### REQUEST FOR PRODUCTION TO DEFENDANT

Comes now Plaintiff and requests Defendant to produce the following documents within the time allowed by law:

1. A copy of all contracts, notes, memorandums, offers, acceptances, sales contracts, and any other document which would in any way relate to the purchase by the Defendant of what was commonly referred to as the Red Hawk property from the Bank of Wedowee.

2. A copy of all original promissory notes, mortgages or other instruments assigned to you by the Bank of Wedowee with respect to the property the subject of this Complaint.

3. A copy of any document that evidences your payment of money including, but not limited to, cancelled checks, or other documents concerning

payment by you to the Bank of Wedowee for the property or mortgages or promissory notes purchased by you from the Bank of Wedowee.

4. Please produce all documents furnished to you by the Bank of Wedowee which would reflect any indebtedness owed by Wendelin Werley, Clayton Bailey, and/or Red Hawk Ventures, LLC which you claim is still outstanding concerning the property the subject of this litigation.

5. Please produce a copy of all deeds received by you from anyone concerning your purchase of the property the subject of this litigation.

6. Please produce a copy of all letters received from any lawyer relating to the subject property at any time.

7. A copy of any title insurance policy purchased by you concerning the subject property from any person, firm or corporation.

8. A copy of any title opinion or other title document received by you concerning purchase of the property the subject of this litigation at any time.

9. A copy of the Articles of Association of Buffalo Holdings, LLC.

10. A list of all owners of any stock interest in Buffalo Holdings, LLC.

11. A copy of any records received by you from the Bank of Wedowee which would indicate that either Clayton Bailey, Wendelin Werley

or Red Hawk Ventures, LLC owed any money to the Bank of Wedowee at the time that you purchased the property the subject of this litigation from the Bank of Wedowee.

12. A copy of all promissory notes assigned to you by the Bank of Wedowee on or about March 10, 2006.

_____
John A. Tinney    TIN005
Attorney for Plaintiff
Post Office Box 1430
739 Main Street
Roanoke, Alabama 36274
(334) 863-8945

*SERVED WITH SUMMONS AND COMPLAINT. RESPONSES DUE WITHIN 45 DAYS OF SERVICE OF PROCESS.*

IN THE CIRCUIT COURT OF
RANDOLPH COUNTY, ALABAMA

HUTTO CONSTRUCTION, INC. )

      PLAINTIFF )

VS. ) CASE NO. CV 06-_066_

BUFFALO HOLDINGS, LLC )

      DEFENDANT )

Filed in Office

APR 17 2006

KIM S BENEFIELD

### INTERROGATORIES TO DEFENDANT

Comes now Plaintiff and requests Defendant to answer the following interrogatories within the time allowed by the Alabama Rules of Civil Procedure:

1. Please state the price that you paid to purchase the property the subject of this litigation.

2. Please state the name and address of all persons with whom you had any conversations concerning whether the Judgment held by the Plaintiff was enforceable by the Plaintiff against the subject property.

3. Please state the amount of debt you claim to be due to you on the first mortgage on the property executed by Clayton Bailey.

4. Please state each and every reason why you have not satisfied the first mortgage on this property signed by Clayton Bailey on or about June 21, 2001.

5. Please state what amount is owed on the Promissory Note that was assigned to you by the Bank of Wedowee on or about March 10, 2006.

6. Please state the name of any person affiliated with the Bank of Wedowee that made any oral representation to you concerning whether Hutto Construction Company, Inc. had a lien on this property at any time. Please state the substance of such conversation, the date the conversation took place and who was present when the conversation took place.

7. Please state all representations or warranties that were made by the Bank of Wedowee to you as to whether or not the Plaintiff had any claim to any lien or encumbrance on the property the subject of this litigation.

8. Please state the name of all people or companies that you contend owe you on any promissory note assigned to you by the Bank of Wedowee on March 10, 2006, and the amount that you claim they owe to you.

9. In your answer to the previous Interrogatory if you claim any money is owed to you on any promissory note please state how you arrived at the balance due on such promissory note.

*[signature]*
John A. Tinney    TIN005
Attorney for Plaintiff
Post Office Box 1430
739 Main Street
Roanoke, Alabama  36274
(334) 863-8945

*SERVED WITH SUMMONS AND COMPLAINT. RESPONSES DUE WITHIN 45 DAYS OF SERVICE OF PROCESS.*

IN THE CIRCUIT COURT OF
RANDOLPH COUNTY, ALABAMA

HUTTO CONSTRUCTION, INC.   )
      PLAINTIFF   )
VS.   )   CASE NO. CV 06-__066__
BUFFALO HOLDINGS, LLC   )
      DEFENDANT   )

Filed in Office
APR 17 2006

KIM S. BENEFIELD
Clerk of Circuit Court

## REQUEST FOR ADMISSIONS TO DEFENDANT

Comes now Plaintiff and requests Defendant to admit or deny the truth of the following statements within the time allowed by law:

1. Clayton Bailey has been released from all liability on all notes by agreement entered into between Clayton Bailey and the Bank of Wedowee.

_____
John A. Tinney    TIN005
Attorney for Plaintiff
Post Office Box 1430
739 Main Street
Roanoke, Alabama 36274
(334) 863-8945

*SERVED WITH SUMMONS AND COMPLAINT. RESPONSES DUE WITHIN 45 DAYS OF SERVICE OF PROCESS.*