## IN THE UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF ALABAMA
## EASTERN DIVISION

| | |
|---|---|
| **HUTTO CONSTRUCTION, INC.,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) Case No. 3:06CV404-T |
| | ) |
| **BUFFALO HOLDINGS, LLC.,** | ) |
| | ) |
| **Defendant.** | ) |

## **ANSWER**

**COMES NOW**, defendant, Buffalo Holdings, LLC ("Defendant"), and answers the complaint as follows:

1. Defendant is without sufficient information to admit or deny the allegations contained in Paragraph 1 of the Complaint and demands strict proof thereof.

2. Defendant admits that it is a Georgia Limited Liability Company and has purchased the property at issue, but is without sufficient information to admit or deny the remaining allegations contained in Paragraph 2 of the Complaint and demands strict proof thereof.

3.      Defendant admits the allegations contained in Paragraph 3 of the Complaint, but denies that the Judgment is valid respecting Defendant.

4.      Defendant admits the allegations contained in Paragraph 4 of the Complaint, but denies that the ruling and Judgment are valid respecting Defendant.

5.      Defendant admits that Defendant was assigned all of the Bank of Wedowee's rights, title, claim and interest in the subject property, but denies the remaining allegations contained in Paragraph 5 of the Complaint and demands strict proof thereof.

6.      Defendant admits it was assigned mortgages and promissory notes previously owned by the Bank of Wedowee concerning the subject property, but is without sufficient information to admit or deny that it was assigned ALL of the mortgages and promissory notes Bank of Wedowee previously held on the property as alleged in Paragraph 6 of the Complaint, and demands strict proof thereof .

7.      Defendant is without sufficient information to admit or deny the allegations contained in Paragraph 7 of the Complaint and demands strict proof thereof.

8. Defendant is without sufficient information to admit or deny the allegations contained in Paragraph 8 of the Complaint and demands strict proof thereof.

9. Defendant is without sufficient information to admit or deny the allegations contained in Paragraph 9 of the Complaint and demands strict proof thereof.

10. Defendant denies the allegations contained in Paragraph 10 of the Complaint and demands strict proof thereof.

11. Defendant denies the allegations contained in Paragraph 11 of the Complaint and demands strict proof thereof.

## DEFENSES

1. The complaint is barred by the applicable statutes of limitations, laches, and the statute of frauds.

2. The complaint is barred due to lack of privity between Plaintiff and Defendant.

3. The complaint is due to be dismissed against Defendant under ALABAMA

CODE § 35-11-211 (1975) et seq., due to lack of timely verified statements of lien, due to failure to notify any defendant as required by law, and failure of compliance with other statutory requirements to the creation and enforcement of mechanic's and materialmen's liens.

4. The complaint is barred due to the failure of the Plaintiff to comply with the conditions precedent to perfection of a mechanic's lien and further failure of Plaintiff to comply with the conditions precedent to maintenance of this action as required by law.

5. Defendant is a bona fide purchaser for value without notice of the judgment or lien, which is outside the chain of title.

6. Defendant's title is superior to that of the mechanic's lien judgment granted in favor of Hutto Construction, Inc. under Alabama law. Prior mortgage holders were not named as defendants within the six month period required under law. Lily Flagg Bldg. Supply Co. v. J.M. Medlin & Co., 232 So. 2d 642 (Ala. 1970); Birmingham Lumber and Bldg. Materials, Inc. v. Lovejoy, 705 So. 2d 440 (Ala. Civ. App. 1997). These cases hold that a mechanic lien claimant, to perfect his lien, must name as a defendant all parties who hold title to the property (mortgage or fee title).

7.     Defendant reserves the right to add further defenses as additional facts are discovered. Defendant pleads the general issue.

                                                        Respectfully submitted,


                                                        s/ Guy V. Martin, Jr.
                                                        GUY V. MARTIN, JR. (MAR011)
                                                        Attorney for the Defendant
                                                        MARTIN, RAWSON & WOOSLEY, P.C.
                                                        #2 Metroplex Drive, Suite 102
                                                        Birmingham, Alabama 35209
                                                        (205) 802-1100

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I have, on this the \_\_\_\_\_ day of May 2006, caused the above and foregoing pleading to be served on opposing counsel of record by placing a true and correct copy thereof into the United States mail, first class postage prepaid, addressed as follows:

John A. Tinney, Esq.
Post Office Box 1430
739 Main Street
Roanoke, Alabama 36274

   s/ Guy V. Martin, Jr.
OF COUNSEL