IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| HUTTO CONSTRUCTION, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 3:06CV404-T |
| | ) |
| BUFFALO HOLDINGS, LLC., | ) |
| | ) |
| Defendant. | ) |

## MOTION FOR SUMMARY JUDGMENT

In this case, a judgment creditor, plaintiff, Hutto Construction, Inc. ("Hutto"), claims that its judgment is senior to the title of the record owner of the property, Buffalo Holdings, LLC ("Buffalo"). When filed, however, the judgment was junior to a mortgage held by the Bank of Wedowee, and the Bank was not named as a defendant in the lawsuit resulting in the judgment. Accordingly, the Bank's mortgage was senior to Hutto's judgment. The Bank foreclosed its mortgage, thereby extinguishing the judgment as to the property, and conveyed the property to Buffalo. Hutto did not exercise its statutory right of redemption. Hutto's contention that Buffalo Holdings purchased the property subject to Hutto's judgment is without merit. Buffalo is entitled to summary judgment that it is the record owner of the property free and clear of the judgment.

An Evidentiary Submission is filed herewith in support of this motion. References to Tabs herein are of tabs contained in the Evidentiary Submission.

## NARRATIVE STATEMENT OF UNDISPUTED MATERIAL FACTS

1. On August 29, 2002, Clayton Bailey executed a mortgage secured by the property in favor of Bank of Wedowee, recorded at Book 432, Page 767 in said probate office (Tab A).

-1-

2.     On December 12, 2002, Hutto obtained a judgment against Redhawk Ventures, LLC, a company of Clayton Bailey. The judgment was recorded at Book 17, Page 291 in said probate office. A copy of the judgment, which was referred to in the complaint, is attached at Tab B. The mortgagee, Bank of Wedowee, was not named as a defendant in the lawsuit resulting in the judgment (see Tab B).

3.     In November 2003, the Bank of Wedowee foreclosed its mortgage and was the highest bidder at the foreclosure sale, having submitted a bid of $2,100,000.00. A foreclosure deed was recorded November 12, 2003, at Book 305, Page 58 (Tab C). No evidence exists that Hutto exercised its statutory right to redeem the property from the foreclosure sale.

4.     On March 29, 2005, the Circuit Court of Randolph County held the judgment issued against Redhawk Ventures, LLC on December 12, 2002, was also against Clayton Bailey and Wendelin Werley individually. A copy of the judgment, which was referred to in the complaint, is attached at Tab D.

5.     The Bank of Wedowee conveyed the property to defendant, Buffalo Holdings, by warranty deed recorded March 10, 2006 at Book 321, Page 2 in said probate office, in consideration of $2,800,000.00 (Tab E).

A diagram depicting the chain of title is set forth on the following page.

# CHAIN OF TITLE



## ARGUMENT

Hutto contends Buffalo Holdings purchased the property from the Bank of Wedowee subject to Hutto's judgment. However, the Bank's mortgage is senior to the judgment and the Bank was not named as a defendant in the action by Hutto resulting in the judgment. As a result, the Bank's mortgage remained senior to Hutto's judgment lien under Alabama law and that superior interest was conveyed to Buffalo Holdings. *See* Lily Flagg Bldg Supply Co. v. J. M. Medlin & Co., 232 So. 2d 643 (Ala. 1970); Birmingham Lumber & Bldg Materials, Inc. v. Lovejoy, 705 So. 2d 440 (Ala. Civ. App. 1997).

Under Alabama law, a lien claimant, to perfect his lien, must name as a defendant all parties who hold title to the property (mortgage or fee title) as of the time the suit is filed. *E.g.,* Lily Flagg Bldg Supply Co. v. J. M. Medlin & Co., 232 So. 2d 643 (Ala. 1970); Birmingham Lumber & Bldg Materials, Inc. v. Lovejoy, 705 So. 2d 440 (Ala. Civ. App. 1997). If a lien is filed after a mortgage (as in this case), a search of the public records would reveal that the lien is junior to the mortgage. If the lien claimant obtains a judgment against the property owner, and the judgment is filed of record after the mortgage (also as in this case), a search of the records would reveal more conclusively that the lien — and judgment — are junior to the mortgage. When a lien claimant files suit to perfect his lien, therefore, the claimant must name as a defendant any person holding prior record title, if the lien claimant believes its lien is superior to the title of such person[1]. Otherwise, the public would not have the ability to rely upon the recording statutes: any junior lienor (in terms of date of recordation) could sue a junior mortgagee, even after foreclosure, and claim priority.[2] The Lily Flagg line of cases is necessary to preserve consistency in the public records.

In this case, the Bank of Wedowee was not named as a defendant in the suit resulting in the judgment. Accordingly, Bank of Wedowee's mortgage remained senior to Hutto's judgment lien and that superior interest was conveyed to Buffalo Holdings.

---

[1] Lily Flagg, *supra*

[2] It is precisely the result sought by Plaintiff - to leapfrog in priority over a mortgage recorded earlier - that makes the Lily Flagg rationale necessary.

## CONCLUSION

Buffalo Holdings is entitled to summary judgment dismissing the complaint.

Respectfully submitted,

s/ Guy V. Martin, Jr.
Guy V. Martin, Jr., Esq.
MARTIN, RAWSON & WOOSLEY, P.C.
#2 Metroplex Drive, Suite 102
Birmingham, Alabama 35209

ATTORNEY FOR THE DEFENDANT

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I have, on this the 6th day of July, 2006, caused the above and foregoing pleading to be served on opposing counsel of record by placing a true and correct copy thereof into the United States mail, first class postage prepaid, addressed as follows:

John A. Tinney, Esq.
Post Office Box 1430
739 Main Street
Roanoke, Alabama 36274

s/ Guy V. Martin, Jr.
OF COUNSEL

-5-