IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

HUTTO CONSTRUCTION, INC.   )

        PLAINTIFF        )

VS.         )        CASE NO. 3:06-CV-404-T

BUFFALO HOLDINGS, LLC   )

        DEFENDANT    )

## BRIEF IN OPPOSITION TO SUMMARY JUDGMENT

COMES NOW the Plaintiff and in opposition to Defendant's Motion for Summary Judgment submits the following Brief in Opposition to Summary Judgment.

NARRATIVE STATEMENT OF
UNDISPUTED MATERIAL FACTS

1.    On April 10, 2002, Hutto Construction, Inc. (hereinafter Hutto) entered into a contract with Red Hawk Ventures, LLC to construct a portion of Red Hawk Ventures condominium development on Lake Wedowee.  (See Exhibit 1.)

2.    Red Hawk Ventures, LCC (hereinafter Red Hawk) created by Clayton Bailey was determined by the Circuit Court of Randolph County to be a sham corporation by Judgment dated March 29, 2005, a copy of which is

attached hereto and marked Exhibit 2.  This Judgment established liability of Clayton Bailey personally for any and all debts to the Plaintiff herein.

3.      Rodney Walker, agent of Hutto, walked the property in question with Kerry White, an officer of the Bank of Wedowee, on numerous occasions prior to the time that the Bank of Wedowee entered into a mortgage on the property with Clayton Bailey on August 29, 2002.  (See Rodney Walker Affidavit attached hereto and marked Exhibit 3.)

4.      Rodney Walker showed Kerry White the improvements that had been done on the property and discussed with Kerry White and Bob Folsom, President of the Bank of Wedowee, what the improvements were that he was making on the property.  Rodney Walker also attended meetings at the Bank of Wedowee prior to the mortgage on August 29, 2002, and had discussions with the President and other officers of the bank concerning how the improvements were proceedings and the Bank actually physically inspected the property to see the work performed by the Plaintiff prior to securing its mortgage on August 29, 2002.  The Bank of Wedowee was aware of the fact that the Plaintiff herein had furnished materials and labor for construction on the project prior to the time that it entered into its mortgage on August 29, 2002. (See Exhibit 3.)

5.     On December 12, 2002, the Plaintiff herein obtained a judgment in the Circuit Court of Randolph County establishing the amount of the debt owed as of that point in time to the Plaintiff.  The Judgment was entered against Red Hawk for the sum of $313,500.34 plus interest and costs.  This Judgment was recorded in the Probate Judge's office in Randolph County, Alabama, on December 12, 2002, at Judgment Book 17, Page 291.  (See attached Exhibit 4.)

6.     On August 29, 2002, prior to the entry of the December 2002 Judgment, Clayton Bailey executed a mortgage secured by the property in favor of the Bank of Wedowee which said mortgage was recorded at Book 432, Page 767, in the Office of the Judge of Probate.

7.     On March 21, 2003, the Plaintiff herein filed a Materialmen's Lien against Red Hawk and the property the subject of this litigation in the Probate Judge's Office in Randolph County on March 24, 2003.  (See attached Exhibit 9.)

8.     In November of 2003, the Bank of Wedowee foreclosed its mortgage and was the highest bidder at the foreclosure sale, having submitted a bid of $2,100,000.  The Foreclosure Deed was recorded on November 12, 2003, at Book 305, Page 58.

9.     On February 15, 2005, the Bank of Wedowee, possessed with its knowledge of the Materialmen's Lien interest of the Plaintiff herein filed a Complaint to Quiet Title in the Circuit Court of Randolph County, a copy of said Complaint is attached hereto and marked Exhibit 5.

10.     The Plaintiff herein filed a Response to the Complaint to Quiet Title.  The Bank of Wedowee subsequently dismissed this Complaint and sold the property in question to the Defendant herein.

