**IN THE UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF ALABAMA**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **HUTTO CONSTRUCTION, INC.,** | ) | |
| | ) | |
|     **Plaintiff,** | ) | |
| | ) | |
| v. | ) | Case No. 3:06CV404-T |
| | ) | |
| **BUFFALO HOLDINGS, LLC.,** | ) | |
| | ) | |
|     **Defendant.** | ) | |

### DEFENDANT'S FIRST COMBINED DISCOVERY REQUESTS TO PLAINTIFF

Defendant, Buffalo Holdings, LLC, files its First Set of Combined Discovery Requests to the Plaintiff as follows:

### INSTRUCTIONS

1. In each of your answers to these discovery requests, please provide all information within your possession, custody or control. If the information requested is not available to you, describe the efforts made to obtain the information and from what source the information might be obtained.

2. If the information requested is not available in precisely the form requested, but can be supplied in a modified form, please state what information or documents are available concerning the subject of discovery requests.

3. If you are able to provide only part of the information called for by a discovery request, you are requested to provide all of the information you are able to provide and to state the reason of your inability to provide the remainder.

4. If you object to, or otherwise refuse to answer, any portion of a discovery request, you are requested to provide all of the information called for by that discovery request to which you do not object or which you do not refuse to answer.

5. If you object to a discovery request on the ground that it is too broad (*i.e.*, that it calls in part for information that is not reasonably calculated to lead to the discovery of admissible evidence), you are requested to provide such information called for, if any, which you concede is reasonably calculated to lead to the discovery of admissible evidence.

6. If you object to a discovery request on the ground that the request calls for the disclosure of information which you believe is protected by privilege, you are requested to provide such information as can be supplied without disclosing the information which you believe is protected by privilege.

7. If you object to a discovery request on the ground that to provide an answer would cost you an undue burden, you are requested to provide such information as can be supplied without undertaking an undue burden.

8. For those portions of any discovery request to which you object or otherwise refuse to answer, you are requested to state in detail the reason for such objection or refusal to answer.

9. You are requested to identify any document forming the basis for your answer to any discovery request herein.

10. These discovery requests shall be deemed to be continuing and you shall be required to change, supplement, and amend your responses to the extent such a requirement is consistent with Rule 26(e) of the *Alabama Rules of Civil Procedure*.

## DEFINITIONS

1. The term "plaintiff", "you", or "Hutto" refers to Hutto Construction, Inc., its representatives and all persons acting or purporting to act on behalf of the plaintiff.

2. The term "defendant" shall refer to Buffalo Holdings, LLC, and any one or more persons purporting to act on its behalf.

3. The term "Bank of Wedowee mortgage" refers to that mortgage dated July 15, 2002, executed by Clayton Bailey in favor of Bank of Wedowee, recorded August 29, 2002 at Mortgage Book 432, Page 767 in the Probate Office of Randolph County, Alabama.

4. The term "Complaint" refers to the "Complaint" by which the Plaintiff initiated the instant lawsuit on or about April 17, 2006, including any amendments thereto.

5. "Document" means any writing (including handwritten, printed, mimeographed, lithographed, duplicated, typed, or other graphic, photographic, or electronic matter of any kind or nature), whether original or copy, and shall include, without limiting the generality of the foregoing, any and all deeds, sales contracts, mortgages, surveys, title policies, tax notices, maps, correspondence, logs, routing or transmittal slips, contracts, agreements, instructions, warranties,

notes, recordings or transcripts thereof, memoranda of telephone or in-person conversations, or of meetings or conferences, audio tapes, video tapes, inter-office memoranda, minutes, studies, reports, records, analyses, inter-office communications, receipts, canceled checks, instruments, bank statements, worksheets, stocks, bonds or other securities or evidence of same, money orders, books of account, journals, ledgers, invoices, worksheets, specifications, manuals, books, periodicals, pamphlets, photographs, publications, raw and refined data, graphs, drawings, notes, advertisements, lists, working papers, change orders, transcripts, membership lists, magnetic tapes or discs, punch cards, computer printouts, drafts, proposals, submissions, recommendations, bills, and any other transcription or data recorded in readable and/or retrievable form, whether typed, handwritten, reproduced, magnetically recorded, coded or in any other way made readable or retrievable, in your possession and/or under your control or custody, or known by you to exist, without regard to whether such document was originally prepared by you. This definition includes all documents for which you may claim a privilege (if a privilege is claimed, please specify the privilege in accordance with the instructions set forth above).

6. "Communication" means any transfer or exchange between two or more persons of any information, whether written, oral, electronic or other means, including but not limited to, personal conversations, correspondence, telephone calls, telegrams, mailgrams or any other Document. This definition includes all communications for which you may claim a privilege (if a privilege is claimed, please specify the privilege in accordance with the instructions set forth above).

