IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| HUTTO CONSTRUCTION, INC.,           ) | |
|                                     ) | |
|    Plaintiff,                       ) | |
|                                     ) | |
| v.                                  ) | Case No. 3:06CV404-T |
|                                     ) | |
| BUFFALO HOLDINGS, LLC.,             ) | |
|                                     ) | |
|    Defendant.                       ) | |

**RESPONSE TO HUTTO CONSTRUCTION'S OPPOSITION
TO MOTION FOR SUMMARY JUDGMENT**

**I. INTRODUCTION**

As the Chain of Title (page 3 of Buffalo's motion for summary judgment) depicts, the Bank of Wedowee foreclosed on the property at issue on November 12, 2003, and Hutto did not exercise its statutory right of redemption. On December 20, 2002, Hutto obtained a judgment against RedHawk Ventures, LLC [1] to enforce Hutto's mechanic's lien, but did not name the Bank as a defendant in such suit. The Bank thereupon conveyed the property to Buffalo in March of 2006. In April of 2006, three years after the foreclosure, Hutto brought this action seeking a ruling that its judgment is senior to Buffalo's title.

Buffalo moved for summary judgment on the ground that Alabama law requires a

---

[1] RedHawk does not appear in Buffalo's chain of title as RedHawk was never an owner of the subject property. On March 29, 2005, after the Bank foreclosed its mortgage against Clayton Bailey, Hutto filed a second lawsuit in which the court pierced the veil of RedHawk Ventures LLC making Clayton Bailey and Wendelin Werley individually liable for the judgment against RedHawk Ventures. The Bank was not named as a defendant in either lawsuit.

mechanic lienor seeking to enforce its lien to name as a defendant in the enforcement action any mortgagee of record, failing which the lienor's judgment will be junior to the mortgage. Hutto has opposed the motion for summary judgment on a single ground, namely, that the Bank had knowledge of the work performed by Hutto before it recorded its mortgage, and, accordingly, under United States v. Carmichael, 433 F.Supp.2d 1259 (M.D. Ala. 2006), a case decided by this Court, Buffalo is not entitled to summary judgment under Alabama law.

The purpose of this reply is to demonstrate that whether or not the Bank or Buffalo had knowledge of the work performed or the liens does not alter the requirement of Alabama law that a mechanic lienor must name mortgagees of record in any action to enforce their lien, failing which the lien is junior to the mortgage title of the mortgagee(s) not named.

## II. ARGUMENT

### A. THE BANK'S MORTGAGE WAS SENIOR TO THE MECHANIC'S LIEN AS A MATTER OF LAW.

It is undisputed that the Bank was not named as a defendant in the action by Hutto to enforce its mechanic's lien within the six-month period required under law or thereafter. As a result, the Bank's mortgage was senior to Hutto's mechanic's lien under Alabama law. Lily Flagg Bldg. Supply Co. v. J. M. Medlin & Co., 232 So. 2d 643 (Ala. 1970); Birmingham Lumber & Bldg. Materials, Inc. v. Lovejoy, 705 So. 2d 440 (Ala. Civ. App. 1997).

These cases hold that a mechanic's lien claimant, to perfect his lien, must name as a defendant all parties who hold title to the property (mortgage or fee title), and for good reason. If a mechanic's lien is filed after a mortgage (as in this case), anyone researching the public records (such as a potential bidder at a foreclosure sale) would conclude that

the lien is junior to the mortgage. If the lien claimant obtains a judgment against the property owner, and the judgment is filed of record after the mortgage, those searching the records would be doubly sure that the lien — and judgment — are junior to the mortgage. When a lien claimant files suit to perfect his lien, therefore, it stands to reason that he should name as a defendant any person holding prior record title, if the lien claimant believes his lien is superior to the title of such person. Otherwise, the public would not have the ability to rely upon the recording statutes: any junior lienor (in terms of date of recordation) could sue a senior mortgagee, even after foreclosure, and claim priority.[2] The Lily Flagg line of cases is necessary to preserve rhyme and reason in the public records.

### B. HUTTO'S RESPONSE

Hutto's response sets forth no grounds to deny the motion for summary judgment. Hutto does not distinguish Lily Flagg. All Hutto states is first, that Hutto made valuable improvements to the property and that the Bank and Buffalo are seeking to realize the benefits of those improvements without payment. Hutto overlooks the fact that our Legislature amended the mechanic's lien laws in 1933 for the purpose of protecting lenders, because it realized that lending is critical to the construction industry. Bailey Mortgage Co. v. Gobble-Fite Lumber Co., 565 So. 2d 138, 140-142 (Ala. 1990)(case relied upon by this Court in Carmichael).

