IN THE DISTRICT COURT OF THE UNITED STATES FOR THE
MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

```
HUTTO CONSTRUCTION, INC.,   )
                            )
    Plaintiff,              )
                            )    CIVIL ACTION NO.
    v.                      )    2:06cv404-MHT
                            )
BUFFALO HOLDINGS, LLC,      )
                            )
    Defendant.              )
```

### ORDER ON PRETRIAL HEARING

A pretrial hearing was held in this case on February 2, 2007, wherein the following proceedings were held and actions taken:

1. **Parties and Trial Counsel:**
   John A. Tinney, counsel for plaintiff, Hutto Construction, Inc.
   Guy V. Martin, Jr., counsel for defendant, Buffalo Holdings, LLC

2. **Jurisdiction and Venue:**
   This action was initially filed by plaintiff in the Circuit Court for Randolph County, Alabama. Defendant removed the action to this Court based on diversity of citizenship, pursuant to 28 U.S.C. § 1441(a).

3. **Pleadings:** The following pleadings and amendments were allowed:
   Complaint of plaintiff.
   Answer of defendant.

**(4)   Contentions of the Parties:**

**(a)   Plaintiff Hutto Construction contends that: it furnished approximately $300,000 worth of labor and material to Redhawk Ventures to construct condominiums on Redhawk's property. The Bank of Wedowee had actual knowledge of the material and labor previously furnished by Hutto <u>prior</u> to the time the Bank took a mortgage on the property. The Bank later foreclosed on the property and bought the same at foreclosure. When the Bank sold the property to the defendant Buffalo it did not recognize and did not pay Hutto's lien which had been reduced to a judgment prior to the transfer to Buffalo. Buffalo knew of the existence of the lien and Hutto's claim for monies owed prior to the time that it purchased the property from the Bank. Plaintiff by this suit seeks payment for labor and material furnished.**

> **(b)   Defendant Buffalo Holdings contends that: the issue of whether the Bank had actual knowledge of Hutto's work prior to its mortgage is not relevant. Under Alabama law, when a mechanic lienor sues to enforce its lien, it must name as a defendant any mortgagee of record, failing which, its judgment will be junior to the mortgage. Since the Bank was not named by Hutto as a defendant in the lawsuit resulting in the judgment, the Bank's mortgage is senior to plaintiff's judgment, under the authority of <u>Lily Flagg Bldg. Supply Co. v. J.M. Medlin & Co.</u>, 232 So. 2d 642 (Ala. 1970). The Bank foreclosed its mortgage, thereby extinguishing plaintiff's judgment, subject to plaintiff's statutory right to redeem the property.**

>  **Plaintiff did not exercise its statutory right of redemption. Consequently, the plaintiff's judgment had been extinguished prior to the Bank's conveyance to the defendant. The issue of whether the Bank had knowledge of the work performed by plaintiff is irrelevant under <u>Lily Flagg</u>. In the alternative, defendant contends that the complaint is barred by the statute of limitations governing establishment of a mechanic's lien, laches, failure to comply with statutory requirements of establishment of a mechanic's lien and enforcement of the same against mortgagees of record, and due to defendant's status as a bona fide purchaser of the property.**

Buffalo Holdings further contends that this suit is barred by the six-month statute of limitations set forth in ALA. CODE (1975) § 35-11-221.

4. Stipulations by and between the parties:
   The Bank of Wedowee was not a party to (1) Case No. 2002-183, *Joe Frank Hutto Construction Co., Inc. v. Red Hawk Ventures, LLC* in the Circuit Court of Randolph County, Alabama, (2) Case No. 2003-113, *Joe Frank Hutto Construction Co., Inc. v. Red Hawk Ventures, LLC, Clayton Bailey, and Wendelin Werley* in the Circuit Court of Randolph County, Alabama, or (3) any other case in which the plaintiff sought to enforce its mechanic's lien.
   After the Bank of Wedowee foreclosed its mortgage in November 2003, plaintiff did not
   exercise its statutory right of redemption from such foreclosure.
   
   `It is ORDERED that:`

(1) The non-jury trial of this cause, which is to last one (1) day, is set for March 20, 2007, at 9:00 a.m., at the Frank M. Johnson, Jr. United States Courthouse Complex, Courtroom 2FMJ, One Church Street, Montgomery, Alabama 36104;

(2) The parties are to file proposed findings of fact and conclusions of law by March 14, 2007;

(3) Each party shall have available at the time of trial, for use by the court (the judge, the courtroom deputy clerk, and the law clerk), three copies of the list of his or her exhibits;

(4) At least three days before trial, counsel are to contact the courtroom deputy clerk about the procedures for pre-marking all trial exhibits;

(5) Each party shall have available a sufficient number of copies of each photostatically reproducible exhibit for opposing counsel, the courtroom deputy clerk, the law clerk, and the judge; and

(6) All understandings, agreements, and stipulations contained in this pretrial order shall be binding on all parties unless an objection is noted and filed with the court within seven (7) days from the date of this order.

DONE, this the 8th day of February, 2007.

                     /s/ Myron H. Thompson
                    UNITED STATES DISTRICT JUDGE