IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| HUTTO CONSTRUCTION, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 3:06CV404-T |
| ) | |
| BUFFALO HOLDINGS, LLC., ) | |
| ) | |
| Defendant. ) | |

### SUPPLEMENTAL BRIEF OF BUFFALO HOLDINGS

Defendant, Buffalo Holdings, LLC ("Buffalo"), submits this supplemental brief pursuant to the Court's February 2, 2007 Order, as follows:

I. **BUFFALO PROPERLY ASSERTED THE AFFIRMATIVE DEFENSE THAT THIS SUIT IS BARRED BY THE SIX - MONTH STATUTE OF LIMITATIONS IN ALABAMA CODE (1975) § 35-11-221.**

In its answer, Buffalo asserted, *inter alia*, the following affirmative defenses:

1. The complaint is barred by the applicable statutes of limitations, laches, and the statute of frauds.

    \* \* \*

3. The complaint is due to be dismissed against Defendant under ALABAMA CODE § 35-11-211 (1975) *et seq.*, due to lack of timely verified statements of lien, due to failure to notify any defendant as required by law, and failure of compliance with other statutory requirements to the creation and enforcement of mechanic's and materialmen's liens.

4. The complaint is barred due to the failure of the Plaintiff to comply with the conditions precedent to perfection of a mechanic's lien and further failure of Plaintiff to comply with the conditions precedent to maintenance of this action as required by law.

Accordingly, the affirmative defense of statute of limitations was properly preserved,

Buffalo submits, in its answer to Hutto's complaint.

II. **SUMMARY JUDGMENT IS PROPER BASED ON THE SIX - MONTH STATUTE OF LIMITATIONS IN ALABAMA CODE (1975) § 35-11-221.**

Under Alabama law, a mechanic's lien will be lost if the requirements set forth in Alabama Code (1975) §§ 35-11-210, *et seq.,* are not fulfilled: (1) statutory notice to the owner of the property; (2) filing of a verified statement of lien in the probate office of the county where the improvement is located; and (3) filing of a suit to enforce the lien within six months of the maturation of the debt. Lily Flagg Bldg. Supply Co. v. J. M. Medlin & Co., 232 So. 2d 643, 645 (Ala. 1970); Bailey Mortgage Co. v. Gobble-Fite Lumber Co., 565 So. 2d 138, 141 (Ala. 1990); United States v. Carmichael, 433 F.Supp.2d 1259, 1264 (M.D. Ala. 2006).

Alabama Code (1975) §§ 35-11-222 to 224 set forth the requirements of a complaint, the parties to the complaint, and the contents of a judgment in an action to enforce a mechanic's lien. Section 222 provides that the complaint shall (1) contain a description of the property on which the lien is claimed, and (2) allege facts necessary to entitle plaintiff to the lien and to the enforcement thereof. Section 223 provides that "all persons interested in the matter in controversy, or in the property charged with the lien, may be made parties; but such as are not made parties shall not be bound by the judgment." The owner of the property is a necessary party defendant in such an action, and the mortgagee must be named as a defendant, failing which any lien established will be junior to the mortgage.[1] Section 224 provides that the judgment is such an action shall establish the lien and condemn the property

---

[1] "The defendants in a lawsuit must include the owner of the subject real property and any person(s) responsible for the debt, and should also include the owner's lender, if applicable." Keith C. Kantack, A Guide to Mechanic's Liens in Alabama, 61 Ala. Law. 202 n.16 (2000), *citing* Lily Flagg Bldg. Supply Co., Inc. v. J.M. Medlin & Co., Inc., 232 So. 2d 643 (Ala. 1970); Ex parte Grubbs, 571 So. 2d 1119 (Ala. 1990); Bailey Mortgage Co. v. Gobble-Fite Lumber Co., 565 So. 2d 138 (Ala. 1990); Roman v. Thorn, 3 So. 759 (Ala. 1919).

to sale for the satisfaction of the lien.

In the case *sub judice*, the record demonstrates that Hutto failed to meet this third requirement for establishment of a mechanic's lien. The only lawsuit filed by Hutto within the specified time period was a suit to establish a judgment against Red Hawk[2], which did not qualify as a lawsuit to enforce a lien under Sections 222-224, for several reasons. First, the complaint[3] was not filed against the record owner of the property, Clayton Bailey.[4] Second, the complaint contained no allegations (1) that Hutto was entitled to a lien, (2) facts necessary to establish Hutto's entitlement to a lien, or (3) a description of the property on which a lien was claimed. Third, the judgment did not name the record owner nor did it establish the lien against the property or condemn the property to sale for satisfaction of the lien.[5]

Accordingly, Hutto did not file a suit which would qualify as an action to enforce its lien within the six-month period prescribed under the Code. The suit *sub judice*, which was

---

[2] Joe Frank Hutto Constr. Co., Inc. v. Red Hawk Ventures, LLC, Case No. 2002-183 (Circuit Court of Randolph County, Alabama) (the "Red Hawk suit"). Hutto filed a second lawsuit, Case No. 2003-113, Joe Frank Hutto Construction Company, Inc. v. Red Hawk Ventures, LLC, Clayton Bailey, and Wendelin Werley, in which the court pierced the veil of Red Hawk Ventures LLC, making Clayton Bailey and Wendelin Werley individually liable for the judgment against Red Hawk Ventures.

[3] The complaint in that action was produced by Hutto to Buffalo during discovery and appears as Exhibit G to Buffalo's Supplementary Evidentiary Submission, filed herewith (cited as "Buffalo's Ev. Sub."). The complaint was followed by only one pleading, a consent judgment (Ex. H to Buffalo's Ev. Sub.).

[4] Only Red Hawk Ventures, LLC was named as a defendant to the action, thereby omitting the record owner of the property and his mortgagee of record. For this reason, the basis for granting summary judgment set forth in this supplemental brief subsumes the basis for granting summary judgment as initially set forth in Buffalo's motion for summary judgment, since a complaint to enforce a mechanic's lien must be filed against the owner of the property and his mortgagee, failing which no lien is established against either. *E.g.*, Kantack, 61 Ala. Law. at 202 n.16, *supra*.

[5] The recorded lien is attached as Exhibit 4 to Hutto's Evidentiary Submission (cited as "Hutto's Ev. Sub. Ex. 4").

filed years after the maturity of the debt,[6] is untimely and therefore, barred by the statute of limitations set forth in § 35-11-221.

## CONCLUSION

This action, being barred by the six-month statute of limitations of Alabama Code § 35-11-221, is due to be dismissed and summary judgment is due to be granted in favor of Buffalo.

Respectfully submitted,

s/ Guy V. Martin, Jr.
Guy V. Martin, Jr., Esq.
Martin, Rawson & Woosley, P.C.
#2 Metroplex Drive, Suite 102
Birmingham, Alabama  35209

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this the  9th  day of February, 2007, that I electronically filed the forgoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

John A. Tinney, Esq.
Counsel for Plaintiff

s/ Guy V. Martin, Jr.
OF COUNSEL

---

[6] Hutto's Ev. Sub. Ex. 1. Under the contract the debt was due no later than the 31st day of the month during which work is completed. The recorded lien, attached as Hutto's Ev. Sub. Ex. 4, states that the lien was filed to secure payment for work performed through February 2003.