IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

HUTTO CONSTRUCTION, INC.        )

          PLAINTIFF                )

VS.                            )        CASE NO. 3:06 CV-404-T

BUFFALO HOLDINGS, LLC           )

          DEFENDANT                )

## REPLY BRIEF TO DEFENDANT'S SUPPLEMENTAL BRIEF

This Court previously directed the parties to address the issue of whether Plaintiff's Complaint was barred by the Statute of Limitations and whether Defendant Buffalo Holdings, LLC had sufficiently raised the Statute of Limitations defense concerning this matter.

Plaintiff herein would submit the following to the Court for its consideration:

I.      While Buffalo Holdings did raise the affirmative defense of the Statute of Limitation in its responsive pleading, the fact of the matter is that the Plaintiff **DID FILE** in the Circuit Court of Randolph County a complaint <u>within</u> the Statute of Limitations to enforce its Materialmen's Lien.

Attached hereto as Exhibit "1" is a copy of the Materialmen's Lien filed by the Plaintiff in the Probate Court of Randolph County on March 24, 2003.

On August 26, 2003, five months and two days after filing its Materialmen's Lien, the Plaintiff filed a Complaint for Enforcement of its Mechanic's Lien Claim in the Circuit Court of Randolph County which said Complaint was entered as Civil Action No. CV 03-113. A copy of this Complaint is attached hereto and marked Exhibit "2".

Count One of this 2003 Complaint is styled as follows:

## COUNT ONE

## ENFORCEMENT OF MECHANICS' LIEN CLAIM

In that suit, the owner of the property, Clayton O. Bailey, was made a party to the Complaint as well as Red Hawk Ventures, LLC, who held a lease on the property in question.

In response to the 2003 Complaint to Enforce the Materianlmen's Lien Claim, the Defendants Bailey and Red Hawk filed a Motion to Dismiss (Exhibit "3") raising issues with respect to the sufficiency of the compliance by the Plaintiff with the statutory requirements to claim a Materialmen's Lien. The Circuit Court of Randolph County denied their Motion to Dismiss (Exhibit "4"), thus, it found that Hutto had in fact complied with all requirements of the

Materialmen's Lien Law _including_ filing within six (6) months of a cause of action to enforce the lien.

On March 29, 2005, the Randolph County Circuit Court entered its Judgment on the August 26, 2003, Complaint. (See Order attached hereto and marked Exhibit "5".)

II.    **Summary Judgment is not proper based on the six month Statute of Limitations provided in Ala. Code (1975) § 35-11-221.**

Under Alabama Law all the Plaintiff had to do to establish its Materialmen's Lien with respect to the property in question was to fulfill three statutory requirements pursuant to Ala. Code (1975) § 35-11-210 _et. seq._: (1) Statutory notice to the owner of the property; (2) Filing of a Verified Statement of Lien in the Probate Office of the county where the improvement is located; and (3) Filing of a suit to enforce the lien within six (6) months of maturation of the debt. United States v. Carmichael, 433 F. Supp. 2nd 1259, 1264 (M.D. Ala. 2006).

In this case Plaintiff would state the following with respect to each required element:

1.    "**Statutory notice to the owner of the property**" - Red Hawk Ventures, LLC had leased the property the subject of this litigation from its owner, Clayton Bailey, to develop a condominium on the same. Plaintiff's

primary dealings were with Clayton Bailey, individually, and on behalf of Red Hawk Ventures, LLC.  Red Hawk Ventures, LLC was a Limited Liability Corporation formed by Clayton Bailey to develop the property in question. Plaintiff provided hundreds of thousands of dollars in labor and material to construct condos on this property.  No one ever disputed that proper statutory notice of the supplying of materials for the project in question was not provided to the owner (Clayton Bailey) of the property.  The denial of the Motion to Dismiss filed by Bailey in the Circuit Court took care of this issue.

2.  "**Filing of a verified statement of lien in the Probate Office of the county where the improvements are located**" - Attached hereto and marked Exhibit "1" is a copy of the Verified Statement of Lien filed in the Probate Office of Randolph County where the improvement was located.

3.  "**Filing of a suit to enforce the lien within six (6) months of the maturation of the debt**" - As stated, attached hereto and marked Exhibit "2" is a copy of the Bill of Complaint filed five months and two days after filing the lien upon which this lawsuit is founded.

Neither Clayton Bailey nor Red Hawk Ventures, LLC raised any affirmative defense at the time that the 2003 lawsuit was defended.  There was never a question that the Plaintiff herein had taken all the action necessary to perfect its Materialmen's Lien as provided by Code of Alabama.

Defendant Buffalo Holdings argues that the records demonstrate that Hutto failed to meet the third requirement for establishment of a Mechanic's Lien by claiming that no suit was filed within 6 months after the Lien notice was filed in the Probate Court in Randolph County. Defendant <u>incorrectly</u> states that the only lawsuit filed by Hutto within the specified time period was a suit to establish a judgment against Red Hawk which was filed in the Circuit Court of Randolph County on December 6, 2002, being Civil Action No. CV 2002-183.

This suit against Buffalo Holdings is filed to establish Hutto's rights against the property in question in light of the lawsuit filed by Hutto in August of 2003 within the six (6) month time period.

The undersigned counsel for Hutto would respectfully state to the Court that at the time of the pre-trial hearing conducted in this case Plaintiff's present counsel was unaware that the Complaint to Enforce and Establish the Lien (Exhibit "2") had been filed separately and distinctly from the action filed by Hutto against Red Hawk only in December of 2002. The Court inquired of the undersigned counsel at the Pre-Trial on several occasions whether this was the Plaintiff's "Complaint to Enforce the Materialmen's Lien." The correct answer to that question is that this suit is not. This lawsuit is a suit against a company who was possessed with full knowledge of the outstanding Materialmen's Lien

of the Plaintiff at the time it purchased the property in question and purchased the property at its own peril with respect to the lien in question.

## ADDENDUM

At the time of the Pre-Trial hearing the Court made reference to the fact that Defendant Buffalo had filed a responsive pleading to Hutto Construction's Opposition to the Motion for Summary Judgment less than 24 hours before the Pre-Trial hearing.

Apparently the Court found in the brief filed by Buffalo the day before the Pre-Trial that many other matters were raised by Buffalo in this "Reply Brief" that had not been originally asserted in the Motion for Summary Judgment.

The undersigned counsel recalls Judge Thompson stating that he realized that I had only had the response of Buffalo for less than a day and that he felt like it would be unfair not to allow me to respond to the same.  In this regard Plaintiff Hutto would offer the following for the Court's consideration in whether Summary Judgment is proper in this case.

## RESPONSE TO BUFFALO'S
## FEBRUARY 1, 2007 BRIEF

In light of the discovery since the pre-trial hearing that Hutto had in fact filed a Complaint in the Circuit Court of Randolph County to enforce its lien,

the timing of the Final Judgment entered in that case is very important to the ultimate question before this Court.

The sequence of events and the timing of the same pertaining to issues raised by Hutto for the first time in its response filed February 1 are as follows:

1.    **April 10, 2002** - Hutto began furnishing materials and labor to Red Hawk.

2.    **August 29, 2002 -** The Bank of Wedowee records a mortgage on the property.

3.    **December 4, 2002 -** Hutto obtained Judgment against Red Hawk, Lessor of the property, in the Circuit Court of Randolph County.

4.    **March 24, 2003 -** Hutto files its Materialmen's Lien in the Probate Court of Randolph County.

5.    **August 26, 2003 -** Hutto files Complaint to Enforce Lien in the Circuit Court of Randolph County.

6.    **November 12, 2003 -** The Bank of Wedowee forecloses on its August 29 Mortgage and buys the property at the foreclosure sale for the sum of $2,100,000.

7.    **February 15, 2005** - The Bank of Wedowee files a Declaratory Judgment in the Circuit Court of Randolph County against Clayton Bailey, Red

Hawk Ventures, LLC, and others seeking to quiet title to the property in question. (See Exhibit "6").

8.    **March 29, 2005 –** The Circuit Court of Randolph County enters a Judgment and Order in the case filed by Hutto to enforce the lien which was filed on August 26, 2003.

