IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| HUTTO CONSTRUCTION, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 3:06CV404-T |
| ) | |
| BUFFALO HOLDINGS, LLC., ) | |
| ) | |
| Defendant. ) | |

**MOTION TO STRIKE AND RESPONSE TO PLAINTIFF'S REPLY BRIEF**

Buffalo Holdings, LLC ("Buffalo") moves to strike the evidentiary materials submitted by Hutto in its Reply to Defendant's Supplemental Brief [cited as "Hutto Reply"] and responds to such pleading by Hutto as follows:

**Background**

Buffalo moved for summary judgment on July 6, 2006; Hutto filed its response on August 11, 2006; and the motion for summary judgment was heard on February 2, 2007. Buffalo's primary basis for summary judgment was that Hutto had not named the mortgagee of record in any suit to enforce its lien, as required under Alabama law.[1] The Court, *sua sponte*, asked the parties why the Court could not grant summary judgment based on the record before the Court, on the ground that no suit had been filed to enforce a mechanic's lien within the six-month period required under law, and invited Buffalo to file a brief addressing such issue. Hutto was given the opportunity to file a responsive brief. Buffalo filed its brief on February 23, 2007. Hutto, instead of filing a responsive brief, filed a pleading and submitted evidentiary materials[2] in what amounts to an effort to supplement (a) Hutto's opposition to summary judgment, and (b) the record at this the summary judgment stage of this case. Buffalo moves the Court to strike the evidentiary materials and arguments in support of the same, on procedural grounds, and, in the argument portion of this

---

[1] Lily Flagg Bldg Supply Co., Inc. v. Medlin & Co, 232 So. 2d 643 (Ala. 1970).

[2] Hutto submitted pleadings and the final order in Case No. 03-113, Joe Frank Hutto Constr. Co., Inc. v. Clayton Bailey, Clayton Bailey Revocable Trust, Wendelin Werley, and Redhawk Ventures, LLC [herein cited as the "Bailey suit"].

pleading, Buffalo demonstrates that the evidentiary materials submitted by Hutto are insufficient to comply with Alabama lien law on substantive grounds.

## MOTION TO STRIKE

Buffalo moves to strike the evidence and arguments related to the lien suit presented in Hutto's Reply Brief, filed February 23, 2007, on grounds that such evidence: (1) is untimely, having been filed beyond the date Hutto was required to oppose Buffalo's motion for summary judgment[3]; and (2) is in violation of Section 2 of this Court's Uniform Scheduling Order, which requires all dispositive motions and supporting evidence to be filed 90 days prior to the pretrial hearing.

Moreover, Hutto did not plead that it held a perfected mechanic's lien[4] and, under Section 4 of the Court's Uniform Scheduling Order, the time for amendment of pleadings expired on September 1, 2006.

Summary judgment must be decided based upon the record before the Court which, in this case, lacks any evidence that Hutto filed a suit to enforce its mechanic's lien within the six-month statutory period, and obtained a judgment in such suit enforcing its mechanic's lien.

## ARGUMENT

### A. No Judgment Was Entered in the Lien Suit Establishing a Mechanic's Lien.

Hutto's evidence–that a suit was *filed* to enforce a mechanics lien–is infirm, since no judgment was entered in such suit establishing a mechanic's lien. The complaint submitted by Hutto as evidence that it sued to enforce a mechanic's lien[5] contains a count to enforce a mechanic's lien. The order entered in that action, however, does not enter a judgment establishing a mechanic's lien. The order merely accomplishes the piercing of the corporate veil of RedHawk Ventures, LLC, and grants a judgment in favor of Hutto "for all sums due on the Judgment entered against Redhawk

---

[3] This Court's July 25, 2006 Order required that plaintiff's brief in opposition to summary judgment and all evidentiary materials be filed by August 11, 2006.

[4] Hutto does not hold a perfected mechanic's lien, as set forth below.

[5] Hutto Reply, Exhibit 2.

Ventures, LLC in favor of Hutto Construction dated December 12, 2002."[6] That prior judgment was a money judgment entered in favor of Hutto against Redhawk and was not a judgment establishing a mechanic's lien.[7]

Alabama law requires that a suit be filed to enforce a mechanic's lien within six months following the date the last work was performed–and that a mechanic's lien cannot be perfected unless and until a judgment is rendered enforcing a lien in that action.[8]

Thus, summary judgment should be granted in favor of Buffalo on grounds that Hutto has not obtained a judgment enforcing a mechanic's lien on the property *sub judice* in any action, and thus improperly seeks in this action to enforce a money judgment against Buffalo, who is not liable for such judgment under any theory.[9]

### B. Hutto's Supplemental Materials Strengthens Buffalo's Primary Ground for Summary Judgment, that the Mortgagee of Record Was Not Named in any Lien Suit.