11.     Attached hereto and marked Exhibit 6 is a copy of the Contract for Sale entered into between the Bank of Wedowee and Defendant herein. Attached as an exhibit to said contract and made a part of said contract is Exhibit AA, attached hereto as Exhibit 7 which plainly references the fact that the Bank of Wedowee had known full well since it entered into its Mortgage on August 29, 2002, of the value added to the property by the Plaintiff herein.

12.     This exhibit references the fact that if the Plaintiff herein is successful in perfecting its Materialmen's Lien to the property in question the price of the property shall be reduced from $2,800,000, to $2,520,000.

13.     The Plaintiff herein filed this suit to enforce its Materialmen's Lien on the property on April 12, 2006, in the Circuit Court of Randolph County, Alabama.  This case was subsequently transferred to Federal court on May 4, 2006.

14.    On March 10, 2006, the Defendant herein recorded in the Office

of the Judge of Probate of Randolph County, Alabama, a "Non-Recourse

Assignment of Note and Mortgages", a copy of which is attached hereto and

marked Exhibit 8.  Referenced in this document is the indebtedness of Clayton

Bailey and the Plaintiff's interest in this property.

Standard for Summary Judgment

Judge DeMent clearly stated in the recent case of *Lemuel v. Admiral*

*Insurance Company,* Civil Action No. 2:03CV1101-D (M.D. Ala. January 23,

2006), the proper standard for review on Summary Judgment.  This Court

stated in *Lemuel*:

> A court considering a Motion for Summary Judgment must construe the evidence and make factual inferences in the light most favorable to the nonmoving party.  *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970).  Summary judgment is entered only if it is shown "that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56 (c).  At this juncture, the court does not "weigh the evidence and determine the truth of the matter," but solely "determine[s] whether there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986)

Judge Albritton correctly defined the burden of proof in Summary

Judgment cases in the case of *State Farm Fire and Casualty Company v.*

*Burkhardt,* , 96 F. Supp. 2d. 1343 (M.D. Ala. 2000) where he stated:

> The party asking for summary judgment "always bears the initial responsibility of informing the District Court of the basis for its

motion, and identifying those portions of the 'pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact." *Id*. at 323. The movant can meet this burden by presenting evidence showing there is no dispute of material fact, or by showing, or pointing out to, the District Court that the nonmoving party has failed to present evidence in support of some element of its case on which it bears the ultimate burden of proof. *Id*. at 322-324.

## ARGUMENT

I.    The Bank of Wedowee and Buffalo Holdings had knowledge of Hutto's work and subsequent lien at the time each took their interests in the property.

Defendant Buffalo Holdings purchased the property in question from the Bank of Wedowee by a contract dated December 20, 2005.  (See Exhibit 6.)

Not only had Rodney Walker, agent of Hutto Construction, placed the Bank of Wedowee on notice of the material and labor he had supplied to this property but he also had discussions with Eddie Duffie, General Partner of Buffalo Holdings, LLC, prior to the time it entered into the contract to purchase the property wherein he advised the said Eddie Duffie of the Materialmen's Lien and of his company's intent to enforce the same.

On Exhibit AA (See Exhibit 7 attached hereto) the "Other Exceptions" on the title commitment relate to the Materialmen's Lien on record in the Probate Office which to the best of Plaintiff's knowledge and belief had been

fully discussed between the Bank of Wedowee and Buffalo Holdings prior to the time that the same was purchased by Buffalo Holdings.

The "Non-Recourse Assignment of Notes and Mortgages" (See Exhibit 8) further evidences the fact that the Defendant herein was not a bona fide purchaser for value without knowledge of the interest of the Plaintiff herein.

This Court's opinion entered in *United States of America v. Leon Carmichael*, 2006 WL 1549647 (M.D. Ala.) is very instructive as to the positions of the parties in this case pursuant to the facts as stated in the Plaintiff's Statement of Undisputed Material Facts.