7. "State", "identify", or "describe", when referring to any person (whether connected with identification of Documents, Communications" or otherwise), means to set forth the full name, present or last known residential and business addresses, employer, title, and position of each such person for the period to which the discovery request refers. Once a person has been identified in a response, it shall be sufficient thereafter when identifying that person to merely state his or her full name.

8. "State", "identify" or "describe", when used in connection with a corporation, business, or government entity (whether connected with identification of Documents, Communications, or otherwise), means to state the full name and present address of such entity, the name of the chief operating officer of such entity, the state of incorporation or other

organization of the entity, the principal place of business of the entity, and the nature of the entity's functions.

9. "State", "identify", or "describe", when referring to a Document, means to state the type of Document, the number of pages thereof, the subject matter thereof, the date thereof, the identity of each author, originator, or contributor thereof, by whom signed, each addressee, including each addressee of any copy, and each present custodian of the original and each copy thereof bearing any marking or notation not found on the original or other identified copy. In addition, if any such Document was, but no longer is, in your possession or subject to your control, please state what disposition was made of it.

10. "State", "identify", or "describe", when used in connection with a Communication, means to state a brief description of the subject matter communicated, the date and time when the Communication took place, the medium of Communication, the place or places where the Communication occurred, and the identity of each person who participated in, witnessed, overheard, or was otherwise contemporaneously aware of the Communication.

## DISCOVERY REQUESTS

PURSUANT TO RULES 33, 34, and 36 of the *Alabama Rules of Civil Procedure*, defendant requests that plaintiff individually (a) produce for defendant's inspection and copying the following Documents, objects, correspondence, and things, at the offices of MARTIN, RAWSON & WOOSLEY, P.C., #2 Metroplex Drive, Suite 102, Birmingham, Alabama 35209, no later than 30 days after plaintiff has received *Defendant's First Combined Discovery Requests*, and (b) answer fully, in writing, and under oath, the following interrogatories and requests for admission, also within such 30-day period:

## REQUESTS FOR PRODUCTION

1. Please provide copies of any and all pleadings, motions, and briefs filed in Case No. 2002-183, *Joe Frank Hutto Construction Company, Inc. v. Red Hawk Ventures, LLC* in the Circuit Court of Randolph County, Alabama, and of all correspondence, exhibits, settlement agreements, and other Documents pertaining to such case.

2. Please provide copies of any and all pleadings, motions and briefs filed in Case

No. 2003-113, *Joe Frank Hutto Construction Company, Inc. v. Red Hawk Ventures, LLC, Clayton Bailey, and Wendelin Werley* in the Circuit Court of Randolph County, Alabama, and of all correspondence, exhibits, settlement agreements, and other Documents pertaining to such case.

3.      Please provide copies of all Documents in your file which support your contention that Hutto holds a judgment senior to the title of Buffalo Holdings, LLC in the subject property.

## INTERROGATORIES

4.      Please provide the name, address, telephone number, academic credentials, qualifications, and substance of testimony for each and every expert witness you intend to call at the trial of these proceedings.

## REQUEST FOR ADMISSIONS

5.      Admit that the Bank of Wedowee was not a party to Case No. 2002-183, *Joe Frank Hutto Construction Company, Inc. v. Red Hawk Ventures, LLC* in the Circuit Court of Randolph County, Alabama (the "Red Hawk lawsuit").

6.      Admit that the Bank of Wedowee was not a party to Case No. 2003-113, *Joe Frank Hutto Construction Company, Inc. v. Red Hawk Ventures, LLC, Clayton Bailey, and Wendelin Werley* in the Circuit Court of Randolph County, Alabama (the "Bailey - Werley lawsuit")

7.      Admit that the Bank of Wedowee mortgage was of record before Hutto filed the Red Hawk lawsuit.

8.      Admit that the Bank of Wedowee mortgage was superior to the judgment Hutto obtained in the Red Hawk lawsuit, recorded December 12, 2002, at Lien Book 17, Page 291 in the Probate Office of Randolph County, Alabama.

9. Admit that the Bank of Wedowee mortgage was superior to the judgment Hutto obtained in the Bailey-Werley lawsuit, recorded April 8, 2005, at Lien Book 18, Page 461 in the Probate Office of Randolph County, Alabama.

10. Admit that after the Bank of Wedowee foreclosed its mortgage in November 2003, no effort was made by Hutto to exercise its statutory right of redemption.

    Respectfully submitted,

    s/ Guy V. Martin, Jr.
    Guy V. Martin, Jr., Esq. (MAR011)
    MARTIN, RAWSON & WOOSLEY, P.C.
    #2 Metroplex Drive, Suite 102
    Birmingham, AL 35209
    (205)802-1100

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that I have, on this the __14th__ day of September, 2006, I electronically filed the forgoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

John A. Tinney
Attorney for Plaintiff

    s/ Guy V. Martin, Jr.
    OF COUNSEL