Second, Hutto relies upon United States v. Carmichael, 433 F.Supp.2d 1259 (M.D. Ala. 2006), for the proposition that Bank's alleged knowledge of Hutto's lien rights (Hutto Response at p. 7) changes the applicability of Lily Flagg. Carmichael does not support that holding. Carmichael supports the application of Lily Flagg to the facts

---

[2] It is precisely the result sought by Hutto - to leapfrog in priority over a mortgage recorded earlier - that makes the Lily Flagg rationale necessary.

of this case as argued by Buffalo. These conclusions are apparent upon an understanding of the context in which this Court addressed the issue of notice in Carmichael, as follows:

### 1. Carmichael dealt with the rights of a mechanic lienor of property forfeited in a criminal proceeding.

In Carmichael, this Court was faced with the claim of a mechanic lienor for protection from a forfeiture action by the government under 21 U.S.C. § 853(n). The question there was whether the mechanic lienor was a bona fide purchaser for value without reason to know that the property was subject to forfeiture, under the language of the federal forfeiture statute[3] which turned on whether the lienor held an "enforceable materialmen's lien under Alabama law" at the time the property was forfeited. Id. at 1263.[4] This question required detailed analysis because, under the federal statute, the issue turned on whether the lien was "perfected" when the property was forfeited, yet under Alabama law, that term is not used in the context of mechanics' liens. At the outset, therefore, it must be recognized that the case *sub judice* contains no facts or legal issues approaching the narrow–albeit complex–issue addressed by this Court in Carmichael.

In its analysis, this Court began by setting forth the three steps required to establish a mechanic's lien: (1) provision of statutory notice of the lien to the owner of the property; (2) filing of a verified statement of lien in the probate office of the county where the improvement is located; and (3) filing of a suit to enforce the lien within six months of the maturation of the debt. Id. at 1264. It must be recognized at this point that the government took no issue with the fact that these three steps had been taken by the

---

[3] Carmichael, 433 F.Supp.2d at 1261.

[4] This Court cited this question as the "determinative" question. Id.

-4-

lienor in Carmichael.

The issue faced by this Court in Carmichael resulted from the government's argument that, even though the three steps to enforcement of a lien were satisfied, the lien was not "perfected"– within the meaning of the federal statute–until the state court "*render[ed] its judgment*" enforcing the lien. Carmichael, 433 F.Supp.2d at 1264 (emphasis in original). This Court cited conflicting Alabama authority regarding exactly when a mechanic's lien is perfected, and whether an intervening act (such as a forfeiture action, as occurred there) made a difference under Alabama law, but held that since the state court proceeding was still pending, the entry of a money judgment (and thus perfection of the lien) "to enforce the lien is by no means impossible, it simply has not yet occurred. All statutory requirements have been met and a suit for enforcement timely filed." Id. at 1266.

After that, this Court went further to address the government's argument that the mechanic's lien was extinguished (by forfeiture) *before* the state court ruled in the mechanic's lien enforcement suit. This Court stated that such argument went beyond Alabama authority, and "ignores the central purpose of any lien, which is to preserve an interest in property and give notice to subsequent purchasers that they take the property subject to the lien." Id. It is only in support of that conclusion that this Court then stated that (id. at 1266-67):

> Indeed, Alabama law establishes that even purchasers who acquire title after commencement of work on a property but before perfection of a materialmen's lien are bound by the lien if they had notice of the facts on which the lien was predicated. Benson Hardware Co. v. Jones, 223 Ala. 287, 289, 135 So. 441 (Ala.1931), overruled on other grounds, Lily Flagg Bldg. Supply Co. v. J.M. Medlin & Co., 285 Ala. 402, 232 So.2d 643 (Ala.1970). It follows that satisfaction of the statutory steps outlined in Bailey, including filing a verified statement of lien in the office of probate, gives notice to subsequent purchasers who then take the property subject to the lien.

The context of this statement by the Court is critical: the government was arguing

that a mechanic's lien, properly filed and in process of enforcement by suit, was extinguished under the federal statute by the intervening act of forfeiture. This Court rejected the argument, and by means of the quoted passage above, was supporting its rationale, that such intervening act should not extinguish the lien, since the "central purpose of any lien . . . is to . . . give notice to subsequent purchasers that they take the property subject to the lien." Carmichael, 433 F.Supp.2d at 1266.