9.    **May 24, 2005 -** The Bank of Wedowee amends it Declaratory Judgment action to add Hutto as a party to the Declaratory Judgment action (Exhibit "7").

10.    **December 29, 2005 -** Hutto files an Answer to the Complaint to Quiet Title alleging that it has a valid Judgment against the property which has not been precluded by the foreclosure of the Bank's mortgage recorded on August 29, 2002 (Exhibit "8").

11.    **January 27, 2006 -** The Bank of Wedowee files a Motion to Dismiss its Complaint to Quiet Title (Exhibit "9").

12.    **February 3, 2006 -** Hutto files an objection to the dismissal of the Complaint by the Bank of Wedowee (Exhibit "10").

13.    **February 8, 2006** - The Circuit Court grants Bank of Wedowee's Motion for Voluntary Dismissal by Plaintiff (Exhibit "11").

14.    **March 10, 2006 -** Bank of Wedowee conveys the property to Buffalo Holdings.

With the above information now before the Court, we see that this case is on all fours with the Carmichael case.   In the Carmichael case Judge Thompson was faced with the Government's argument that the Mechanic's Lien was extinguished "by forfeiture" **before** the State Court ruled on the Mechanic's Lien enforcement suit.   In this case we have the exact same situation.  The Bank of Wedowee is trying to extinguish the Mechanic's Lien by its "foreclosure" which occurred **before** the State Court ruled in the Mechanic's Lien enforcement suit.

The Mechanic's Lien enforcement suit was filed August 26, 2003, but not ruled upon until March 29, 2005.  The Bank of Wedowee foreclosed its mortgage on November 12, 2004, at a time when the State Court had not ruled on the Mechanic's Lien enforcement suit.

Judge Thompson stated that such argument went beyond Alabama authority, and "ignores the central purpose of any lien, which is to preserve an interest in the property and give notice to subsequent purchasers that they take the property subject to the lien."   Carmichael, 433 F. Supp. 2d 1259 (M.D. Ala. 2006).  The Court stated at Page 1266-1267:

> Indeed, Alabama law establishes that even purchasers who acquire title after commencement of work on a property but before the perfection of a Materialmen's Lien are bound by the lien if they had notice of the facts on which the lien was predicated.  Benson Hardware Company v. Jones, 223 Ala. 287, 289; 135 So. 441

9

(Ala. 1931), overruled on other grounds, Lily Flagg Building Supply Company v. J. M. Medlin and Company, 285 Ala. 402, 232 So.2d 643 (Ala. 1970). It follows that satisfaction of the statutory steps outlined in Bailey, including filing a Verified Statement of Lien in the Office of Probate, gives notice to subsequent purchasers who take the property subject to the lien.

As pointed out by Buffalo in its Response to Hutto's Opposition to Motion for Summary Judgment, in Carmichael the Government was arguing that a Mechanic's Lien, properly filed and in the process of enforcement by suit, was extinguished under the Federal Statute by the intervening act of forfeiture. This Court rejected the argument, and by means of the quoted passage above, was supporting its rationale, that such intervening act should not extinguish the lien, since the "central purpose of any lien … is to … give notice to subsequent purchasers that they take the property subject to the lien." Carmichael, 433 F. Supp. 2d at 1266. Here we have Buffalo arguing that the Bank of Wedowee's intervening act of foreclosure between the time of the filing of The Complaint to Enforce the Lien and the Court's ruling on the same would serve to extinguish the Mechanic's Lien which had been properly filed and was in the process of enforcement by suit. This Court should once again reject such an argument since the central purpose of any lien is to give notice to subsequent purchasers that they take the property subject to the lien.

This case is even more compelling for the Court to overrule the Summary Judgment in that the Bank of Wedowee, possessed with knowledge of the lien of Hutto, filed a Complaint to Quiet Title to the property **before** the Court had ever ruled in Hutto's case to enforce the lien.  The Bank certainly cannot claim it did not know of Hutto's lien since it added Hutto as a party to its suit to quiet title (See Exhibit "7").  **After** the Court entered its Judgment on the suit to enforce the lien, the Bank of Wedowee moved to dismiss its Complaint for Declaratory Judgment which was dismissed without prejudice.

## <u>CONCLUSION</u>

It is obvious that the statute of limitations defense cannot be used as a shield to prevent justice in this case.  Having hopefully resolved that matter to the satisfaction of the Court the question now becomes whether the Defendant is entitled to Summary Judgment.

The Court's rationale and reasoning of the application of Lily Flagg in the <u>Carmichael</u> case was sound and should serve as the basis for the Court's denial of Summary Judgment in this case.

Plaintiff would respectfully state that the Defendant is not entitled to judgment as a matter of law and this Court needs to hear all the evidence in this matter before a final decision is reached.

Respectfully submitted this the 23rd day of February, 2007.


s/John A. Tinney_____
John A. Tinney - TIN005
Attorney for Plaintiff
Post Office Box 1430
739 Main Street
Roanoke, Alabama  36274
(334) 863-8945

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on February 23,  2007, I electronically filed the foregoing with

the Clerk of the Court using the CM/ECF system which will send notification of such filing

to the following:

Guy Martin
Martin, Rawson & Woosley
2 Metroplex Drive, Suite 102
Birmingham, Alabama  35209-6800

I hereby certify that I have mailed by United States Postal Service the document to

the following non-CM/ECF participants:  (NONE)

Respectfully submitted,

s/ John A. Tinney_____
John A. Tinney          TIN005
Attorney for Plaintiff
Post Office Box 1430
739 Main Street
Roanoke, Alabama  36274
Phone:  (334) 863-8945
Fax:  (334) 863-7114

# EXHIBIT
# 1

LIEN    17    385
Recorded In Above B      d Page
03/24/2003 12:45:39
George Diamond
Probate Judge
Randolph County, Alabama

## MATERIAL AND MATERIALMAN'S LIEN

Recording Fee      12.00
TOTAL              12.00

STATE OF ALABAMA
COUNTY OF RANDOLPH

Before me, the undersigned Notary Public, personally appeared RODNEY WALKER, VICE-PRESIDENT OF JOE FRANK HUTTO CONSTRUCTION COMPANY, INC , an Alabama Corporation, who duly sworn says he is the LIENOR HEREIN whose address is P O. BOX 1053, TALLADEGA, ALABAMA 35161 and that in accordance with a contract with, for, and on property belonging to CLAYTON O. BAILEY, CLAYTON O. BAILEY TRUST, WENDELIN S. WERLEY, AND / OR REDHAWK VENTURES, LLC the lienor furnished labor, services, and materials for the construction, paving, building, piping, and infrastructure on the following described real property:

PROPERTY AND IMPROVEMENTS LOCATED ON HIGHWAY 431 NORTH, WEDOWEE, ALABAMA 36278 BEING IN SECTION 34, TOWNSHIP 19 SOUTH, RANGE 11 EAST OF RANDOLPH COUNTY, ALABAMA CONTAINING 125 ACRES MORE OR LESS

OWNED BY CLAYTON O. BAILEY, CLAYTON O. BAILEY TRUST,  WENDELIN S. WERLEY, AND / OR REDHAWK VENTURES, LLC.

The total amount of the labor and materials which remains to date is THREE HUNDRED, FORTY-EIGHT THOUSAND AND NO/100 DOLLARS  ( $348,000.00 ) plus interest for work preformed on said property and improvements between April, 2002 and February, 2003

Lienor
Rodney Walker, Vice-President
Joe Frank Hutto Construction Co. Inc.

On March 21, 2003 before me, _____, personally appeared Rodney Walker, the Vice-President of Joe Frank Hutto Construction, Inc., who is personally known to me to be the person whose name is sworn and subscribed to the within instrument and acknowledged to me that he executed the same in his authorized capacity, and that by his signature on the instrument thereby executes this instrument.