Buffalo's primary argument on summary judgment was that the mortgagee of record was not named in any suit to enforce a mechanic's lien, and, accordingly, that Hutto's judgment was inferior to the Bank of Wedowee's mortgage, which was foreclosed, extinguishing Hutto's lien, under the rule of law set forth in Lily Flagg Bldg Supply Co., Inc. v. Medlin & Co., 232 So. 2d 643 (Ala. 1970). Hutto's revelation of the complaint and order in the Bailey suit strengthens Buffalo's

---

[6] Hutto Reply, Exhibit 5.

[7] See Hutto Construction's Brief in Opposition to Summary Judgment, Exhibit 2.

[8] Ex parte Grubbs, 571 So. 2d 1119, 1120 (Ala. 1990)(court interpreted Alabama mechanic's lien statute to require that "liability for the debt be established and that a money judgment be entered against the debtor as a prerequisite to perfecting and enforcing the lien.").

[9] The judgment debtor in the first judgment is Redhawk Ventures, LLC; the judgment debtors in the second judgment (order) are Clayton Bailey, *et al* –not Buffalo. RedHawk does not appear in Buffalo's chain of title as RedHawk was never an owner of the subject property. The Bank was not named as a defendant in either lawsuit. The judgment and order are outside the chain of title of Buffalo, therefore, who holds title under a deed from Bank of Wedowee, who in turn holds title by virtue of a foreclosure deed recorded on November 12, 2003 (see Buffalo's Evidentiary submission in support of Summary Judgment, Tab C), thus prior to the entry of the judgment and the order (see Hutto Construction's Brief in Opposition to Summary Judgment, Exhibit 5.).

argument, since they prove that, not only did Hutto not name the mortgagee of record in a suit to enforce a mechanic's lien, Hutto has not obtained a judgment <u>enforcing</u> a mechanic's lien against the property *sub judice* in any action.

### SUMMARY

Buffalo moved for summary judgment on the ground that Alabama law requires a mechanic lienor seeking to enforce its lien to name as a defendant in the enforcement action any mortgagee of record, failing which the lienor's judgment will be junior to the mortgage. Hutto opposed the motion for summary judgment on a single ground, namely, that the Bank of Wedowee (Buffalo's successor in title) had knowledge of work performed by Hutto before it recorded its mortgage, and, accordingly, under <u>U.S. v. Carmichael</u>, 433 F.Supp.2d 1259 (M.D. Ala. 2006), Buffalo is not entitled to summary judgment under Alabama law.

In its response to Hutto's opposition to summary judgment, Buffalo demonstrated that the alleged knowledge of the Bank of work performed was not relevant, and that summary judgment was proper under <u>Lily Flagg</u>.

At the hearing on summary judgment, much of the argument was directed to the knowledge issue, until the Court raised the issue of whether summary judgment could be granted on the ground that no suit had been filed to perfect a mechanic's lien within the six-month statutory period. Hutto responded by attempting to place in the record a complaint in which Hutto sought a mechanic's lien, but the order in the case did not enforce a mechanic's lien, but merely allowed Hutto to pierce the corporate veil of Redhawk Ventures and obtain a money judgment against Clayton Bailey. The order in that case was not in Buffalo's chain of title, however.[10]

Accordingly, the arguments regarding the relevance of knowledge–which was discussed in the context and on the assumption that Hutto had established a mechanic's lien against the property[11]–are now moot. Hutto is not a mechanic's lienor, and cannot obtain relief under any

---

[10]Bailey was no longer the record owner of the property at the time of the money judgment; the Bank's foreclosure deed was recorded well before entry of the order.

[11] Thus creating the issue of whether the Bank of Wedowee's knowledge of work done to give rise to that lien.

4

statute or decision regarding mechanic's liens. Hutto finds itself in the position of a judgment creditor who elected to pursue its contracting party, Redhawk Ventures, and the principals of RedHawk, in lieu of pursuing its rights against the property *sub judice* under mechanic's lien law.

### CONCLUSION

For the reasons set forth herein, Buffalo's motion to strike should be granted and summary judgment should be granted in favor of Buffalo dismissing this action on the ground that no judgment has been obtained by Hutto establishing a mechanic's lien upon the property *sub judice,* and the judgments Hutto does hold are not in Buffalo's chain of title and do not bind Buffalo.

Respectfully submitted,

s/ Guy V. Martin, Jr.
GUY V. MARTIN, JR. (MAR011)
MARTIN, RAWSON & WOOSLEY, P.C.
#2 Metroplex, Suite 102
Birmingham, Alabama 35209
(205) 802-1100
(205) 802-1133-facsimile

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this the  2nd  day of March, 2007, that I electronically filed the forgoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

John A. Tinney, Esq.
Counsel for Plainitff

s/ Guy V. Martin, Jr.
OF COUNSEL