In the *Carmichael* case, Judge Thompson held:

Indeed, Alabama law establishes that even purchasers who acquire title after commencement of work on a property but before perfection of a Materialmen's Lien are bound by the lien if they had notice of the facts on which the lien was predicated. *Benson Hardware Company v. Jones*, 223 Ala. 287, 289, 135 So.2d 441 (Ala. 1931), overruled on other grounds, *Lilly Flag Building Supply Company v. JM Medlin and Company*, 285 Ala. 402, 232 So.2d 643 (Ala. 1970).

In the case now before the Court it is unquestioned that the Bank of Wedowee knew of the value added to the property by the Plaintiff herein. The President of the bank and an officer of the bank walked the property with an agent of the Plaintiff prior to the time the Bank of Wedowee entered into its mortgage, saw the improvements the Plaintiff had made on the property, and knew that materials and labor had been supplied on the property as of the time

that the mortgage was entered into.  Plaintiff would respectfully state that the Bank of Wedowee knew full well of the fact that Plaintiff had added substantial value to the property in the amount of hundreds of thousands of dollars by the work that had been completed on the property as of the time that its mortgage was executed.

For the above reasons alone Plaintiff herein would respectfully state the Motion for Summary Judgment filed by the Defendant is due to be denied as the Bank of Wedowee, predecessor in title to Defendant herein would be bound by the lien since it had notice of the facts upon which the lien was predicated.

The Defendant herein states that, "if a lien is filed after a mortgage (as in this case), a search of the public records will reveal that the lien is junior to the mortgage."

In this case Defendant Buffalo Holdings searched the public records and may have found that what it determined to be the lien of the Plaintiff herein to be junior to the mortgage but the fact is that it knew it was not junior to the mortgage as through discussions with the Plaintiff and the Bank of Wedowee Defendant herein knew of the Materialmen's Lien through the conversation with the Plaintiff at the time that it purchased the property.

The contractual documents entered into between the Defendant and the Bank of Wedowee plainly recognize the knowledge of the Bank of Wedowee

and notice that the Bank of Wedowee had at the time that it took its mortgage and plainly recognize that the Bank of Wedowee knew of the Judgment in December 2002 held by the Plaintiff and of the filing of the Materialmen's Lien in March 2003.

The documents entered into between the Defendant and the Bank of Wedowee clearly acknowledge the rights of the Plaintiff and the recognition of the rights of the Plaintiff. If they were not concerned and had not recognized the rights of the Plaintiff in this property the Bank of Wedowee would not have agreed to reduce the purchase price of the property by almost $300,000 and the Non-Recourse Agreement would not have been entered into which references the obligations of the Bank of Wedowee to the Plaintiff herein.

Judge Thompson went further in *Carmichael* to state,

It is undisputed that a lien will be lost if at least three steps are not performed: (1) Provision of the statutory notice to the owner of the property pursuant to 1975 Ala. Code § 35-11-210; (2) Filing of a verified Statement of Lien in the Probate Office of the county where the improvement is located pursuant to § 35-11-213; and (3) Filing of a suit to enforce the lien within six months of the maturation of the debt pursuant to § 35-11-221. *Bailey Mortgage Company v. Gobble - Fite Lumber Company*, 565 So.2d 138, 141 (Ala. 1990).

In analyzing the facts in this case with respect to the three-prong test referenced by Judge Thompson in *Carmichael*, the following is apparent:

9

(1)     Provision of statutory notice to the owner of the property pursuant to 1975 Ala. Code § 35-11-210:

Hutto was in direct contractual relationship with Red Hawk thereby satisfying the statutory notice provision.  Not only was Hutto in a direct contractual relationship with Red Hawk but as stated by the affidavit of Rodney Walker attached hereto as Exhibit 3, he had discussions with the Bank of Wedowee and Buffalo Holdings as to furnishing materials and labor and the Bank of Wedowee had notice of the same at the time that it took its mortgage on August 29, 2002.