2. **Hutto cites Lily Flagg out of context; reliance by Hutto upon alleged notice by Buffalo of the lien is not germane to this case.**

That Hutto cites this Court's treatment of notice in Carmichael out of context is clear: there, the government conceded that the three steps to enforcement of the lien had been met, the only problem being that the final step, judicial enforcement, had not been completed. In the case *sub judice*, that third step is not conceded; indeed, it is that third step that Buffalo contends was not met. Hutto had six months from the maturity of the debt in which to file the suit to enforce its lien–in which suit Hutto was required under Alabama law to name the Bank if Hutto wished to claim that its judgment was senior to the Bank's mortgage–and Hutto did not do so.

Strange as it may seem, the crossroad of logic at which it can be demonstrated that Lily Flagg does not support Hutto's argument regarding notice, but, to the contrary, supports Buffalo's position in this case, is contained in the quoted passage above [5], in which this Court in Carmichael cited Benson for the notice issue, and made it clear that Benson was *"overruled on other grounds"* by Lily Flagg. Id. at 1267. An analysis of Benson and Lily Flagg makes that conclusion manifest.

In Benson Hardware Co. v. Jones, 135 So. 441 (Ala. 1931), a lienor filed a lawsuit

---

[5] Carmichael, 433 F.Supp.2d at 1266-67. Ironically, the same passage is quoted by Hutto at page 7 of its opposition.

to establish a mechanic's lien and recovered a judgment against the owner of the improved property. The owner sold the property, and the purchaser knew of the lawsuit and had at one time intervened to assert his rights as purchaser of the property, but before judgment was rendered, he withdrew his appearance. To satisfy the lien, a sheriff's sale was held and the property was purchased by the lienor. The purchaser then filed suit to quiet title alleging that he had purchased the property from the owner before the sheriff's sale. The trial court found the lienor's title, acquired through the sheriff's sale, to be a nullity and ordered a cancellation of the deed.

On appeal, the issue was whether at the time he purchased the property, the purchaser had notice of the work done by the lienor and the materials he furnished for improving the property. At the time the purchaser acquired title, the lien was not yet perfected. But, the necessary declaration was filed with the judge of probate within six months, as required by the statute, thereby perfecting the lien. The Court reasoned that any purchaser acquiring title in the meantime would be bound by the lien if they had notice of the facts on which the lien was predicated. The Court acknowledged that the purchaser was not made a party to the original lawsuit to establish the lien, as required by the statute, and was therefore, not bound by the judgment. The Court went on however, to state that the purchaser, having actual notice of the lawsuit, took title at his peril and subject to the mechanic's lien. Benson, 135 So. at 443.

Nearly forty years later, the Alabama Supreme Court was again faced with this issue in Lily Flagg Bldg Supply Co., Inc. v. Medlin & Co., 232 So. 2d 643 (Ala. 1970). In that case, Lily Flagg furnished building materials and labor to improve a lot. When the owner failed to pay, Lily Flagg filed a verified statement of lien and a complaint. Prior to these filings however, the lot at issue was conveyed by the owner to a purchaser, who gave a mortgage on the lot. One year after the original filing of the lawsuit, the purchaser and its mortgagee were added as party defendants to the action.

The primary question presented on appeal is whether the amendment adding the

purchaser and its mortgagee was barred by the six-month limitation set out in ALA. CODE (1975) § 35-11-221. Lily Flagg cited Benson and other cases for the proposition that if the contracting owner is made a party to the suit within the six-month period, a subsequent purchaser or encumbrancer whose interest is acquired after work commences, need not be made a party during the six-month period.

The Court acknowledged the existence of discrepancies in its prior decisions in this area of law. After discussing Benson and other cases, the Court determined the better rule to be the one announced in Adams Supply Co. v. U.S. Fidelity & Guaranty Co., 111 So. 2d 906 (1959):

> If a lien claimant desires his judgment to be superior to the interest of persons who have acquired their interest in the property after commencement of the work but prior to the filing of the lien statement, he must join them as parties when he files suit to enforce his lien within the six-month period, provided he has actual knowledge or constructive notice of the interest of such persons at the time he files his suit to enforce the lien.

Lily Flagg, 232 So. 2d at 647. Applying this rule of law to the Lily Flagg case, the Court held that Lily Flagg was not entitled to add the purchaser and mortgagee as parties, even though timely suit was brought against the contracting owner. The Court went on to state that cases which cannot be reconciled with this rule of law are overruled to the extent they conflict, including, *inter alia*, Benson.