Witness my hand and official seal,

Notary Public

My Commission Expires
6/26/2005

My commission expires _____

# EXHIBIT 2

IN THE CIRCUIT COURT OF RANDOLPH COUNTY, ALABAMA

Filed in Office

| | |
|---|---|
| JOE FRANK HUTTO CONSTRUCTION COMPANY, INC., Plaintiff, | ) ) ) |
| v. | ) ) |
| CLAYTON O. BAILEY, CLAYTON O. BAILEY REVOCABLE TRUST, WENDELIN S. WERLEY, and REDHAWK VENTURES, L.L.C., Defendants. | ) ) ) ) ) ) ) ) |

AUG 2 6 2003

KIM S. BENEFIELD
Clerk of Circuit Court

Civil Action No. CV 03-113

## COMPLAINT

Joe Frank Hutto Construction Company, Inc. ("Hutto") makes and presents the following claims against Defendants Clayton O. Bailey, Clayton O. Bailey Revocable Trust, Wendelin S. Werley, and Redhawk Ventures, L.L.C., respectfully showing to the Court the following:

### I.    PARTIES

1      Hutto is a corporation organized and existing under the laws of the State of Alabama, with its principle place of business located in Talladega County, Alabama. Hutto is licensed by the Alabama Board of General Contractors to perform construction services within Alabama.

2.      Defendant Clayton O. Bailey is an adult individual, over the age of nineteen years. Mr. Bailey is a resident of East Aurora, New York, and is the trustee of Defendant Clayton O. Bailey Revocable Trust. Mr. Bailey is also one of the two principal owners of Defendant Redhawk Ventures, L.L.C.

3      Defendant Clayton O. Bailey Revocable Trust is the owner and fee holder of certain property located in Randolph County, Alabama, upon which Hutto was retained by the Defendants

1

to provide labor and materials for the construction of a condominium project, commonly referred to as the Red Hawk Development (the "Project").

4.    Defendant Wendelin S. Werley is an adult individual, over the age of nineteen years Mrs. Werley is a resident of Randolph County, Alabama, and is one of the two owners of Defendant Redhawk Ventures, L.L.C.

5.    Defendant Redhawk Ventures, L.L.C. is a limited liability corporation, incorporated under the laws of the State of Alabama. Redhawk is owned by Defendants Clayton O. Bailey and Wendelin S. Werley, and maintains a leasehold interest in the Project.

## II.    CLAIM FOR RELIEF

### COUNT ONE
### ENFORCEMENT OF MECHANIC'S LIEN CLAIM

6.    Hutto incorporates each and every allegation and averment set forth above in paragraphs 1 through 5, as though fully set forth herein.

7.    Defendants are, and were throughout the period of Hutto's performance, the owner(s) of the Project, the legal description of which is set forth in **Exhibit "A"** hereto (and which is incorporated herein by reference).

8.    Hutto supplied materials, labor and supplies which were used, consumed and incorporated into the buildings and improvements located on the Project, thereby enhancing the value of the Project. Hutto began work on the Project in April 2002, and supplied and contributed the last item of materials in or about February 2003. *See* Exhibit A.

9.    Prior to the commencement of this action, Hutto filed or caused to be filed in the office of the Judge of Probate of Randolph County, Alabama, the county in which the Project is

2

situated, a Statement of Lien, verified by the oath of Rodney Walker, Hutto's Vice-President and

who had personal knowledge of the facts recited therein  In that Statement of Lien (which was

recorded at Book 17, Page 385 of the Randolph County probate records), Hutto claimed a lien on

the Project, together with the buildings and all improvements located thereon, in the amount of

$385,000 00, exclusive of interest. A copy of that Statement of Lien is attached hereto as Exhibit

A.

10.    The Project which is the subject of this claim and to which Hutto contributed

materials, labor and supplies, is located in Randolph County, Alabama

WHEREFORE, Hutto demands a judgment against Defendants in the amount of

$348,000.00, plus interest and costs. Hutto further prays that upon a hearing of this matter, the Court

will impose a lien on the Project, directing the Sheriff to sell same at auction for the satisfaction of

such judgment and lien  Hutto also prays for such other, further, and different relief to which it may

be entitled or as this Court may deem appropriate.

_____

Robert James Campbell (CAM059)

One of the attorneys for Plaintiff,
Joe Frank Hutto Construction Company, Inc.

**OF COUNSEL:**

LONDON & YANCEY LLC
2001 Park Place, Suite 400
Birmingham, Alabama 35203
(205) 251-2531

3

**DEFENDANTS TO BE SERVED BY CERTIFIED MAIL**
**AT THE FOLLOWING ADDRESSES:**

Clayton O. Bailey
260 Geneva Road
East Aurora, New York 14052

Clayton O. Bailey, Trustee
Clayton O. Bailey Revocable Trust
260 Geneva Road
East Aurora, New York 14052

Wendelin S. Werely
Post Office Box 309
Wedowee, Alabama 36278

Redhawk Ventures, L.L.C.
Post Office Box 309
Wedowee, Alabama 36278

# EXHIBIT
# 3

## IN THE CIRCUIT COURT OF RANDOLPH COUNTY, ALABAMA

JOE FRANK HUTTO CONSTRUCTION
COMPANY, INC.,

     Plaintiff,

v.

CLAYTON O. BAILEY, CLAYTON
O. BAILEY REVOCABLE TRUST,
WENDELIN S. WERLEY, and
REDHAWK VENTURES, LLC

     Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)
)

CV 03-113

**Filed in Office**

DEC 2 9 2003

KIM S. BENEFIELD
Clerk of Circuit Court

### <u>MOTION TO DISMISS</u>

Come now, Clayton O. Bailey, Clayton O. Bailey Revocable Trust, Wendelin S. Werley, and Redhawk Ventures, LLC, and to hereby move to dismiss the Complaint in the above-styled action pursuant to Rule 12(b) of the Alabama Rules of Civil Procedure and in support thereof states as follows:

### LACK OF PERSONAL JURISDICTION OVER CLAYTON O. BAILEY AND CLAYTON O. BAILEY REVOCABLE TRUST

1. Clayton O. Bailey is a resident of East Aurora, New York.

2. Clayton O. Bailey Revocable Trust ("Trust") was created and exists under the laws of the state of New York.

3. Neither Clayton O. Bailey nor the Trust have sufficient ties to the forum state for this court to exercise personal jurisdiction over them.

WHEREFORE, premises considered, Mr. Bailey and the Trust request this Honorable Court enter an order dismissing the above-styled action against them pursuant

to Ala. R. C. Pro. 12(b)((2) and for such other, further, or different relief to which they may be entitled in law or in equity.

## FAILURE TO STATE A CLAIM
## AS TO ALL DEFENDANTS

4. Mechanics' and materialmen's liens are governed by Ala. Code §35-11-210 et seq.

5. Section 35-11-213 prescribes the manner and form of a verified statement of lien necessary to perfect a materialmen's lien. That section provides that, in order for a lien to be valid, a verified statement of lien must be filed with the judge of probate of the county in which the property upon which the lien is claimed is situated and must include, among other things, "a description of the property on which the lien is claimed in such a manner that same may be located or identified."

6. Failure to identify the subject property properly will result in the loss of the lien.

7. The verified statement of lien filed by Frank Hutto Construction Company ("Hutto") on or about March 24, 2003, ("Hutto Verified Statement") identified the subject property as "Property and improvements located on Highway 431 North, Wedowee, Alabama 36278 being in section 34, township 19 south, range 11 east of Randolph County, Alabama containing 125 acres more or less."

8. The description of the property on which the lien is claimed is material. It should be sufficiently certain to allow the land to be identified. Fowler v.

2

Mackentepe, 233 Ala. 458, 172 So. 266 (1937).

9.    The complaint must also contain an adequate description of the property on which the lien is claims. Ala. Code §35-11-222.

10.    The only description of the property in the Complaint in this action is in the Hutto Verified Statement which is attached and incorporated by reference.

11.    The property description contained in the Hutto Verified Statement and in the Complaint is deficient in that it fails to identify the property on which the lien is claimed in such a manner as to allow the property to be identified. The description does not give a specific address but states only that the property is "on Highway 431." The description does not give the metes and bounds of the property but only states that it is within a particular section, township, and range. The property does not comprise that entire area. Accordingly, without more information, no one could identify the property claimed.