Plaintiff would respectfully state that the statutory notice was complied with.

(2)     Filing of a verified Statement of Lien in the Probate Office of the county where the improvement is located pursuant to § 35-11-213:

Attached hereto and marked Exhibit 9 is a copy of the statutory notice of lien filed by the Plaintiff herein on March 24, 2003.

(3)     Filing of a suit to enforce the lien within six months of the maturation of the debt pursuant to § 35-11-221:

Not only was suit filed in December of 2002, but a Judgment was obtained on December 12, 2002, which was recorded in the Office of the Judge of Probate of Randolph County, Alabama.

Hence, this part of the statute was fulfilled.

PLAINTIFF HEREIN WOULD RESPECTFULLY STATE THAT PLAINTIFF'S MATERIALMEN'S LIEN WAS NOT LOST SINCE THE THREE STEPS TO BE PERFORMED WERE PERFORMED.

In *United States v. Carmichael*, supra, Judge Thompson recognized some confusion in the interpretation of *Ex part Grubbs*, 571 So.2d 1119 (Ala. 1990) in conjunction with *Bailey Mortgage Company v. Gobble - Fite Lumber Company*, 565 So.2d 138, 143 (Ala. 1990).

The Court in *Carmichael* recognized that the term "perfection" does not appear in the Alabama Code, 1975, pertaining to Mechanic's or Materialmen's Liens and that there are two possible interpretations of the language in *Grubbs*. *Id.* The first reading is that final money judgment is required <u>before</u> perfection and enforcement of a lien can take place and that the final money judgment is a separate process or action distinct from the enforcement action which perfects the lien. *Id.* The second reading is that perfection may occur prior to the enforcement action. *Id.* The Court in *Carmichael* goes on to recognize that the lower Alabama Court in *Burch v. First Costal Building Supply, Inc.*, 606 So.2d 146, 148 (Ala. Civ. App. 1992) interpreted the Alabama Supreme Court's rulings to stand for the first interpretation of *Grubbs* that a final money judgment is a <u>separate process</u> from the enforcement of a lien. As stated more

11

simply, enforcement of a lien is required before perfection of the lien is accomplished. *Id.*

Hutto obtained a final money judgment against Red Hawk on December 12, 2002, in the Circuit Court of Randolph County establishing the amount of its lien on the property at issue. The judgment amount was $313,500.34. The lien had yet to be enforced against the property until the filing of this lawsuit; thereby the lien is not yet perfected.

Buffalo Holdings purchased the property on which the lien is established with full knowledge and understanding of the interest of the Plaintiff herein as established by the contractual documents between the Bank of Wedowee and Buffalo. They took the property with notice of the validly established but yet unperfected lien.

Plaintiff would state that the Defendant herein is not entitled to judgment as a matter of law.

II.    Hutto's lien dates back to the date construction began

Plaintiff herein would also point out to the Court that Hutto's lien dates back to the date construction began (April 10, 2002) and is superior to the Bank of Wedowee's subsequent mortgage filed on August 29, 2002. Once the statutory requirements have been completed then the lien relates back to the

date that the labor was first provided and the priority of the lien is determined

according to Ala. Code § 35-11-211. *United States v. Carmichael*, supra.

The lien has priority over encumbrances attached after the

commencement of the work. *Id.* The date of recording of the mortgage and

the date of providing the labor and materials control in determining the priority

between the mortgage and the lien. *Id.* (citing *Empire Home Loans, Inc. v. W.

C. Bradley Company,* 241 So. 2d 317 (Ala. 1970)).

Hutto began construction on April 10, 2002. The Bank of Wedowee

issued its mortgage on August 29, 2002. Work on the project clearly predates

by almost five months the subsequent mortgage, thereby making the

established lien superior to the Bank of Wedowee. It cannot be argued that

Bank of Wedowee had no notice of the material and labor furnished by the

Plaintiff herein prior to the time of the recording of its mortgage.