Thus, notice by a mortgagee of work performed or of a mechanic's lien does not subject the mortgagee to the lien. Alabama law requires the lienor simply must name the mortgagee as a defendant in the suit to enforce the lien, within the six-month period required by statute (long passed in this case). Hutto failed to do that, and, under Alabama law, its judgment was junior to the Bank's mortgage, and, accordingly, was extinguished by foreclosure and Hutto's failure to redeem.

It should be noted that Hutto's reliance upon Bailey Mortgage Co. v. Gobble-Fite

Lumber Co., 565 So. 2d 138 (Ala. 1990) is also out of context. This Court discussed Bailey with reference to the impact of an intervening event upon perfection of a lien, an issue not present in the case *sub judice*. But Bailey supports Buffalo's position in this case: Bailey holds that foreclosure of a mortgage would extinguish a mechanic's lien even though the lender had notice of a mechanic's lien at the time of the foreclosure. Moreover, in Bailey, the Supreme Court overruled Lucas Constr., Inc. v. Hugel, 551 So. 2d 338 (Ala. 1989), in which case the Court had held that a foreclosing mortgagee with notice of a mechanic's lien would take subject to the lien[6]. That case is no longer the law under Bailey.

Accordingly, Lily Flagg sets forth the law of Alabama in this case and requires the entry of summary judgment in favor of Buffalo.

### 3.   Carmichael provides a Supplemental Ground for Granting Buffalo's Motion for Summary Judgment.

An additional ground exists in support of Buffalo's motion for summary judgment based on Carmichael. Not only does Alabama lien law require a timely suit by a lienor against the mortgagee to obtain a judgment senior to that mortgage (step three as set forth in Carmichael), but Alabama law also requires, prior to such suit, that a notice of the lien be sent to the same mortgagee (step one set forth in Carmichael).

In Bailey Mortgage Co., *supra*, relied upon by this Court in Carmichael, the Supreme Court held that a mechanic lienor must send notice to any mortgagee of record when the lienor sends his statutory notice to the owner (id. at 142; emphasis added):

Because of the practices in the construction industry, we hold that from this

---

[6] Bailey, 565 So. 2d at 144-45 (the lienor cited Lucas for the proposition that "the purchaser of property at a non-judicial mortgage foreclosure enjoys no priority over properly perfected materialman's liens of which the purchaser had actual or constructive notice." The Court expressly overruled Lucas on that point.).

day forward, <u>public policy dictates that the same written notice that is required to be given to the owner must also be given simultaneously to the construction lender</u>, if the lender's identity can reasonably be obtained. We note that it would not be that difficult to obtain the identity of the construction lender, because the lender's mortgage would be on record in the office of the judge of probate. This notice would give the construction lender, as well as the owner, the opportunity to insure that the mechanics and materialmen are paid out of the remaining contract funds, that any potential liens are satisfied, and that the property is not encumbered.

In this case, the record reflects no such notice was sent by Hutto to the Bank.[7] Absent in this case, therefore, is proof of compliance with step one and step three that must be performed before a mechanic's lien can be enforced under Alabama law. <u>Carmichael</u>, 433 F.Supp.2d at 1264.

### III. CONCLUSION

<u>Lily Flagg</u> bars any suit for priority against Buffalo. Accordingly, summary judgment should be granted in favor the Buffalo dismissing this action.

                                        Respectfully submitted,

                                         s/ Guy V. Martin, Jr.
                                        Guy V. Martin, Jr., Esq.
                                        Martin, Rawson & Woosley, P.C.
                                        #2 Metroplex Drive, Suite 102
                                        Birmingham, Alabama 35209

---

[7] The record in this case suggests why Hutto did not provide the notice to the Bank or name the Bank in Hutto's lien enforcement suit. Hutto's construction contract was with RedHawk Ventures, LLC, not the owner of record, Clayton Bailey. Hutto did not obtain a judgment against Clayton Bailey until March 29, 2005. Thus, at the time Hutto was required to sue the Bank (the six-month period set forth in <u>Carmichael</u>, and ALA. CODE (1975) § 35-11-221), Hutto did not have a contract with "the owner" of the property.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this the 1st day of February, 2007, that I electronically filed the forgoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

John A. Tinney, Esq.
Post Office Box 1430
739 Main Street
Roanoke, Alabama 36274

s/ Guy V. Martin, Jr.
OF COUNSEL