12.    The verified statement and the complaint must also state whether the property on which the lien is claimed is within a town or outside thereof and is subject to dismissal if the statement is equivocal. Ala. Code §35-11-217; Polakow v. General Roofing & Supply Co., 242 Ala. 497; 7 So. 2d 73 (1942).

13    While the Hutto Verified Statement and the Complaint state that the property is located on "Highway 431, Wedowee" they do not state whether the property is within the city limits of Wedowee.

14.    The Hutto Verified Statement and Complaint also fail to identify the specific nature of the improvements to the subject property so that the improvements allegedly made by this claimant can be identified.

3

15. The Hutto Verified Statement fails to claim a lien. Nowhere in the Hutto Verified Statement does the affiant state that he is claiming a lien or identify whether the lien is claimed as to the improvements and the land upon which they sit or upon the improvements and one additional acre.

16. "A mechanic's and materialman's lien is in derogation of common law and statute providing for such lien is to be strictly construed and all matters of substance of necessity are to be complied with." Tanner v. Foley Bldg & Mfg. Co., 254 Ala. 476, 48 So. 2d 785 (1950).

17. The defects in the Hutto Verified Statement cannot be cured by amendment as more than six months has now passed since the last work was alleged to have been completed on the Project. Guaranty Pest Control, Inc., v. Commercial Investment and Development Corp. 288 Ala. 604, 264 So. 2d 163 (1972).; Tucker v. Trussville Convalescent Home, Inc., 289 Ala. 366, 267 So. 2d 438 (1972).

WHEREFORE, premises considered, Defendants request this Honorable Court enter an order dismissing the above-styled action against them pursuant to Ala. R. C. Pro. 12(b)((2) and for such other, further, or different relief to which they may be entitled in law or in equity.

Dated this the 22nd day of _December_____, 2003.

_____
William R. Myers

4

_(signature)_

Kimberly Glass
Counsel for Defendants

OF COUNSEL:
NAJJAR DENABURG, P.C.
2125 Morris Avenue
Birmingham, Alabama 35203
Telephone:   205-250-8400
Telecopier:   205-326-3837

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing has been served upon all counsel to this cause by placing same in the United States Mail, postage thereon prepaid and properly addressed this the _22nd_ day of _December_ 20_03_ as follows.

Robert J Campbell, Esquire
**BRADLEY ARANT ROSE & WHITE LLP**
1819 Fifth Avenue North
Birmingham, Alabama 35203-2104

_(signature)_

Of Counsel

5

# EXHIBIT
# 4

# IN THE CIRCUIT COURT OF RANDOLPH COUNTY, ALABAMA

JOE FRANK HUTTO CONSTRUCTION,                )
    Plaintiff,                                              )
                                )
vs                                                                    )    Case No. CV-03-113
                                )
CLAYTON O. BAILEY, et al ,                        )
    Defendants                                            )
                                )

## ORDER

    This matter coming before the Court for hearing on Defendants Motion to Dismiss and the Court having heard argument from counsel and considering the same, it is hereby Ordered that the Defendants Motion to Dismiss is hereby DENIED

    The Clerk of the Court is to mail a copy of this Order to counsel of record and any unrepresented party

    SIGNED this the 20th day of February, 2004.

                                        TOM F YOUNG, JR
                                        Circuit Judge

Robert J Campbell
William R Myers
Kimberly Glass

**Filed in Office**

FEB 2 3 2004

KIM S. BENEFIELD
Clerk of Circuit Court

# EXHIBIT
# 5

No. 6059   P. 1

## IN THE CIRCUIT COURT OF
## RANDOLPH COUNTY, ALABAMA

JOE FRANK HUTTO<br>
CONSTRUCTION COMPANY,<br>
INC.        )

          )

    PLAINTIFF   )

VS.          )   CASE NO. CV 2003-113

REDHAWK VENTURES, LLC,  )<br>
CLAYTON BAILEY, and<br>
WENDELIN WERLEY    )

    DEFENDANT  )

## **Filed in Office**

MAR 2 9 2005

**KIM S. BENEFIELD**
Clerk of Circuit Court

### ORDER

This having been the day heretofore set for trial in the above case and the Court having called the case for trial, Plaintiff and Defendants appeared represented by counsel.

The Court proceeded to take testimony over a two day period with respect to the issues now pending before this Court. The Court has been thoroughly briefed by the parties as to their respective positions concerning the law with respect to piercing the corporate veil of an Alabama Limited Liability Corporation and the Court has considered the same.

The Court is of the opinion after reviewing the case law that the corporate veil of a Limited Liability Corporation may be pierced and that the standards

generally applicable to piercing-the-corporate-veil of any other corporation in Alabama are applicable to attempts to pierce-the-corporate-veil of a Limited Liability Corporation.

The primary factors to be considered by this Court in determining whether the Plaintiff is entitled to relief are:

    A.    Inadequacy of capital.

    B.    Fraudulent purpose in conception or operation of the business.

    C.    Operation of the corporation as an instrumentality or alter-ego.

The Court has listened to extensive testimony in this case and makes the following findings of fact:

Redhawk Ventures, LLC was duly incorporated in the State of Alabama with its principal owners being Defendants Clayton Bailey and Wendelin Werley. The Court finds that the relationship of father/daughter between Clayton Bailey and Wendelin Werley likens this unto what might be termed a closely held family corporation.

The Court finds that this corporation was formed for a legitimate purpose, that there was no fraud intended by either Wendelin Werley or Clayton Bailey with respect to the formation of the corporation.

The actions of the principals of the corporation, Wendelin Werley and Clayton Bailey, subsequent to the formation of the corporation are the Court's

2

primary consideration with respect to whether the Plaintiff has met its burden of proof in this case.

The Court specifically finds that an Operating Agreement was established to govern the rights, duties and obligations of the parties as concerns Redhawk Ventures, LLC. The Operating Agreement provided certain limitations with respect to what the manager of the corporation could and could not do and the Operating Agreement referenced the parties' obligations to be bound by the terms and conditions of the Alabama Limited Liability Corporation Act.

The Court finds that the actions of Wendelin Werley and Clayton Bailey after the formation of the LLC were such that the corporation was really the alter-ego of these individuals and but for being a corporation in form, the parties treated the corporate entity in many instances as if it were non-existent.

The Court specifically finds that the following acts of Clayton Bailey and Wendelin Werley substantiate the Court's finding that Redhawk Ventures, LLC was merely the alter-ego of these persons as individuals:

(1)    The parties disregarded the limitations and restrictions of Section 5.4 of the Operating Agreement with respect to expenditures of large amounts of money by the corporation. In particular, Wendelin Werley and her husband, Luther Werley, took approximately $99,000 of corporate money from the assets of the corporation by paying themselves $3,000 every two weeks under what they

3

deemed to be a Maintenance Contract to maintain property leased by Redhawk Ventures, LLC (hereinafter Redhawk). Such a contract required the written consent of the holder of two-thirds of the interest of the LLC and this was not obtained. Mr. Bailey, the two-thirds owner of Redhawk, was not even aware that his daughter was withdrawing these monies from the corporation or that there was any Maintenance Agreement in existence between the corporation and his daughter and her husband. The taking and use of this $99,000 was evidence of the disregard of the corporate entity and its Operating Agreement for the sole benefit of Wendelin Werley and her husband, Luther.

(2)    The Lease Agreement entered into between Clayton Bailey and Redhawk, LLC was a contractual arrangement between an individual and a corporation, the terms of which were disregarded in many aspects by the parties who, by their conduct, disregarded the Lease Agreement in favor of treating the lease and the property the subject thereof as if the same were owned and controlled by the father/daughter combination.

In particular, a prime example of this centers around payments made to Clayton Bailey by Redhawk which Wendelin Werley deems to have been pursuant to the terms of the Lease Agreement.

The Court finds that the only way Clayton Bailey could have been paid rent under the terms of the lease would have been from the profits of Redhawk. The

4

Court finds that there is no evidence before the Court that Redhawk ever had any profits. Moreover, from the evidence before this Court Clayton Bailey would never have been entitled to be paid any sum as rental during the term of the lease. The evidence before this Court is overwhelming that Redhawk never operated at a profit and always operated at a deficit.