III.    The Bank of Wedowee's foreclosure and its foreclosure purchase

and later conveyance of the property at issue to Buffalo Holdings does not

defeat Hutto's established lien against the property

The recording of a lien in the Probate Office put subsequent purchasers

on notice as to the lien and they take the property subject to the lien. *United

States v. Carmichael*, supra.    See also, *First Avenue Coal and Lumber

Company v. Rinter*, 133 So. 589 (Ala. 1931). A subsequent transfer of property

does not extinguish an established Materialmen's Lien when the transfer occurs

prior to a State Court's judgment enforcing the lien. *Id.*

> Indeed, Alabama law establishes that even purchasers [or other holders of interest] who acquire title after commencement of work on a property but before perfection a Materialmen's Lien are bound by the lien if they had notice of the facts on which the lien was predicated.

*United States v. Carmichael*, supra.

The Bank of Wedowee acquired its interest after work began on the property but before perfection of Hutto's lien and had notice of Hutto's work on the property. Red Hawk's financial situation led to Hutto going unpaid for work performed on the property as discussed. The Bank of Wedowee is bound by the lien due to their knowledge of the facts on which the lien is predicated.

Buffalo Holdings had notice of Hutto's established lien against the property. The lien is recorded in the Probate Office of Randolph County. Buffalo is clearly bound by the lien as it knew of the existence of the lien and contracted to try to protect itself against the lien which Plaintiff would respectfully state this Court should not allow it to do.

## CONCLUSION

The bottom line in this case is that the Plaintiff herein furnished over $300,000 worth of materials and labor to improve the property and added value to the property by this amount.

14

Those entities, a bank and its subsequent transferor, now seek to take advantage of the improvements added to the property by the Plaintiff which it had notice of and to simply ignore the interest obtained by the Plaintiff by virtue of its filings in this case.

The purpose of the Materialmen's and Mechanic's Liens statutes is to protect those individuals who may be acting without notice.  It is uncontroverted that this is not the situation the Court is dealing with in this case.

Had the Bank of Wedowee been made a party to the suit filed by the Plaintiff herein against Red Hawk in December of 2002, it would have acquired no more notice by virtue of being named as Defendant in the suit than it had by virtue of the Bank of Wedowee's conversations with Rodney Walker and the notice it had as to the improvements and who had done those improvements on the land.

The Bank of Wedowee would not have been able to defeat the interest of the Plaintiff obtained by virtue of its Materialmen's Lien had it even filed an Answer to the suit.  Judgment could not have been entered against the Bank of Wedowee for the amount of suit had the bank been named a party to the suit and the only purpose for which the Bank of Wedowee could have been added a party to the suit in 2002 would have been to provide the bank with notice of

rights of the Plaintiff.  The Bank of Wedowee had this notice and the same cannot be denied.  The same has been recognized by the Bank of Wedowee as is evidenced by the language in the contractual documents conveying the property from the Bank of Wedowee to the Defendant herein.

For the above and foregoing reasons, when the evidence is viewed in the light most favorable to the non-moving party, the Plaintiff herein, Summary Judgment is due to be denied to the Defendant.

Respectfully submitted this 11th day of August, 2006.

> /s/ John A. Tinney
> John A. Tinney      TIN005
> Attorney for Plaintiff Hutto
> Post Office Box 1430
> 739 Main Street
> Roanoke, Alabama  36274
> (334) 863-8945

## CERTIFICATE OF SERVICE

I hereby certify that on August 11, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

GUY V. MARTIN
Attorney for Defendant

I hereby certify that I have mailed by United States Postal Service the document to the following non-CM/ECF participants:  (NONE)

Respectfully submitted,


s/ John A. Tinney_____
John A. Tinney
Attorney for Plaintiff
Post Office Box 1430
739 Main Street
Roanoke, Alabama  36274
Phone:  (334) 863-8945
Fax:  (334) 863-7114
TIN005

17