The Court further finds that the purported cancellation and re-entry by Clayton Bailey concerning the property was ineffective, as it was not done in accordance with the terms specifically referenced in the lease as related to re-entry, default and cancellation of the lease.

Redhawk was not afforded the opportunity to cure any default as provided pursuant to the terms of the lease and no specific grounds for finding any default were ever provided to Redhawk pursuant to the terms of the lease. The purported re-entry by Clayton Bailey was contractually ineffective as provided by the terms of the lease.

3.    Luther Werley was the manager of Redhawk.    In this capacity he had an obligation to treat the assets of Redhawk as corporate assets. This Court specifically finds that Luther Werley, husband of Wendelin Werley, in violation of Ala. Code § 10-12-29 took a pontoon boat which was the property of Redhawk and appropriated the same to his own use and benefit without accounting for the monies received from the same to the corporation. This was done at a time when

5

the corporation and manager knew of its judgment obligation to Hutto Construction. This action specifically shows the treatment of corporate assets as though they were the personal property by the Werley family.

4.    The Court further finds that in disregard of the rights of potential judgment creditors a pickup truck purchased for $13,000 with corporate assets was sold to Luther Werley by Wendelin Werley for the sum of $1.00. This truck was apparently subsequently sold by Luther Werley for the sum of $2500. The Court again finds this action as treating corporate assets as though they were the personal property of Wendelin Werley.

5.    The Court finds that Redhawk paid the personal obligations of the Clayton Bailey Revocable Trust and personal bills of Luther and Wendelin Werley.

Apparently the Clayton Bailey Revocable Trust also paid certain obligations of Redhawk. The interchange of monies and payment of bills between these family members clearly evidences a disregard of the corporate status and treatment of corporate assets as though they were personal property.

6.    The records reflecting profits and losses of Redhawk and the balance sheets prepared at the direction of the Wendelin Werley were in many instances inconsistent with the tax returns filed by Redhawk as concerns the expenses allegedly incurred by Redhawk paid with Redhawk assets.

The inconsistencies between the tax returns and the records kept by the company cannot be ignored in determining whether this corporation was treated as a corporate entity or as the alter-ego of the defendants.

7.     Neither Clayton Bailey nor Wendelin Werley contributed any money to the capital account of this corporation. The Court finds the corporation to be totally and wholly inadequately capitalized.

Based upon the foregoing findings of fact the Court finds that Redhawk Ventures, LLC was operated as an instrumentality or alter-ego of Wendelin Werley and Clayton Bailey and that the business was operated as concerns judgment creditors in a fraudulent manner in some aspects.

The Court finds that the corporate veil of this corporation should be pierced and that liability for the Judgment of Hutto Construction Company, Inc. against Redhawk Ventures, LLC should be imposed on Clayton Bailey and Wendelin Werley, individually, as well as Redhawk Ventures, LLC.

Based upon the foregoing findings of fact is hereby

ORDERED, ADJUDGED AND DECREED by the Court as follows:

1.     Judgment is entered in favor of Plaintiff Hutto Construction Company, Inc. against Defendants Wendelin Werley and Clayton Bailey, individually, for all sums due on the Judgment entered against Redhawk Ventures, LLC in favor of Hutto Construction dated December 12, 2002.

7

2.    Defendants Redhawk Ventures, LLC, Wendelin Werley, and Clayton Bailey shall be given credit for items taken by Hutto Construction Company, Inc. at the time they left the job as reflected by the exhibits in this case toward the judgment due.

3.    Costs of court are taxed against Defendants as part of the judgment.

DONE and ORDERED this 25 day of March, 2005.

Tom Young

ROBERT CAMPBELL
JOHN TINNEY
WILLIAM R MYERS

# EXHIBIT
# 6



## IN THE CIRCUIT COURT OF RANDOLPH COUNTY, ALABAMA

| | |
|---|---|
| BANK OF WEDOWEE<br><br>    Plaintiff,<br><br>v.<br><br>126.49 acres, more or less, located on Highway 431 North of Wedowee, as further described in this complaint; CLAYTON BAILEY; REDHAWK VENTURES, LLC; DARLENE COUCH; PAUL H. ROBINSON, JR; JERRY TOLBERT; REDHAWK'S NEST, A CONDOMINIUM COMMUNITY; AND ANY ADDITIONAL PARTIES A, B, AND C BEING THOSE INDIVIDUALS WHOSE NAMES ARE PRESENTLY UNKNOWN, BUT WILL BE ADDEDBY APPROPRIATE AMENDMENT WHEN ASCERTAINED; and all other persons claiming any, present, future, contingent, remainder, reversion, or other interest in said lands,<br><br>    Defendants. | § § § § § § § § § § § § § § § § § § § § § § § § § § § § |

§  CIVIL ACTION NO. 2005- _037_

# Filed in Office

## FEB 15 2005

**KIM S. BENEFIELD**
Clerk of Circuit Court

### VERIFIED COMPLAINT FOR DECLARATORY JUDGMENT

1.      Plaintiff, Bank of Wedowee (hereinafter "Bank") is an Alabama banking corporation doing business in Randolph County, Alabama.

2.      Defendant, Clayton Bailey (hereinafter "Bailey") is an individual residing at 260 Geneva Drive, East Aurora, New York, 14052, who has done business in Randolph County, Alabama.

3.      Defendant, RedHawk Ventures, LLC, (hereinafter "RedHawk")is an Alabama

1

limited liability corporation which has done business in Randolph County, Alabama. The registered

agent of said Defendant for service of process is Wendelin Werley, Post Office Box 309, Wedowee,

Alabama 36278.

4. Defendant Darlene B. Couch (hereinafter "Couch") is an individual residing at 6738

Mason Creek Road, Douglasville, Georgia, 30135, who is the owner of the following real property

located in Randolph County, Alabama, to-wit:

> Commence at the Southwest corner of Section 34, Township
> 19 South, Range 11 East in Randolph County, Alabama; thence run
> east 816.73 feet; thence run North 2444.10 feet to a hole in a concrete
> driveway and the point of beginning. FROM SAID POINT OF
> BEGINNING, thence run North 69 degrees 16 minutes 45 seconds
> West, 23.47 feet; thence run North 20 degrees 46 minutes 47 seconds
> East, 102.99 feet; thence run South 69 degrees 29 minutes 59 seconds
> East 23.47 feet to an iron pin; thence run South 20 degrees 46
> minutes 47 seconds West 103.08 feet to a hole in a concrete driveway
> and the point of beginning; containing an area of .056 acres, more or
> less.

5. Defendant RedHawk's Nest, A Condominium Community (hereinafter "Redhawk's

Nest"), is an Alabama condominium. The registered agent of said Defendant for service of process

is Wendelin Werley, Post Office Box 309, Wedowee, Alabama 36278.

6. The real property and improvements thereon owned by the Bank described in the

caption to this complaint (hereinafter "Property") is more accurately described as follows:

> Commence at the Southwest corner of Section 34, Township 19
> South, Range 11 East in Randolph County, Alabama; thence run N-
> 2"06'-E along the Section line a distance of 420 feet to the Point of
> Beginning; thence continue N-2"06'-E along the Section line a
> distance of 3215 feet to a point on the South side of LakeWedowee
> (Wedowee Creek) at the approximate 795 foot contour; thence run in
> a Southeasterly direction along the approximate 795 foot contour a
> distance of 2131.4 feet to a point on the 79S foot contour and the
> West Right-of-Way of U.S. Highway No. 431; thence run in a
> Southeasterly direction along the West R.O.W. of U.S. Highway No.
> 431 a distance of 1750 feet to a point on the West R.O.W. of said

2

Highway; thence run B81" 25'-W a distance of 183.2 feet to a point; thence run S-21" 35'-W a distance of 529 feet to a point; thence run West a distance of 672.5 feet to a point; thence run S-16" 36'-W a distance of 210 feet to a point; thence run S-88" 36'-W a distance of 1057.4 feet to a point; thence run B2" 06'-E a distance of 420 feet to a point; thence run S-88" 36'-W a distance of 262 feet to the Point of Beginning. 125 acres more or less of land and improvements, as further described in this complaint, being and lying in the SW1/4 of SW1/4, SW1/4 of SW1/4, NW1/4 of SW1/4, NE1/4 of SW1/4 and the SW1/4 of NW1/4 all in Section 34, Township 19 South, Range 11 East in Randolph County, Alabama and containing 125 acres, more or less. Less and except all easements, ownership and interests of the Alabama Power Company to that portion of the above-described property that lies below the 800-foot mean sea level elevation mark, Huntsville Meridian.

*LESS AND EXCEPT*: Beginning at a monument marking Station 53+00 on West Right of Way line of U.S. Highway 431 Project Number F 167 (9); thence South 19 degrees 11 minutes 55 seconds East along said R.O.W. line 109.19 feet; thence North 81 degrees 25 minutes 00 seconds West 179.11 feet; thence North 81 degrees 25 minutes 00 seconds West 144.34 feet; thence North 13 degrees 42 minutes 42 seconds West 220.00 feet; thence South 81 degrees 25 minutes 00 seconds East 330.00 feet to said West R.O.W. line; thence South 05 degrees 05 minutes 29 seconds East along said R.O.W. line 110.07 feet to the true point of beginning. Containing 1.49 acres, more or less.

*LESS AND EXCEPT:* Commence at the Southwest corner of Section 34, Township 19 South, Range 11 East in Randolph County, Alabama; thence run east 816.73 feet; thence run North 2444.10 feet to a hole in a concrete driveway and the point of beginning. FROM SAID POINT OF BEGINNING, thence run North 69 degrees 16 minutes 45 seconds West, 23.47 feet; thence run North 20 degrees 46 minutes 47 seconds East, 102.99 feet; thence run South 69 degrees 29 minutes 59 seconds East 23.47 feet to an iron pin; thence run South 20 degrees 46 minutes 47 seconds West 103.08 feet to a hole in a concrete driveway and the point of beginning; containing an area of .056 acres, more or less.

3

7. Prior to February 20, 2001 Bailey acquired the Property.

8. On or about February 20, 2001, Bailey entered into a Lease Agreement (hereinafter "Lease") with RedHawk in which RedHawk leased the Property. This leasehold possessory interest, although terminated by Bailey by notice dated August 28, 2003, would otherwise expire on December 31, 2007. The Lease was never recorded; however, a copy of the Lease is attached to an affidavit filed on November 9, 2004 at Book 311, Page 502 in the Probate Office of Randolph County, Alabama, by Philip E. Johns, an attorney who, upon information and belief was acting on behalf of Defendant Darlene Couch. A true and correct copy of the said affidavit with Lease is attached hereto and incorporated herein by reference as Exhibit "1" A true and correct copy of the termination notice from Bailey to RedHawk is attached hereto and incorporated herein by reference as Exhibit "2".

9. On or about May 31, 2001, Bailey executed a promissory note in favor of the Bank (hereinafter "May 2001 Note") in the amount of $629,232.22 A true and correct copy of the May 2001 Note is attached hereto and incorporated herein by reference as Exhibit "3" In order to secure the May 2001 Note, Bailey granted to Bank a first mortgage (hereinafter "First Mortgage") on the

4

Property. A true and correct copy of the First Mortgage is attached hereto and incorporated herein by

reference as Exhibit "4".

10.     On or about April 11, 2002, Bailey executed a renewal note as to the May 2001

Promissory Note in the amount of $600,686.13 (hereinafter "April 11, 2002 Renewal Note"). A true

and correct copy of the April 11, 2002 Renewal Note is attached hereto and incorporated herein by

reference as Exhibit "5". The April 11, 2002 Renewal Note was secured by the First Mortgage.

11.     On or about May 6, 2003, Bailey, by and through Wendelin Werley as his Attorney in

Fact, executed a renewal note as to the April 11, 2002 Renewal Note in favor of the Bank in the

amount of $562,966.11 (hereinafter "May 2003 Renewal Note"). A true and correct copy of the May

2003 Renewal Note is attached hereto and incorporated herein by reference as Exhibit "6". The

May 2003 Renewal Note remains unpaid and is the subject matter of a pending lawsuit filed by Bank

against Bailey in Erie County, New York, Case Number 2004-4266.

12.     On or about October 3, 2001, RedHawk obtained a loan from the Bank in the amount

of $608,541.50 and executed a note in favor of the Bank evidencing the same (hereinafter "October

2001 RedHawk Note"). A true and correct copy of the October 2001 RedHawk Note is attached

hereto and incorporated herein by reference as Exhibit "7". As an inducement to the Bank to make

this loan, Bailey and Wendelin Werley granted an additional mortgage (hereinafter "Second

Mortgage") on the Property. A true and correct copy of the Second Mortgage is attached hereto and

incorporated herein by reference as Exhibit "8".

13. On or about April 10, 2002, Bailey and RedHawk executed a renewal note as to the

October 2001 RedHawk Note in the amount of $1,200,000.00.00 (hereinafter "April 10, 2002

RedHawk Renewal Note"). A true and correct copy of the April 10, 2002 RedHawk Renewal Note is

attached hereto and incorporated herein by reference as Exhibit "9". The April 10, 2002 RedHawk

Renewal Note was secured by the First and Second Mortgages.

14. On or about July 15, 2002, Bailey and RedHawk executed a renewal of the April 10,

2002 RedHawk Renewal Note in the amount of $1,972,336.71 (hereinafter "July 2002 Final Note").

A true and correct copy of the July 2002 Final Note is attached hereto and incorporated herein by

reference as Exhibit "10". The July 2002 Final Note was secured by the existing First and Second

Mortgages and an additional mortgage (hereinafter "Third Mortgage") from Bailey to the Bank on

the Property. A true and correct copy of the Third Mortgage is attached hereto and incorporated

herein by reference as Exhibit "11".

15.     On or about January 31, 2003, RedHawk executed an additional promissory note in favor of the Bank in the amount of $50,115.30 (hereinafter "January 2003 Note"). A true and correct copy of the January 2003 Note is attached hereto and incorporated herein by reference as Exhibit "12". The January 2003 Note was secured by the existing First, Second and Third Mortgages, as well as an additional mortgage (hereinafter "Fourth Mortgage") of the same date executed by Bailey and Wendelin Werley upon the Property. A true and correct copy of the Fourth Mortgage is attached hereto and incorporated herein by reference as Exhibit "13". The January 2003 Note remains outstanding and is subject to the personal Guaranties of Bailey and Wendelin Werley.

16.     On or about February 19, 2002, Wedowee Realty, Inc., by and through its President, Gail Amason, executed a real estate purchase offer and reservation (hereinafter "Offer"). Under the terms of the Offer, Wedowee Realty, Inc. acquired an option to purchase one unit of the subsequently named RedHawk's Nest. This Offer was accepted by RedHawk. A true and correct copy of the Offer is attached hereto and incorporated herein by reference as Exhibit "14".

17.     On or about August 2, 2002, RedHawk executed a Declaration of Condominium for

7

RedHawk's Nest, (hereinafter "Declaration") as to only to only 38.699 acres of the Property under

the Lease. The Declaration designates this 38.699 acre parcel of property as Redhawk's Nest,

(hereinafter the "RedHawk Property") and describes the restrictions and special declarant rights

available to RedHawk and future owners of the proposed condominium. A true and correct copy of

the Declaration is attached hereto and incorporated herein by reference as Exhibit "15".

18.     Attached to the Declaration is a document entitled consent of lessor (hereinafter

"Consent"), in which Bailey, as Trustee of the Clayton Bailey Revocable Trust (hereinafter "Trust"),

as the alleged lessor of the Property purports to consent to the Declaration. However, the Trust is not,

nor has it ever been, the owner of the Property and was not the lessor of the Property who could

consent to the Declaration. A true and correct copy of the Consent is attached hereto and

incorporated herein by reference as Exhibit "16".

19.     The Declaration also created the RedHawk's Nest Homeowners Association, Inc.

(hereinafter "Association"). A true and correct copy of the Articles of Incorporation of the

Association are attached hereto and incorporated herein by reference as Exhibit "17".

20.     On September 23, 2002, RedHawk delivered a Deed to Gail Amason, which describes

8

the property purchased only as the improperly designated Redhawk's Nest Unit M-1 (hereinafter the

"Amason/ Couch Property"). A true and correct copy of this deed is attached as Exhibit "18".

Located upon the Amason/Couch Property is a townhome which shares a party wall with an adjacent

townhome owned by Bank and located upon this Property. On September 20, 2002, Gail Amason

executed a mortgage (hereinafter "Amason Mortgage") to secure a loan from the Bank upon the

Amason/ Couch Property, which was subsequently recorded on September 30, 2002. A true and

correct copy of the Amason Mortgage is attached hereto and incorporated herein by reference as

Exhibit "19".

21.    On September 23, 2002, the Bank executed a partial release from the First, Second,

Third, and Fourth Mortgages upon the Property as to the Amason/ Couch Property (hereinafter

"Mortgage Release"). A true and correct copy of the Mortgage Release is attached hereto and

incorporated herein by reference as Exhibit "20".

22.    On November 12, 2003, the Bank, in accordance with applicable law, foreclosed its

Third Mortgage on the Property, including the Redhawk Property, with the exception of the

Amason/ Couch Property. A true and correct copy of the foreclosure deed is attached hereto and

9

incorporated herein by reference as Exhibit "21".

23. On November 10, 2004, the Bank executed a Quitclaim Deed in favor of Gail

Amason, which contained a metes and bounds description of the Amason/ Couch Property

(hereinafter "Quitclaim Deed"). A true and correct copy of the Quitclaim Deed is attached hereto and

incorporated herein by reference as Exhibit "22".

24. On or about November 10, 2004, Amason sold the Amason/Couch

Property to Darlene Couch. A true and correct copy of the Amason/Couch Deed is attached hereto

and incorporated herein by reference as Exhibit "23." In order to secure a loan to purchase the

Amason/Couch Property, on November 10, 2004, Couch executed a mortgage to Paul H. Robinson,

Jr. and Jerry Tolbert. A true and correct copy of the mortgage is attached hereto and incorporated

herein by reference as Exhibit "24".

25. By virtue of the foreclosure sale conducted on November 12, 2003, the Bank owns all

right, title, and interest in the Property subject to a non-exclusive access easement to Highway 431

from the Amason/ Couch Property upon an existing private road located upon the Property.

26. The Declaration placed the liability for completion of the common areas and

10

roadways upon the declarant, RedHawk, as a special declarant right. RedHawk was liable for the

development of these amenities prior to the foreclosure. However, Upon the conducting of the

foreclosure sale, the special declarant rights were terminated, as was the period of control of the

declarant, RedHawk. Bank never requested a transfer of the special declarant rights as provided in

Alabama Code Section 35-8A-304 from RedHawk in the foreclosure deed or in any other instrument

at anytime. Pursuant to Alabama Code Section 35-8A-304(d) upon foreclosure, all special declarant

rights and duties to complete or improve the RedHawk Property ceased to exist at the time of

foreclosure, as did any period of control by RedHawk. Bank has no duty or liability as to any

improvements or development of the RedHawk Property.

WHEREFORE, the Bank demands judgment as follows:

(a)  The Court should a guardian ad litem to represent all unknown defendants;

(b)  That Plaintiff, Bank, owns the Property in fee simple subject only to the First

Mortgage and Second Mortgage, Fourth Mortgage, existing ad valorem taxes, and a nonexclusive

access easement to the Amason/Couch Property;

(c)  Defendant Couch or any successor in title is the exclusive owner of the Amason/

11

Couch Property in fee simple but subject to any mortgage assumed or granted by her and existing

ad valorem taxes;

    (d)    That the sole right of Couch and any successor owner of the Amason/Couch

Property as to the Property is a nonexclusive access easement over the most direct route on the

existing private road on the Property owned by the Bank to Alabama Highway 431;

    (e)    That the Declaration of RedHawk's Nest is void;

    (f)    That the Lease has been terminated and is of no effect;

    (g)    That the Plaintiff and Couch and their successors in title have common and

statutory duties to one another as to the party wall between the Property and the Amason/Couch

Property;

    (h)    That the Court award the Plaintiff such other, further or different relief as may be

just and proper.

Roger C. Campbell, President and CEO
Of Bank of Wedowee

12

STATE OF ALABAMA                    '

COUNTY OF RANDOLPH                  '

I, the undersigned authority, a Notary Public in and for said county and said state, hereby certify that Bank of Wedowee by its President and Chief Executive Officer, Roger E. Campbell, who is known to me, acknowledged before me on this day that, being informed of the contents of this instrument, he, as such Officer and with full authority, executed the same voluntarily for and as the act of said corporation

GIVEN under my hand and official seal, this the _15th_ day of _Feb._ , 20 _05_.


Notary Public _Tommy Holmes_
My Commission Expires: _11-29-2005_


Robert P. Reynolds
Attorney Code REY007
Attorney for Plaintiff, Bank of Wedowee


Justin B. Little
Attorney Code LIT006
Attorney for Plaintiff, Bank of Wedowee

OF COUNSEL:
REYNOLDS, REYNOLDS & DUNCAN, LLC
Post Office Box 2863
Tuscaloosa, Alabama 35403
Phone: 205-391-0073
Fax: 205-391-0911
rreynolds@rrdlaw.com
File No. 63.0001

13

# EXHIBIT
# 7

IN THE CIRCUIT COURT OF RANDOLPH COUNTY, ALABAMA

| | | |
|---|---|---|
| BANK OF WEDOWEE | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | |
| | § | CIVIL ACTION NO. 2005-037 |
| 126.49 acres, more or less, located | § | |
| on Highway 431 North of Wedowee, | § | |
| as further described in this complaint; | § | |
| CLAYTON BAILEY, et als. | § | |
| | § | |
| Defendants. | § | |

## DESIGNATION OF JOE FRANK HUTTO CONSTRUCTION COMPANY, INC. AS FICTICIOUS DEFENDANT "A".

COMES NOW Plaintiff, Bank of Wedowee, by and through its counsel of record and designates Ficticious Defendant "A" as Joe Frank Hutto Construction Company, Inc., ("Hutto"), located at 310 Coosa Street East, Talledega, Alabama, 35160-2276. Upon information and belief, Hutto is represented by John A. Tinney, Esquire, Post Office Box 1430, Roanoke, Alabama, 36274. Plaintiff designates Hutto as a Defendant on grounds that the Plaintiff has become aware that Hutto has obtained a Judgment against Clayton Bailey and Red Hawk Ventures, LLC. Plaintiff hereby restates and realleges all material allegations contained in the Complaint for Declaratory Judgment as filed in this matter in the Circuit Court of Randolph County, Alabama on the 15th day of February, 2005.

Robert P. Reynolds
Attorney Code REY007

-1-

Justin B. Little
Attorney Code LIT006
Attorneys for Plaintiff, Bank of Wedowee

OF COUNSEL:
REYNOLDS, REYNOLDS & DUNCAN, LLC
Post Office Box 2863
Tuscaloosa, Alabama 35403
Phone: 205-391-0073
Fax: 205-391-0911
rreynolds@rrdlaw.com
File No. 63.0003

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Designation of Joe Frank Hutto Construction Company, Inc. As Ficticious Defendant "A" has been served upon the following by first class United States mail, properly addressed with postage prepaid, on this the 24th day of May, 2005.

Clayton O. Bailey
C/O William R. Myers, Esq.
2125 Morris Ave.
Birmingham, Alabama 35203

Clayton O. Bailey
260 Geneva Drive
East Aurora, New York 14052

J. David Martin, Esq.
George W. Walker, Esq.
Copeland, Franco, Screws, & Gill, P.A.
Post Office Box 347
Montgomery, Alabama 36101-0347

John A. Tinney, Esq.
Post Office Box 1430
Roanoke, Alabama, 36274

Joe Frank Hutto, Sr.
Joe Frank Hutto Construction Company, Inc.
310 Coosa Street East
Talledega, Alabama, 35160-2276

Greer B. Mallette, Esq.
Richard E. Smith, Esq.
Christian & Small, LLP
505 20th Street North
Suite 1800
Birmingham, Alabama 35203-2696

Kesa M. Johnston, Esq.
Oliver Kitchens, P.C.
Post Office Box 486
Roanoke, Alabama 36274

Of Counsel for Plaintiff Bank of Wedowee

051705Hutto 0003.wpd

# EXHIBIT
# 8

*Typed    12/28/3*

IN THE CIRCUIT COURT OF
RANDOLPH COUNTY, ALABAMA

BANK OF WEDOWEE                    )

      PLAINTIFF                    )

VS.                                            )          CASE NO. CV 2005-37

126.49 ACRES, MORE OR LESS        )

     DEFENDANT                    )

## ANSWER

Comes now Joe Frank Hutto Construction Company, Inc. and denies all the allegations of the Complaint and demands strict proof of the same.

Defendant Joe Frank Hutto Construction Company, Inc. would further state that it has a valid Judgment dated December 12, 2002, in the amount of $328,000 which the property the subject of this action is subject to which has not been precluded by the foreclosure by the Bank of Wedowee of its mortgage recorded on August 29, 2002.

John A. Tinney        TIN005
Attorney for Hutto
Post Office Box 1430
739 Main Street
Roanoke, Alabama  36274
(334) 863-8945

## CERTIFICATE OF SERVICE

This is to certify that I have this day served counsel for the opposing party in the foregoing matter with a copy of this pleading by faxing or by depositing a copy of the same in the United States Mail, in an envelope with adequate postage prepaid thereon and properly addressed to him

Robert Reynolds
Reynolds, Reynolds & Duncan
Post Office Box 2863
Tuscaloosa, Alabama  35403-2863

William R. Meyers
Joseph T. Minor
Najar, Denaburg
2125 Morris Avenue
Birmingham, Alabama 35203-4274

Greer B. Mallette
Richard E. Smith
Christian and Small
505 20th Street N - Suite 1800
Birmingham, Alabama  35203

Kesa Johnston
Post Office Box 486
Roanoke, Alabama  36274

 Phillip E. Johns
Johns & Johns
6782 West Broad Street
Douglasville, Georgia  30134

This _____ day of December, 2005.


John A. Tinney TIN005
Attorney for Hutto

# EXHIBIT
# 9

**IN THE CIRCUIT COURT OF RANDOLPH COUNTY, ALABAMA**

| | |
|---|---|
| BANK OF WEDOWEE | § |
| | § |
| Plaintiff, | § |
| | § |
| vs. | § |
| | §     CIVIL ACTION NO. 2005-37 |
| 126.49 acres, more or less, located | § |
| on Highway 431 North of Wedowee, | § |
| as further described in this complaint, et als | § |
| | § |
| Defendants. | § |

## MOTION FOR VOLUNTARY DISMISSAL BY PLAINTIFF

COMES NOW Plaintiff and, pursuant to Rule 41(a)(2) of the Alabama Rules of Civil Procedure, moves this Honorable Court to enter an Order of Dismissal Without Prejudice and as grounds therefore states as follows:

1. Since the filing of this proceeding, Defendant, Darlene B. Couch, has conveyed her interest in the property which formed, in part, the subject matter of this proceeding to Plaintiff.

2. Since the filing of this proceeding, Defendants, Jerry Tolbert and Paul H. Robinson, Jr., have released the mortgage which they held upon the property owned by Defendant, Darlene B. Couch.

3. Since the filing of this proceeding, the leasehold interest of Defendant, Red Hawk Ventures, LLC, in and to a portion of the property forming the subject matter of this suit was acquired by Plaintiff at a foreclosure sale.

4. A default has been entered against Defendant, RedHawk's Nest, a Condominium Community.

5. Defendants, Red Hawk Ventures, LLC and Clayton Bailey, have been dismissed pro tanto and are no longer parties to this proceeding.

6. Pending before the Court is a motion to sever the third party complaint.

7. The Third Party Complaint between Defendant, Darlene B. Couch, and Third Party Defendant, Gail Amason, shall remain unaffected by this motion.

CASE NO. CV-2005-37
PAGE 2


WHEREFORE, Plaintiff moves this Honorable Court to enter an order dismissing Plaintiff's complaint without prejudice and grant to Plaintiff such other and further relief to which it may be entitled.


_____
Robert P. Reynolds
Attorney for Plaintiff, Bank of Wedowee

OF COUNSEL:
Reynolds, Reynolds & Duncan, LLC
Post Office Box 2863
Tuscaloosa, Alabama 35403
Phone: 205-391-0073
Fax: 205-391-0911
rreynolds@rrdlaw.com
File No. 63.0003


## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing pleading has been served upon the following by first class United States mail, properly addressed with postage prepaid, on this the 27th day of January, 2006:

George W. Walker, Esq.
Copeland, Franco, Screws & Gill, P.A.
Post Office Box 347
Montgomery, Alabama 36101

J. David Martin, Esq.
Copeland, Franco, Screws & Gill, P.A.
Post Office Box 347
Montgomery, Alabama 36101

CASE NO. CV-2005-37
PAGE 3

John A. Tinney, Esq.
Post Office Box 1430
Roanoke, Alabama 36274

Richard E. Smith, Esq.
Christian & Small, LLP
505 20th Street N., Suite 1800
Birmingham, Alabama 35203

Greer B. Mallette, Esq.
Christian & Small, LLP
505 20th Street N., Suite 1800
Birmingham, Alabama 35203

Kesa M. Johnston, Esq.
Oliver Kitchens, P.C.
Post Office Box 486
Roanoke, Alabama 36274

Joseph T. Miner, Esq.
Najjar Denaburg, P.C.
2125 Morris Avenue
Birmingham, Alabama 35203

MotVoluntaryDismiss 003.wpd

_____
Of Counsel for Bank of Wedowee

# EXHIBIT 10

IN THE CIRCUIT COURT OF
RANDOLPH COUNTY, ALABAMA

| | | |
|---|---|---|
| BANK OF WEDOWEE | ) | |
| PLAINTIFF | ) | |
| VS. | ) | CASE NO. CV 2005-37 |
| 126.49 ACRES, MORE OR LESS | ) | |
| DEFENDANT | ) | |

## OBJECTION TO VOLUNTARY DISMISSAL BY PLAINTIFF

Comes now Joe Frank Hutto Construction Company, Inc., named Defendant in the above case, and objects to dismissal of this action in its entirety as concerns the issues raised by Joe Frank Hutto Construction Company, Inc. in its answer.

John A. Tinney     TIN005
Attorney for Hutto
Post Office Box 1430
739 Main Street
Roanoke, Alabama  36274
(334) 863-8945

# EXHIBIT
# 11

## IN THE CIRCUIT COURT OF RANDOLPH COUNTY, ALABAMA

BANK OF WEDOWEE         §

     Plaintiff,           §
                        §

vs.                           §

§         CIVIL ACTION NO. 2005-37

126.49 acres, more or less, located    §
on Highway 431 North of Wedowee,    §
as further described in this complaint; et als    §
                        §

     Defendants.        §

## ORDER GRANTING MOTION FOR VOLUNTARY DISMISSAL BY PLAINTIFF

     The Court having reviewed the Motion for Voluntary Dismissal by Plaintiff pursuant to Rule 41(a)(2) of the Alabama Rules of Civil Procedure and having further reviewed the previous Motion to Sever the Third Party Complaint, the court is of the opinion said motion is due to be granted.

     It is, therefore, ORDERED, ADJUDGED and DECREED as follows:

1.     The Plaintiff's complaint is hereby dismissed without prejudice.

2.     The Motion to Sever the Third Party Complaint is moot.

3.     Subsequent to the forwarding of a copy of this order to all attorneys who have appeared in this proceeding, the Clerk is authorized to restrict all further notices to counsel to Darlene B. Couch and third party defendant, Gail Amason.

4.     Costs are taxed as paid.

ORDERED this the _____*8th*_____ day of *February*____, 2006.

ROBERT REYNOLDS
JOHN TINNEY
KESA JOHNSTON
RICHARD SMITH
GEORGE WALKER

order 0003.wpd

_*Ray D Martin*_____
Circuit Judge

**Filed in Office**

FEB 8   2006

KIM S. BENEFIELD
Clerk of Circuit Court