3:06cv404-MHT

ENTIRE RECORD IN RANDOLPH
COUNTY CIRCUIT COURT CIVIL
ACTION NO. CV 03-113 FILED
PURSUANT TO THE ORDER OF
3/8/2007 AS SUPPLEMENTAL
EVIDENCE.

```
.0351                                               CV 2003 000113.00

                                              JUDGE: ASSIGNED JUDGE
```

## ALABAMA JUDICIAL DATA CENTER
## CASE ACTION SUMMARY
## CIRCUIT CIVIL

IN THE CIRCUIT  COURT OF  RANDOLPH    COUNTY

JOE FRANK HUTTO CONSTRUCTION CO INC VS CLAYTON O BAILEY    *Pla 4-28-04*
FILED:  08/26/2003 TYPE: REAL PROPERTY        TYPE TRIAL: ~~NON~~-JURY   TRACK:

*with drawn Chris Albright* ~~#100~~

| | | | |
|---|---|---|---|
| DATE1: | CA: | *11-16-04 DISPOSE:* | *Tinney, John* |
| DATE2: | AMT: | $348,000.00 PAYMENT: | *PO Box 1430, Roanoke, AL* |
| DATE3: | | *Oxford, AL 36203* | |

PLAINTIFF  001: HUTTO JOE FRANK CONST CO INC
                                    ATTORNEY: CAMPBELL ROBERT JAMES
                                              CAM059  ~~SUITE 400~~
          , AL  00000-0000      *1819 Fifth Ave N.*  ~~2001 PARK PLACE~~
          PHONE: (256)000-0000                 BIRMINGHAM, AL  35203
ENTERED:  08/26/2003 ISSUED:          TYPE:    ~~(205)251-2531~~
SERVED:           ANSWERED:           JUDGEMENT: *521-8000*

DEFENDANT  001: BAILEY CLAYTON O
                260 GENEVA RD          ATTORNEY: *Myers, William R*
*9/22/03*                                        *Glass, Kimberly*
*Unclaimed*     EAST AURORA, NY  14052-0000     *2125 Morris Ave*
                PHONE: (256)000-0000            *B'ham, AL 35203*
ENTERED:  08/26/2003 ISSUED:  08/26/2003 TYPE:  CERTIFIED
SERVED: *11-16-03*  ANSWERED: *4-12-04*  JUDGEMENT: *205-250-8400*

DEFENDANT  002: BAILEY CLAYTON, TRUSTEE
                CLAYTON O BAILEY REVOCABL ATTORNEY: *Myers, William R*
*9/22/03*       TRUST 260 GENEVA RD              *Miner, Todd*
*Unclaimed*     EAST AURORA, NY  14052-0000
                PHONE: (256)000-0000
EN~~TER~~ED:  08/26/2003 ISSUED:          TYPE:  CERTIFIED
SERVED: *11-16-03*  ANSWERED: *4-12-04*  JUDGEMENT:

DEFENDANT  003: WERLEY WENDELIN S
                P O BOX 309            ATTORNEY: *Myers, William R*

                WEDOWEE, AL  36278-0000        *cert.*
                PHONE: (256)000-0000
ENTERED:  08/26/2003 ISSUED:  08/26/2003 TYPE:  ~~SHERIFF~~
SERVED: *9-9-03*  ANSWERED: *4-12-04*  JUDGEMENT:

DEFENDANT  004: REDHAWK VENTURES LLC
                P O BOX 309            ATTORNEY: *Myers, William R*

                WEDOWEE, AL  36278-0000        *cert.*
                PHONE: (256)000-0000
ENTERED:  08/26/2003 ISSUED:  08/26/2003 TYPE:  ~~SHERIFF~~
SERVED: *9/2/03*  ANSWERED: *4-12-04*  JUDGEMENT:

*9-22-03 | Atty notified of return on all def's IB*
*11-6-03 | Pla Motion to Appoint Process Server*
*11-14-03 | Order appointing process server*
*12-29-03 | Def's Motion to Dismiss ---- 1/8/04 M/D set for 2-19-04*
*2-18-04 | Pla's Notion of Filing Affidavit / Opposition to Defs M/D*
*2-23-04 Order denying defs Motion to Dismiss - Copy mailed*
*to attys. IB*

```
IB  08/26/2003                                    CV 2003 000113.00
```

```
 ,2                                        CV 2003 000113.00
                              JUDGE: ASSIGNED JUDGE
--------------------------------------------------------------
                 ALABAMA JUDICIAL DATA CENTER
              CASE ACTION SUMMARY CONTINUATION
                       CIRCUIT CIVIL
--------------------------------------------------------------
  I   E CIRCUIT  COURT OF  RANDOLPH    COUNTY
--------------------------------------------------------------
  JOE FRANK HUTTO CONSTRUCTION CO INC VS CLAYTON O BAILEY
FILED:  08/26/2003 TYPE:   REAL PROPERTY     TYPE TRIAL:  NON-JURY  TRACK:
**************************************************************
DATE1:          CA:                    CA DATE:
DATE2:          AMT:        $.00   PAYMENT:
**************************************************************
```

| Date | Entry |
|------|-------|
| 4-12-04 | Def's Answer |
| 4-23-04 | Pld's Amendment to Complaint |
| 4-28-04 | Pla's Jury Demand |
| 6-16-04 | Def's Ans. to Pla's Amended Complaint filed |
| 7-21-04 | Case set for trial on 9-7-04 at 9:00 am copies mailed to attorneys |
| 8-2-04 | Pla's Notice of taking deps |
| 8-9-04 | Def's Notice of depo |
| 8-25-04 | Def's Motion to Continue  Def's Counterclaim |
| 8-22-04 | Pla's Answer to Counterclaim |
| 11-12-04 | Def's Notice of Depo |
| 11-16-04 | Notice of Withdrawal |

---

Session - PASSPORT                        March 21, 2005, 11:26:17

---

OC01     ON-LINE CASE ACTION SUMMARY COUNTY: 56 RANDOLPH    OFFICE: 5    OCSOC01

CASE NUMBER: CV 2003 000113 00    TRANS DATE/TIME: 01012005 0000    JID: XXX
  STYLE/NAME: JOE FRANK HUTTO CONSTRUCTION CO INC VS CLAYTON O BAI PC PRNTR: N

| ACT | DATE | TIME | CODE | COMMENTS | OPE |
|-----|------|------|------|----------|-----|
| | 01242005 | 1422 | DAT1 | SET FOR: TRIAL - JURY ON 02/28/2005 AT 0900A(AV01) | KIB |
| | 02162005 | 1535 | TEXT | DEF'S WITNESS AND EXHIBIT LIST | KIB |
| | 02182005 | 1323 | TEXT | C001 WITNESS & EXHIBIT LISTS FILED | RHH |
| | 03212005 | 1058 | STAT | CASE ASSIGNED STATUS OF: DISPOSED          (AV01) | KIB |
| | 03212005 | 1058 | CACJ | COURT ACTION JUDGE: TOM. F. YOUNG JR.      (AV01) | KIB |
| | 03212005 | 1058 | DISP | DISPOSED ON: 03/21/2005 BY (BENCH VERDICT)  (AV01) | KIB |
| | 03212005 | 1058 | PDIS | C001 DISPOSED BY (BENCH VERDICT)  ON 03/21/2005 | KIB |
| | 03212005 | 1058 | PDIS | D001 DISPOSED BY (BENCH VERDICT)  ON 03/21/2005 | KIB |
| | 03212005 | 1058 | PDIS | D002 DISPOSED BY (BENCH VERDICT)  ON 03/21/2005 | KIB |
| | 03212005 | 1058 | PDIS | D003 DISPOSED BY (BENCH VERDICT)  ON 03/21/2005 | KIB |
| | 03212005 | 1058 | PDIS | D004 DISPOSED BY (BENCH VERDICT)  ON 03/21/2005 | KIB |
| | 03212005 | 1104 | TEXT | ORDER FOR DEFS | KIB |

| Date | Entry |
|------|-------|
| 3-21-05 | Copy of Order mailed to attys. KB |
| 3-29-05 | Order setting aside Order of 3-21-05 |
| 3-29-05 | Final Order. Copy mailed to attys. KB |

| State of Alabama<br>Unified Judicial System<br><br>Form C-7 Rev. 2/79 | CASE ACTION SUMMARY<br>CONTINUATION | Case Number<br>CV 03 113<br>ID   YR   Number |
|---|---|---|

Style: Joe Frank Hutto vs. Clayton O. Bailey     Page Number _____ of _____ Pages

| DATE | ACTIONS, JUDGMENTS, CASE NOTES |
|---|---|
| 4-28-05 | Def's Motion for New Trial and Stay of Execution |
| 5-12-05 | Order denying Motion. Copy mailed to attys. KB |

# IN THE CIRCUIT COURT OF RANDOLPH COUNTY, ALABAMA

| | | |
|---|---|---|
| JOE FRANK HUTTO CONSTRUCTION<br>COMPANY, INC.,<br>    Plaintiff, | ) ) ) ) | |
| vs. | ) | Case No. CV-03-113 |
| CLAYTON O. BAILEY and WENDELIN S.<br>WERLEY, et al.,<br>    Defendants. | ) ) ) ) | |

**Filed in Offic**

MAY 1 2 2005

KIM S. BENEFIELD
Clerk of Circuit Court

## <u>ORDER</u>

This matter came before the Court on a Defendant's Motion for New Trial and for Stay of Execution of Judgment and the Court having carefully considered the same, said motion is hereby Denied.

The Clerk of the Court is to mail a copy of this Order to counsel of record and any unrepresented party.

SIGNED this the 12th day of May, 2005.

TOM F. YOUNG, JR.
Circuit Judge

JOHN TINNEY
ROBERT CAMPBELL
WILLIAM R MYERS

# IN THE CIRCUIT COURT OF RANDOLPH COUNTY, ALABAMA

| | | |
|---|---|---|
| **JOE FRANK HUTTO** | ) | |
| **CONSTRUCTION COMPANY, INC.,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **CIVIL ACTION NO:** |
| **v.** | ) | |
| | ) | **CV-03-113** |
| **CLAYTON O. BAILEY and** | ) | |
| **WENDELIN S. WERLEY, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**Filed in Office**

APR 2 8 2005

KIM S. BENEFIELD
Clerk of Circuit Court

## DEFENDANT'S MOTION FOR NEW TRIAL AND FOR STAY OF EXECUTION OF JUDGMENT

**COME NOW** the Defendants in the above-styled action and pursuant to Ala. R. Civ. P. 59 respectfully move the Court to enter an order which grants a new trial on all issues previously tried by the Court in this matter. In addition, Defendants respectfully request the Court to stay the execution of and any proceedings seeking to enforce the judgment entered by the Court in this matter. The Court having entered its Order of March 29, 2005, entering judgment and specific findings of fact in favor of the Plaintiff and against Defendants on the plaintiff's claim to a pierce the corporate veil of Redhawk Ventures, LLC, holding the Defendants personally liable. Defendants aver that, the parties having been fully heard on this issue, there exists no legal evidentiary basis by which the Court could find in favor of the plaintiff under the controlling law. Defendants respectfully submit that the evidence presented at the trial of this case is insufficient to support the Court's Order granting judgment in favor of the Plaintiff and against the Defendants and the findings and

conclusions set forth in that Order are against the great weight of the evidence. In support of this motion, Defendants state as follows:

On March 29, 2005, following the parties' presentation of testimony and evidence presented at the trial in the above-styled case and the Court's review of the applicable law as briefed by counsel for both the plaintiff and the defendants, the Court entered its Order granting a judgment in favor of the Plaintiff, including findings of fact and conclusions of law. Prior to testimony, counsel presented trial briefs to the Court. The plaintiff sought an order of this Court holding the individual members of a properly formed Alabama LLC personally liable for the debts of that company. Defendants averred that the shield of liability provided should not be removed and the individual defendants not be found liable for any debts or obligations of the LLC.

It has long been recognized under the law in Alabama that "a corporation is a distinct entity, to be considered separate and apart from the individuals who compose it." *Messick v. Moring*, 514 So. 2d 892, 894 (Ala.1987)(quoting *Moore & Handley Hardware Co. v. Towers Hardware Co.*, 87 Ala. 206, 210, 6 So. 41, 43 (Ala. 1889)). However, there do exist circumstances whereupon this separate entity will be disregarded under the doctrine of "piercing the corporate veil." *Messick*, 514 So. 2d at 894. "Piercing the corporate veil is not a power that is lightly exercised. The concept that a corporation is a legal entity existing separate and apart from its shareholders is well settled in [Alabama]." *Simmons v. Clark Equipment Credit Corp.*, 554 So. 2d 398, 400 (Ala. 1989) (citing *Co-Ex Plastics, Inc. v. AlaPak, Inc.*, 536 So. 2d 37 (Ala.1988)). The Alabama Limited Liability Company Act

provides that members of an LLC are protected from liability to third parties "for a debt, obligation, or liability of the limited liability company, whether arising in contract, tort, or otherwise." ALA CODE § 10-12-20.

In asking this Court to ignore the corporate existence of Redhawk Ventures, LLC, and therefore the protection from liability afforded to its members, the plaintiff "must show fraud in asserting the corporate existence or must show that recognition of the corporate existence will result in injustice or inequitable consequences." *Simmons*, 554 So. 2d at 400. "[T]he corporate entity will be disregarded when it is used solely to avoid a personal liability of the owner while reserving to the owner benefits gained through use of the corporate name." *Messick v. Moring*, 514 So. 2d at 894 (citing *Bon Secour Fisheries, Inc. v. Barrentine*, 408 So. 2d 490 (Ala. 1981)).

Courts have considered several factors in considering whether the recognition of the corporate shield is inequitable. While non are determinative, several factors have been identified:

> The corporate veil may be pierced where a corporation is set up as a subterfuge, where shareholders do not observe the corporate form, where the legal requirements of corporate law are not complied with, where the corporation maintains no corporate records, where the corporation maintains no corporate bank account, where the corporation has no employees, where corporate and personal funds are intermingled and corporate funds are used for personal purposes, or where an individual drains funds from the corporation.

*See Galactic Employer Services, Inc. v. McDorman*, No. 2020094, 2003 WL 21569815 at *6 (Ala.Civ.App. July 11, 2003). In Alabama, courts consider the "totality of the circumstances" and no one factor, apart from fraudulent conduct, is determinative. *See*

3

Bradley J. Sklar & W. Todd Carlisle, *The Alabama Limited Liability Company Act*, 45 ALA. L. REV. 145, 200-02 (1993).

A great majority of the evidence before the Court at trial was considered under traditional *corporate* veil standards. Counsel for the plaintiff made several references on the record to the Defendant "corporation" and even "limited liability *corporation*", although such entity, Redhawk Ventures, LLC, is a Limited Liability Company and not a corporation. In its Order, the Court repeatedly refers to the LLC as a corporation. Its holding that the familial relationship between the individual Defendants renders the LLC a closely-held corporation provides no legal basis for this determination. The evidence shows that Redhawk Ventures, LLC, is a properly formed and organized limited liability company.

As the Defendants point out in the Defendants' Trial Brief, the Alabama Limited Liability Company Act (hereinafter the "LLC Act") specifically requires less stringent requirements as to the formation and operation of an LLC than do the corporate statutes in Alabama. As a result, the present state of the law in Alabama as to "piercing the veil" is fashioned to apply to corporations and cannot be equitably applied to an LLC. However, the Court specifically concluded in its Order that the corporate standards are applicable to an LLC, listing the "primary factors" as "A. Inadequacy of capital. B. Fraudulent purpose in conception or operation of the business. C. Operation of the corporation as an instrumentality or alter-ego." *See* the Order at 2.

Even applying the traditional standards, which Defendants respectfully contend was incorrect, the evidence does not support the Court's findings and conclusions as stated in its

4

Order. The evidence presented by the Plaintiff demonstrated no fraud on the part of the defendants as members of the LLC at its inception. Further, the evidence and testimony presented at trial by the defendants established a record of substantial payments made to the Plaintiff. In total, the Plaintiff was paid $1,412,861.64 and credits applied to the existing Judgment reflect a balance of $268,471.14. The record clearly negates any finding of fraud in this case.

In the absence of fraud, courts have reviewed several factors as to corporations in considering whether shareholders abused or disrespected the corporate form to the extent that it would be inequitable to allow continued limited liability. Such factors include lack of sufficient capital, failure to observe corporate formalities or comply with legal requirements in the formation and operation of the corporation, failure to maintain corporate records or a separate bank account for the corporation, lack of employees, and commingling of funds where corporate funds are used to pay personal debts.

During the trial in this case, the plaintiff failed to present sufficient evidence to justify entry of a judgment piercing the limited liability veil of the LLC and holding the individual members of the LLC liable for the existing judgment against the LLC. The actions and conduct of the defendants, as members of the LLC, did not constitute abuse of the LLC's formation or operation sufficient to support a required finding of fraud or injustice. The traditional factors applied in cases involving the issue of piercing the corporate veil under the common law of Alabama should be applied in such cases involving LLC's only to the extent they are applicable to the legal form of the LLC and to the formalities required of

5

these entities under the LLC Act. The Court applied traditional factors to the evidence presented in this case that are simply inapplicable to LLC's.

Redhawk Ventures, LLC was formed for a legitimate purpose and the required formalities under the LLC Act were observed both in the formation and throughout the operation of the LLC. The defendants properly adhered to the formalities of the LLC as required under the LLC Act. As to formation of a limited liability company, the LLC Act only requires that articles of organization setting forth a registered agent and office address be filed with the appropriate probate court. ALA CODE § 10-12-9 and -10. The Articles of Organization were admitted as evidence at trial and said document was properly filed and contained the information required under the LLC Act. While members may enter into an operating agreement, they are not required to do so. § 10-12-24. Meetings are not required under the LLC Act and meetings were not required under the Operating Agreement in evidence. The LLC maintained a separate bank account, separate from personal funds of the members, and accounted for expenditures of the LLC. Personal funds transferred to the LLC are easily identified as deposited in the LLC account.

Any application of these traditional common law factors to an LLC when considering whether to pierce the veil of an LLC was unfair and inequitable. Undercapitalization is not properly applied to LLC's as members are not required to make capital contributions under the LLC Act. The defendants did enter into an Operating Agreement, but that agreement did not require capital contributions of the members. In any event, under the corporate doctrine, individual liability will not be established simply by showing undercapitalization alone. *See*

6

*Co-Ex Plastics, Inc. v. AlaPak, Inc.*, 536 So.2d 37 (Ala.1988).  Moreover, the factor of

inadequacy of capital must be viewed in light of the type of case: tort or contract.  The

Supreme Court of Alabama held that:

> Voluntary creditors of corporations are held to a higher standard because they
> are generally able to inspect the financial structure of a corporation and
> discover potential risks of loss before any transactions takes place.
> Consequently, courts are less sympathetic with voluntary creditors who, having
> had the opportunity of inspection, nevertheless elected to transact with an
> undercapitalized corporation.

Co-Ex Plastics, Inc. v. AlaPak, Inc., 536 So.2d 37, 39 (Ala. 1988) (citations omitted).
Commentators have noted that this more rigid review is applied in cases involving
contracts, stating:

> [C]ourts usually apply more stringent standards to piercing the corporate veil
> in a contract case than they do in tort cases.  This is because the party seeking
> relief in a contract case is presumed to have voluntarily and knowingly entered
> into an agreement with a corporate entity, and is expected to suffer the
> consequences of the limited liability associated with the corporate business
> form, while this is not the situation in tort cases.

William A. Klein, et al., Business Associations: CASES AND MATERIALS ON AGENCY,

PARTNERSHIPS, AND CORPORATIONS 229 (4th ed. 2000)(quoting William M. Fletcher, Fletcher

Cyclopedia of the Law of Private Corporations § 41.85 at 712 (1990 ed.)).  Even considering

the sufficiency of capital of the LLC, the Plaintiff was a voluntary contract creditor with

knowledge as to the capitalization of the LLC at the time it performed its last work on the

project at issue.

Considering the totality of the circumstances, the actions of the defendants in this case

do not support a finding that the defendants operated the LLC as an instrumentality or alter

ego.  When excessive control or domination is a ground for disregarding a corporate entity,

it  must be shown that the dominant party had control of the alleged sham corporation's

finances, policy and business practices at the time of the attacked transaction, that such

7

control was misused by the dominant party, and that the misuse of this control must proximately cause the harm or unjust loss complained of. *Messick v. Moring*, 514 So.2d 892, 894 (Ala.1987). Transactions conducted between the LLC and its members were proper and were not conducted with any fraudulent intent. Further, these transactions have not been shown to have been conducted in an attempt to defraud the LLC's creditors, including the Plaintiff. The LLC Act permits members of an LLC to conduct business as an individual with the LLC. While certain transactions conducted by the LLC, as well as expenditures made on behalf of individual members, may raise questions as to their propriety, they alone do not warrant a complete disregard of the existence of the LLC as a separate entity.

WHEREFORE, Defendants respectfully request this Honorable Court to set this matter for a new trial as the Plaintiff has failed to present sufficient evidence to support its claim against the individual defendants as to the issue of piercing the LLC veil, considering the evidence presented by the Plaintiff as it applies to a Limited Liability Company, and that the Court's Order granting judgment in favor of the Plaintiff and against the Defendants is against the great weight of the evidence presented at trial.

William R. Myers                        (MYE 001)
J. Todd Miner                           (MIN 018)
Attorneys for Defendants

OF COUNSEL:
**NAJJAR DENABURG, P.C.**
2125 Morris Avenue
Birmingham, Alabama 35203
Telephone:    205-250-8400
Telecopier:   205-326-3837

8

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been served on all counsel in this action via facsimile and by placing same in the United States Mail, postage prepaid, this the 28th day of April, 2005.

John A. Tinney
Post Office Box 1430
Roanoke, Alabama 36274

Of Counsel

9

**STATE OF ALABAMA**
Unified Judicial System

_____RANDOLPH_____ County

Check one (Not for Workers' Comp, PFA, or Small claims cases)

☐ District Court   ■ Circuit Court

CASE NO.
CV-03-113

| *Style of Case:* | |
|---|---|
| Joe Frank Hutto Construction Company, Inc. | **MOTION COVER SHEET** |
| v. Clayton O. Bailey and Wendelin S. Werley, et al. | *Name of Filing Party:* **Defendants** |

| Name, Address, and Telephone No. of Attorney, or Party If Not Represented: | To Be Filled Out by Clerk of Court: |
|---|---|
| William R. Myers                    MYE9001 | ☐ Filing Fee Charged and Collected (Amt $_____) |
| J. Todd Miner                       MIN018 | ☐ Filing Fee Not Required |
| Najjar Denaburg, P.C. | ☐ Filing Fee Charged and Collected (SM, Work Comp, PFA) |
| 2125 Morris Avenue | ☐ Affidavit of Hardship on File |
| Birmingham, Alabama 35203 | |
| (205)  250–8400 | |

## Type of Motion (Check One)

| **Motions Requiring Fee** | **Motions Not Requiring Fee** |
|---|---|
| ☐ Default Judgment ($50.00) | ☐ Add Party |
| ☐ Intervene or Appear as Third Party Plaintiff - Only in CV cases, excluding DR cases filed on the CV docket ($297.00) | ☐ Amend |
| ☐ Joinder In Other Party's Dispositive Motion (i.e., Summary Judgment, Judgment on the Pleadings, or other Dispositive Motion not pursuant to Rule 12(b)) ($50.00) | ☐ Change of Venue/Transfer |
|  | ☐ Compel |
| ☐ Judgment on the Pleadings ($50.00) | ☐ Consolidation |
| ☐ Motion to Dismiss, or in the Alternative Summary Judgment ($50.00) | ☐ Continue |
| ☐ Other Dispositive Motion not pursuant to Rule 12(b) ($50.00) | ☐ Deposition |
| ☐ Renewed Dispositive Motion (Summary Judgment, Judgment on the Pleadings, or other Dispositive Motion not pursuant to Rule 12(b)) ($50.00) | ☐ Designate a Mediator |
|  | ☐ Judgment as a Matter of Law (during trial) |
| ☐ Summary Judgment or other Dispositive Motion not pursuant to Rule 12 (b)($50.00) | ☐ Disburse Funds |
| ☐ Other _____, | ☐ Discovery |
| pursuant to Rule _____ ($50.00) | ☐ Ex Parte Restraining |
|  | ☐ Extension of Time |
|  | ☐ In Limine |
|  | ☐ Joinder |
|  | ☐ More Definite Statement |
| * Motion fees are enumerated in § 12-19-71(a).  Fees pursuant to Local Act are not included.  Please contact the Clerk of the Court regarding applicable local fees. | ☐ Motion to Dismiss pursuant to Rule 12(b) |
|  | ■ New Trial |
|  | ☐ Objection of Exemptions Claimed |
|  | ☐ Plaintiff's Motion to Dismiss or Stipulation of Dismissal |
|  | ☐ Preliminary Injunction |
| ☐ Local Court Cost $ _____ | ☐ Quash |
|  | ☐ Release from Stay of Execution |
|  | ☐ Sanctions |
|  | ☐ Sever |
|  | ☐ Show Cause |
|  | ☐ Special Practice in Alabama |
|  | ☐ Stay |
|  | ☐ Strike |
|  | ☐ Supplement to Pending Motion |
|  | ☐ Temporary Restraining Order |
|  | ☐ Vacate of Modify |
|  | ☐ Withdraw |
|  | ☐ Other _____ |
|  | pursuant to Rule _____ (Subject to filing fee) |

Filed In Offic[e]

APR 2 8 2005

KIM S. BENEFIELD
Clerk of Circuit Court

| Check here if you have filed or are filing contemporaneously with this Motion an Affidavit Substantial Hardship ☐ | Date:

April 28, 2005 | Signature of Attorney or Party: |
|---|---|---|

*This Cover Sheet must be completed and submitted to the Clerk of Court upon the filing of any motion.  Each motion should contain a separate cover sheet.
** Motions titled 'Motion to Dismiss' that are not pursuant to Rule 12(b) and are in fact Motions for Summary Judgment are subject to filing fee.

Revised 2/22/05

**STATE OF ALABAMA**
Unified Judicial System

Check one *(Not for Workers' Comp, PFA, or Sm      aims cases)*

CASE NO.
CV-03-113

_____ RANDOLPH _____ County    ☐ District Court   ■ Circuit Court

| Style of Case: | |
|---|---|
| Joe Frank Hutto Construction Company, Inc. v. Clayton O. Bailey and Wendelin S. Werley, et al. | **MOTION COVER SHEET** *Name of Filing Party:* **Defendants** |

| Name, Address, and Telephone No. of Attorney, or Party If Not Represented: | To Be Filled Out by Clerk of Court: |
|---|---|
| William R. Myers                      MYE9001<br>J. Todd Miner                          MIN018<br>Najjar Denaburg, P.C.<br>2125 Morris Avenue<br>Birmingham, Alabama 35203<br>(205)  250–8400 | ☐ Filing Fee Charged and Collected (Amt $_____)<br>☐ Filing Fee Not Required<br>☐ Filing Fee Charged and Collected (SM, Work Comp, PFA)<br>☐ Affidavit of Hardship on File |

## Type of Motion (Check One)

| **Motions Requiring Fee** | **Motions Not Requiring Fee** |
|---|---|
| ☐ Default Judgment ($50.00) | ☐ Add Party |
| ☐ Intervene or Appear as Third Party Plaintiff - Only in CV cases, excluding DR cases filed on the CV docket ($297.00) | ☐ Amend |
| ☐ Joinder In Other Party's Dispositive Motion (i.e., Summary Judgment, Judgment on the Pleadings, or other Dispositive Motion not pursuant to Rule 12(b)) ($50.00) | ☐ Change of Venue/Transfer |
| ☐ Judgment on the Pleadings ($50.00) | ☐ Compel |
| ☐ Motion to Dismiss, or in the Alternative Summary Judgment ($50.00) | ☐ Consolidation |
| ☐ Other Dispositive Motion not pursuant to Rule 12(b) ($50.00) | ☐ Continue |
| ☐ Renewed Dispositive Motion (Summary Judgment, Judgment on the Pleadings, or other Dispositive Motion not pursuant to Rule 12(b)) ($50.00) | ☐ Deposition |
| ☐ Summary Judgment or other Dispositive Motion not pursuant to Rule 12 (b)($50.00) | ☐ Designate a Mediator |
| ☐ Other _____, pursuant to Rule _____ ($50.00) | ☐ Judgment as a Matter of Law (during Trial) |

☐ Disburse Funds
☐ Discovery
☐ Ex Parte Restraining
☐ Extension of Time
☐ In Limine
☐ Joinder
☐ More Definite Statement
☐ Motion to Dismiss pursuant to Rule 12(b)
■ New Trial
☐ Objection of Exemptions Claimed
☐ Plaintiff's Motion to Dismiss or Stipulation of Dismissal
☐ Preliminary Injunction
☐ Quash
☐ Release from Stay of Execution
☐ Sanctions
☐ Sever
☐ Show Cause
☐ Special Practice in Alabama
☐ Stay
☐ Strike
☐ Supplement to Pending Motion
☐ Temporary Restraining Order
☐ Vacate of Modify
☐ Withdraw
☐ Other _____
   pursuant to Rule _____ (Subject to filing fee)

\* Motion fees are enumerated in § 12-19-71(a).  Fees pursuant to Local Act are not included.   Please contact the Clerk of the Court regarding applicable local fees.

☐ Local Court Cost $ _____

*Filed in Office*

APR 2 6 2005

**KIM S. BENEFIELD**
Clerk of Circuit Court

| Check here if you have filed or are filing contemporaneously with this Motion an Affidavit Substantial Hardship  ☐ | Date:<br><br>April 28, 2005 | Signature of Attorney or Party: |
|---|---|---|

\*This Cover Sheet must be completed and submitted to the Clerk of Court upon the filing of any motion.  Each motion should contain a separate cover sheet.
\*\* Motions titled 'Motion to Dismiss' that are not pursuant to Rule 12(b) and are in fact Motions for Summary Judgment are subject to filing fee.

IN THE CIRCUIT COURT OF RANDOLPH COUNTY, ALABAMA

JOE FRANK HUTTO CONST CO INC

Plaintiff(s)

VS                                                        CASE NO. CV 2003-113

CLAYTON O BAILEY ET ALS

Defendant(s)

NOTICE TO ATTORNEYS:

JOHN TINNEY                                    WILLIAM R MYERS

ROBERT J CAMPBELL

Pursuant to Sections 41-13-21 and 12-2-9 of the Code of Alabama and the Records
Retention Schedule adopted by the Supreme Court, January 8, 1988, exhibits and
Depositions in the above-styled case will be destroyed six months from today's date,
unless an appeal is filed or the attorney of record notifies this office otherwise.

Dated this 21ST day of March, 2005.

Kim S. Benefield, Circuit Clerk
Randolph County Circuit Court
P O Box 328
Wedowee, AL 36278
(256) 357-4551

IN THE CIRCUIT COURT OF
RANDOLPH COUNTY, ALABAMA

| | |
|---|---|
| JOE FRANK HUTTO<br>CONSTRUCTION COMPANY,<br>INC. | )<br><br>) |
| PLAINTIFF | ) |
| VS. | ) |
| REDHAWK VENTURES, LLC,<br>CLAYTON BAILEY, and<br>WENDELIN WERLEY | )<br><br>) |
| DEFENDANT | ) |

CASE NO. CV 2003 - 113

**Filed in Office**

MAR 2 9 2005

**KIM S. BENEFIELD**
Clerk of Circuit Court

## ORDER

This having been the day heretofore set for trial in the above case and the Court having called the case for trial, Plaintiff and Defendants appeared represented by counsel.

The Court proceeded to take testimony over a two day period with respect to the issues now pending before this Court. The Court has been thoroughly briefed by the parties as to their respective positions concerning the law with respect to piercing the corporate veil of an Alabama Limited Liability Corporation and the Court has considered the same.

The Court is of the opinion after reviewing the case law that the corporate veil of a Limited Liability Corporation may be pierced and that the standards

generally applicable to piercing-the-corporate-veil of any other corporation in Alabama are applicable to attempts to pierce-the-corporate-veil of a Limited Liability Corporation.

The primary factors to be considered by this Court in determining whether the Plaintiff is entitled to relief are:

A.    Inadequacy of capital.

B.    Fraudulent purpose in conception or operation of the business.

C.    Operation of the corporation as an instrumentality or alter-ego.

The Court has listened to extensive testimony in this case and makes the following findings of fact:

Redhawk Ventures, LLC was duly incorporated in the State of Alabama with its principal owners being Defendants Clayton Bailey and Wendelin Werley. The Court finds that the relationship of father/daughter between Clayton Bailey and Wendelin Werley likens this unto what might be termed a closely held family corporation.

The Court finds that this corporation was formed for a legitimate purpose, that there was no fraud intended by either Wendelin Werley or Clayton Bailey with respect to the formation of the corporation.

The actions of the principals of the corporation, Wendelin Werley and Clayton Bailey, subsequent to the formation of the corporation are the Court's

2

primary consideration with respect to whether the Plaintiff has met its burden of proof in this case.

The Court specifically finds that an Operating Agreement was established to govern the rights, duties and obligations of the parties as concerns Redhawk Ventures, LLC. The Operating Agreement provided certain limitations with respect to what the manager of the corporation could and could not do and the Operating Agreement referenced the parties' obligations to be bound by the terms and conditions of the Alabama Limited Liability Corporation Act.

The Court finds that the actions of Wendelin Werley and Clayton Bailey after the formation of the LLC were such that the corporation was really the alter-ego of these individuals and but for being a corporation in form, the parties treated the corporate entity in many instances as if it were non-existent.

The Court specifically finds that the following acts of Clayton Bailey and Wendelin Werley substantiate the Court's finding that Redhawk Ventures, LLC was merely the alter-ego of these persons as individuals:

(1)    The parties disregarded the limitations and restrictions of Section 5.4 of the Operating Agreement with respect to expenditures of large amounts of money by the corporation. In particular, Wendelin Werley and her husband, Luther Werley, took approximately $99,000 of corporate money from the assets of the corporation by paying themselves $3,000 every two weeks under what they

3

deemed to be a Maintenance Contract to maintain property leased by Redhawk Ventures, LLC (hereinafter Redhawk). Such a contract required the written consent of the holder of two-thirds of the interest of the LLC and this was not obtained. Mr. Bailey, the two-thirds owner of Redhawk, was not even aware that his daughter was withdrawing these monies from the corporation or that there was any Maintenance Agreement in existence between the corporation and his daughter and her husband. The taking and use of this $99,000 was evidence of the disregard of the corporate entity and its Operating Agreement for the sole benefit of Wendelin Werley and her husband, Luther.

(2)    The Lease Agreement entered into between Clayton Bailey and Redhawk, LLC was a contractual arrangement between an individual and a corporation, the terms of which were disregarded in many aspects by the parties who, by their conduct, disregarded the Lease Agreement in favor of treating the lease and the property the subject thereof as if the same were owned and controlled by the father/daughter combination.

In particular, a prime example of this centers around payments made to Clayton Bailey by Redhawk which Wendelin Werley deems to have been pursuant to the terms of the Lease Agreement.

The Court finds that the only way Clayton Bailey could have been paid rent under the terms of the lease would have been from the profits of Redhawk. The

4

Court finds that there is no evidence before the Court that Redhawk ever had any profits. Moreover, from the evidence before this Court Clayton Bailey would never have been entitled to be paid any sum as rental during the term of the lease. The evidence before this Court is overwhelming that Redhawk never operated at a profit and always operated at a deficit.

The Court further finds that the purported cancellation and re-entry by Clayton Bailey concerning the property was ineffective, as it was not done in accordance with the terms specifically referenced in the lease as related to re-entry, default and cancellation of the lease.

Redhawk was not afforded the opportunity to cure any default as provided pursuant to the terms of the lease and no specific grounds for finding any default were ever provided to Redhawk pursuant to the terms of the lease. The purported re-entry by Clayton Bailey was contractually ineffective as provided by the terms of the lease.

3.    Luther Werley was the manager of Redhawk.   In this capacity he had an obligation to treat the assets of Redhawk as corporate assets. This Court specifically finds that Luther Werley, husband of Wendelin Werley, in violation of Ala. Code § 10-12-29 took a pontoon boat which was the property of Redhawk and appropriated the same to his own use and benefit without accounting for the monies received from the same to the corporation. This was done at a time when

5

the corporation and manager knew of its judgment obligation to Hutto Construction. This action specifically shows the treatment of corporate assets as though they were the personal property by the Werley family.

4.     The Court further finds that in disregard of the rights of potential judgment creditors a pickup truck purchased for $13,000 with corporate assets was sold to Luther Werley by Wendelin Werley for the sum of $1.00. This truck was apparently subsequently sold by Luther Werley for the sum of $2500. The Court again finds this action as treating corporate assets as though they were the personal property of Wendelin Werley.

5.     The Court finds that Redhawk paid the personal obligations of the Clayton Bailey Revocable Trust and personal bills of Luther and Wendelin Werley.

Apparently the Clayton Bailey Revocable Trust also paid certain obligations of Redhawk. The interchange of monies and payment of bills between these family members clearly evidences a disregard of the corporate status and treatment of corporate assets as though they were personal property.

6.     The records reflecting profits and losses of Redhawk and the balance sheets prepared at the direction of the Wendelin Werley were in many instances inconsistent with the tax returns filed by Redhawk as concerns the expenses allegedly incurred by Redhawk paid with Redhawk assets.

6

The inconsistencies between the tax returns and the records kept by the company cannot be ignored in determining whether this corporation was treated as a corporate entity or as the alter-ego of the defendants.

7.    Neither Clayton Bailey nor Wendelin Werley contributed any money to the capital account of this corporation. The Court finds the corporation to be totally and wholly inadequately capitalized.

Based upon the foregoing findings of fact the Court finds that Redhawk Ventures, LLC was operated as an instrumentality or alter-ego of Wendelin Werley and Clayton Bailey and that the business was operated as concerns judgment creditors in a fraudulent manner in some aspects.

The Court finds that the corporate veil of this corporation should be pierced and that liability for the Judgment of Hutto Construction Company, Inc. against Redhawk Ventures, LLC should be imposed on Clayton Bailey and Wendelin Werley, individually, as well as Redhawk Ventures, LLC.

Based upon the foregoing findings of fact is hereby

*ORDERED, ADJUDGED AND DECREED* by the Court as follows:

1.    Judgment is entered in favor of Plaintiff Hutto Construction Company, Inc. against Defendants Wendelin Werley and Clayton Bailey, individually, for all sums due on the Judgment entered against Redhawk Ventures, LLC in favor of Hutto Construction dated December 12, 2002.

7

2.      Defendants Redhawk Ventures, LLC, Wendelin Werley, and Clayton
Bailey shall be given credit for items taken by Hutto Construction Company, Inc.
at the time they left the job as reflected by the exhibits in this case toward the
judgment due.

3.      Costs of court are taxed against Defendants as part of the judgment.

DONE and ORDERED this ___ day of March, 2005.

_____
Tom Young

ROBERT CAMPBELL
JOHN TINNEY
WILLIAM R MYERS

8

## IN THE CIRCUIT COURT OF RANDOLPH COUNTY, ALABAMA

JOE FRANK HUTTO                           )
CONSTRUCTION COMPANY, INC.,    )
                                                        )
    Plaintiff,                               )
                                                        )          CIVIL ACTION NO:
v.                                                      )
                                                        )          CV-03-113
CLAYTON O. BAILEY and                )
WENDELIN S. WERLEY, et al.,         )          **Filed in Office**
                                                        )
    Defendants.                            )          MAR 2 1 2005

### FINDINGS OF FACT AND ORDER

KIM S. BENEFIELD
Clerk of Circuit Court

    The Court having heard the testimony and reviewed the evidence presented at the trial in the above-styled case, and having reviewed the applicable law as briefed by counsel for both the plaintiff and the defendants, the Court enters its findings of fact and conclusions of law.

    Prior to testimony, counsel presented trial briefs to the Court. The plaintiff seeks an order of this Court holding the individual members of a properly formed Alabama LLC personally liable for the debts of that company. It is the position of the defendants that the shield of liability provided should not be removed and the individual defendants not be found liable for any debts or obligations of the LLC. Defendants point out that the present state of the law in Alabama as to "piercing the veil" is fashioned to apply to corporations and cannot be equitably applied to an LLC.

    In light of several references on the record made by counsel for the plaintiff to the "corporation," the Court notes that the entity at issue in this case, Redhawk Ventures, LLC, is a Limited Liability Company and not a corporation. As the defendants point out in the

Defendants' Trial Brief, the Alabama Limited Liability Company Act (hereinafter the "LLC Act") specifically requires less stringent requirements as to the formation and operation of an LLC than do the corporate statutes in Alabama. The Court also notes that to date there has been no decision from the appellate courts in this state as to the proper guidelines to be used in piercing cases involving LLC's.

Under the doctrine of piercing the corporate veil as previously applied to corporations in Alabama, a plaintiff must show either fraud on the part of the defendants in the assertion of the corporate existence or that injustice or inequity to the detriment of the plaintiff would result from its continued recognition. The limited liability enjoyed by shareholders will be disregarded where the corporation is operated as an instrumentality or alter ego, or the entity is used only to avoid personal liability.

In the absence of fraud, courts have reviewed several factors as to corporations in considering whether shareholders abused or disrespected the corporate form to the extent that it would be inequitable to allow the continued their continued enjoyment of the protection of limited liability. Such factors include lack of sufficient capital, failure to observe corporate formalities or comply with legal requirements in the formation and operation of the corporation, failure to maintain corporate records or a separate bank account for the corporation, lack of employees, and commingling of funds where corporate funds are used to pay personal debts.

After a review of all materials submitted by the parties and hearing all testimony presented at trial the Court finds that the plaintiff has failed to present sufficient evidence to justify entry of a judgment piercing the limited liability veil of the LLC and holding the

individual members of the LLC liable for the existing judgment against the LLC. It is the Court's opinion that the actions and conduct of the defendants, as members of the LLC, did not constitute abuse of the LLC's formation or operation sufficient to support a required finding of fraud or injustice. The Court further finds that the traditional factors applied in cases involving the issue of piercing the corporate veil under the common law of Alabama should be applied in such cases involving LLC's only to the extent they are applicable to the legal form of the LLC and to the formalities required of these entities under the LLC Act.

In light of the testimony and evidence presented at trial and the trial breifs submitted by counsel, the Court specifically finds as follows:

1.    That Redhawk Ventures, LLC was formed for a legitimate purpose and the required formalities under the LLC Act have been observed both in the formation and the operation of the LLC. As a result, the Court does not find any fraud on the part of the defendants as members of the LLC at its inception. Further, the evidence and testimony presented at trial by the defendants established a record of substantial payments made to the plaintiff. In total, the plaintiff was paid $1,412,861.64 and credits applied to the existing Judgment reflect a balance of $268,471.14. The record clearly negates any finding of fraud in this case.

2.    That it would be unfair and inequitable to apply these traditional common law factors to an LLC when considering whether to pierce the veil of an LLC. Undercapitalization is not properly applied to LLC's as members are not required to make capital contributions under the LLC Act. The defendants did enter into an Operating Agreement, but that agreement did not require capital contributions of the members. Even

considering the sufficiency of capital of the LLC, the Court recognizes that the plaintiff was a voluntary contract creditor with knowledge as to the capitalization of the LLC at the time it performed its last work on the project at issue.

3.      That the defendants properly adhered to the formalities of the LLC as required under the LLC Act.    As to formation of a limited liability company, the LLC Act only requires that articles of organization setting forth a registered agent and office address be filed with the appropriate probate court. ALA CODE § 10-12-9 and -10. The Articles of Organization were admitted as evidence at trial and said document was properly filed and contained the information required under the LLC Act.    While members may enter into an operating agreement, they are not required to do so.  § 10-12-24. Meetings are not required under the LLC Act and meetings were not required under the Operating Agreement in evidence. The LLC maintained a separate bank account, separate from personal funds of the members, and accounted for expenditures of the LLC. Personal funds transferred to the LLC are easily identified as deposited in the LLC account.

4.      That the transactions between the LLC and its members were proper. The LLC Act permits members of an LLC to conduct business as an individual with the LLC. As to the payments made to the maintenance company operated by defendant Werley and, Luther Werley, Manager of the LLC, the Operating Agreement specifically allows such an arrangement.  However, the Court does find that certain transactions were not properly conducted or completed as follows:

a.  The Court finds that the LLC has not provided proper documentation of transactions concerning a boat purchased by the LLC and later sold by Luther Werley as Manager of the LLC.

b.  The Court finds that the LLC has not provided proper documentation of transactions concerning a truck purchased by the LLC and later sold to Luther Werley as Manager of the LLC. The truck was subsequently sold by Mr. Werley at a substantial profit following repairs made to the truck.

c.  The Court finds that the Land Lease Agreement (hereinafter the "Lease") between Defendant Clayton Bailey and the LLC has never been terminated. Bailey, as Lessor under the Lease, did not effectuate a termination of said Land Lease in his execution of the Notice of Intent to Re-Enter (hereinafter the "Notice of Reentry") dated August 26, 2003. The Notice of Reentry specifically states that it does not terminate the Lease. Further, the Notice of Reentry, by its terms, divests the LLC of possessory interests only. Therefore, the Land Lease has never been terminated and is still in full force and effect.

5.  While the Court recognizes certain transactions conducted by the LLC, as well as expenditures made on behalf of individual members, raise questions as to their propriety, they alone do not warrant a complete disregard of the existence of the LLC as a separate entity. Considering the totality of the circumstances, the actions of the defendants in this case do not support a finding that the defendants operated the LLC as an instrumentality or alter ego.

Based upon the foregoing findings of fact, it is hereby ORDERED, ADJUDGED AND DECREED by the Court as follows:

1.  Judgment is entered in favor of Defendants Clayton O. Bailey and Wendelin Werley as against all claims of the Plaintiff.

2.  Defendant Redhawk Ventures, LLC, shall be given credit in the amount of $45,029.20 toward the existing Judgment previously entered by this Court on December 12, 2002 in the amount of $313,500.34 for materials removed from the project site by the Plaintiff, leaving a balance owed on said Judgment in the amount of $268,471.14.

3.  Costs of court are taxed as paid.


DONE and ORDERED this the _18th_ day of March, 2005.

Tom Young
Circuit Judge


JOHN TINNEY
ROBERT CAMPBELL
WILLIAM R MYERS

# IN THE CIRCUIT COURT OF RANDOLPH COUNTY, ALABAMA

JOE FRANK HUTTO CONSTRUCTION )
COMPANY, INC. )
      Plaintiff, )
       )
vs. )    Case No. CV-2003-113
       )
REDHAWK VENTURES, LLC, CLAYTON )
BAILEY and WENDELIN WERLEY, )
      Defendants. )

**Filed in Office**

MAR 2 9 2005

KIM S. BENEFIELD
Clerk of Circuit Court

## ORDER

    Pursuant to request of the Court, counsel for each side submitted a Proposed Order to the Court. The Court inadvertently entered the wrong Order. Therefore, upon oral motion of the Plaintiff, the Court's Order of March 21, 2005, is hereby vacated. The Order executed by this Court on March 25, 2005, shall be entered as Final Order in this matter.

    The Clerk of the Court is directed to mail a copy of this Order to counsel of record.

    DONE this the 28th day of March, 2005.

                             TOM F. YOUNG, JR.
                             Circuit Judge

ROBERT CAMPBELL
JOHN TINNEY
WILLIAM R MYERS

## IN THE CIRCUIT COURT OF RANDOLPH COUNTY, ALABAMA

JOE FRANK HUTTO            )
CONSTRUCTION COMPANY, INC.,  )
                           )
    Plaintiff,         )
                           )          CIVIL ACTION NO:
v.                         )
                           )            CV-03-113
CLAYTON O. BAILEY and      )
WENDELIN S. WERLEY, et al.,  )          **Filed in Office**
                           )
    Defendants.        )          MAR 2 1 2005

### <u>FINDINGS OF FACT AND ORDER</u>

**KIM S. BENEFIELD**
Clerk of Circuit Court

    The Court having heard the testimony and reviewed the evidence presented at the

trial in the above-styled case, and having reviewed the applicable law as briefed by

counsel for both the plaintiff and the defendants, the Court enters its findings of fact and

conclusions of law.

    Prior to testimony, counsel presented trial briefs to the Court. The plaintiff seeks an

order of this Court holding the individual members of a properly formed Alabama LLC

personally liable for the debts of that company. It is the position of the defendants that the

shield of liability provided should not be removed and the individual defendants not be found

liable for any debts or obligations of the LLC. Defendants point out that the present state of

the law in Alabama as to "piercing the veil" is fashioned to apply to corporations and cannot

be equitably applied to an LLC.

    In light of several references on the record made by counsel for the plaintiff to the

"corporation," the Court notes that the entity at issue in this case, Redhawk Ventures, LLC,

is a Limited Liability Company and not a corporation. As the defendants point out in the

Defendants' Trial Brief, the Alabama Limited Liability Company Act (hereinafter the "LLC Act") specifically requires less stringent requirements as to the formation and operation of an LLC than do the corporate statutes in Alabama. The Court also notes that to date there has been no decision from the appellate courts in this state as to the proper guidelines to be used in piercing cases involving LLC's.

Under the doctrine of piercing the corporate veil as previously applied to corporations in Alabama, a plaintiff must show either fraud on the part of the defendants in the assertion of the corporate existence or that injustice or inequity to the detriment of the plaintiff would result from its continued recognition. The limited liability enjoyed by shareholders will be disregarded where the corporation is operated as an instrumentality or alter ego, or the entity is used only to avoid personal liability.

In the absence of fraud, courts have reviewed several factors as to corporations in considering whether shareholders abused or disrespected the corporate form to the extent that it would be inequitable to allow the continued their continued enjoyment of the protection of limited liability. Such factors include lack of sufficient capital, failure to observe corporate formalities or comply with legal requirements in the formation and operation of the corporation, failure to maintain corporate records or a separate bank account for the corporation, lack of employees, and commingling of funds where corporate funds are used to pay personal debts.

After a review of all materials submitted by the parties and hearing all testimony presented at trial the Court finds that the plaintiff has failed to present sufficient evidence to justify entry of a judgment piercing the limited liability veil of the LLC and holding the

individual members of the LLC liable for the existing judgment against the LLC. It is the Court's opinion that the actions and conduct of the defendants, as members of the LLC, did not constitute abuse of the LLC's formation or operation sufficient to support a required finding of fraud or injustice. The Court further finds that the traditional factors applied in cases involving the issue of piercing the corporate veil under the common law of Alabama should be applied in such cases involving LLC's only to the extent they are applicable to the legal form of the LLC and to the formalities required of these entities under the LLC Act.

In light of the testimony and evidence presented at trial and the trial breifs submitted by counsel, the Court specifically finds as follows:

1.    That Redhawk Ventures, LLC was formed for a legitimate purpose and the required formalities under the LLC Act have been observed both in the formation and the operation of the LLC. As a result, the Court does not find any fraud on the part of the defendants as members of the LLC at its inception. Further, the evidence and testimony presented at trial by the defendants established a record of substantial payments made to the plaintiff. In total, the plaintiff was paid $1,412,861.64 and credits applied to the existing Judgment reflect a balance of $268,471.14. The record clearly negates any finding of fraud in this case.

2.    That it would be unfair and inequitable to apply these traditional common law factors to an LLC when considering whether to pierce the veil of an LLC. Undercapitalization is not properly applied to LLC's as members are not required to make capital contributions under the LLC Act. The defendants did enter into an Operating Agreement, but that agreement did not require capital contributions of the members. Even

considering the sufficiency of capital of the LLC, the Court recognizes that the plaintiff was a voluntary contract creditor with knowledge as to the capitalization of the LLC at the time it performed its last work on the project at issue.

3.    That the defendants properly adhered to the formalities of the LLC as required under the LLC Act.    As to formation of a limited liability company, the LLC Act only requires that articles of organization setting forth a registered agent and office address be filed with the appropriate probate court. ALA CODE § 10-12-9 and -10. The Articles of Organization were admitted as evidence at trial and said document was properly filed and contained the information required under the LLC Act.    While members may enter into an operating agreement, they are not required to do so. § 10-12-24. Meetings are not required under the LLC Act and meetings were not required under the Operating Agreement in evidence. The LLC maintained a separate bank account, separate from personal funds of the members, and accounted for expenditures of the LLC. Personal funds transferred to the LLC are easily identified as deposited in the LLC account.

4.    That the transactions between the LLC and its members were proper. The LLC Act permits members of an LLC to conduct business as an individual with the LLC.    As to the payments made to the maintenance company operated by defendant Werley and, Luther Werley, Manager of the LLC, the Operating Agreement specifically allows such an arrangement.    However, the Court does find that certain transactions were not properly conducted or completed as follows:

a.    The Court finds that the LLC has not provided proper documentation of transactions concerning a boat purchased by the LLC and later sold by Luther Werley as Manager of the LLC.

b.    The Court finds that the LLC has not provided proper documentation of transactions concerning a truck purchased by the LLC and later sold to Luther Werley as Manager of the LLC. The truck was subsequently sold by Mr. Werley at a substantial profit following repairs made to the truck.

c.    The Court finds that the Land Lease Agreement (hereinafter the "Lease") between Defendant Clayton Bailey and the LLC has never been terminated. Bailey, as Lessor under the Lease, did not effectuate a termination of said Land Lease in his execution of the Notice of Intent to Re-Enter (hereinafter the "Notice of Reentry") dated August  26, 2003.  The Notice of Reentry specifically states that it does not terminate the Lease. Further, the Notice of Reentry, by its terms, divests the LLC of possessory interests only. Therefore, the Land Lease has never been terminated and is still in full force and effect.

5.    While the Court recognizes certain transactions conducted by the LLC, as well as expenditures made on behalf of individual members, raise questions as to their propriety, they alone do not warrant a complete disregard of the existence of the LLC as a separate entity.  Considering the totality of the circumstances, the actions of the defendants in this case do not support a finding that the defendants operated the LLC as an instrumentality or alter ego.

Based upon the foregoing findings of fact, it is hereby ORDERED, ADJUDGED AND DECREED by the Court as follows:

1.     Judgment is entered in favor of Defendants Clayton O. Bailey and Wendelin Werley as against all claims of the Plaintiff.

2.     Defendant Redhawk Ventures, LLC, shall be given credit in the amount of $45,029.20 toward the existing Judgment previously entered by this Court on December 12, 2002 in the amount of $313,500.34 for materials removed from the project site by the Plaintiff, leaving a balance owed on said Judgment in the amount of $268,471.14.

3.     Costs of court are taxed as paid.

DONE and ORDERED this the _18th_ day of March, 2005.

_____
Tom Young
Circuit Judge

JOHN TINNEY
ROBERT CAMPBELL
WILLIAM R MYERS

3-9-05
attys & submit
purposed order.
AB

# IN THE CIRCUIT COURT OF RANDOLPH COUNTY, ALAB

JOE FRANK HUTTO                          )
CONSTRUCTION COMPANY, INC.,              )
                                         )
     Plaintiff,                          )
                                         )          CIVIL ACTION NO:
v.                                       )
                                         )          CV-03-113    **Filed in Office**
CLAYTON O. BAILEY and                    )
WENDELIN S. WERLEY, et al.,              )
                                         )          MAR  9 2005
     Defendants.                         )
                                                    **KIM S. BENEFIELD**
                                                    Clerk of Circuit Court

## DEFENDANT'S MOTION FOR JUDGMENT ON PARTIAL FINDINGS

    COME NOW the Defendants in the above-styled action and pursuant to Ala. R. Civ.

P. 52(c) move the Court to enter an order which grants judgment on partial findings in favor

of the Defendants and against the plaintiff on the plaintiff's claim to a pierce the corporate

veil of Redhawk Ventures, LLC. and hold the Defendants personally liable. Defendants aver

that, the plaintiff having been fully heard on this issue, there exists no legal evidentiary basis

by which the Court might find in favor of the plaintiff under the controlling law. This motion

is based upon the pleadings and the testimony and evidence presented at the trial of this case.

## Memorandum of Law

    Rule 52(c) of the Alabama Rules of Civil Procedure allows a court, where "during a

trial without a jury a party has been fully heard on an issue and the court finds against the

party on that issue, the court may enter judgment against that party with respect to a claim

or defense that cannot under the controlling law be maintained or defeated without a

favorable finding."  Ala. R. Civ. P. 52 (c). A judgment entered under Rule 52(c) "may be

supported by findings of fact and conclusions of law." *Id.*

It has long been recognized under the law in Alabama that "a corporation is a distinct entity, to be considered separate and apart from the individuals who compose it." *Messick v. Moring*, 514 So.2d 892, 894 (Ala.1987)(quoting *Moore & Handley Hardware Co. v. Towers Hardware Co.*, 87 Ala. 206, 210, 6 So. 41, 43 (Ala. 1889)). However, there do exist circumstances whereupon this separate entity will be disregarded under the doctrine of "piercing the corporate veil." *Messick*, 514 So. 2d at 894. "Piercing the corporate veil is not a power that is lightly exercised. The concept that a corporation is a legal entity existing separate and apart from its shareholders is well settled in [Alabama]." *Simmons v. Clark Equipment Credit Corp.*, 554 So. 2d 398, 400 (Ala. 1989) (citing *Co-Ex Plastics, Inc. v. AlaPak, Inc.*, 536 So.2d 37 (Ala.1988)).

The Alabama Limited Liability Company Act provides that members of an LLC are protected from liability to third parties "for a debt, obligation, or liability of the limited liability company, whether arising in contract, tort, or otherwise." ALA CODE § 10-12-20. Since this legislation's enactment, and the resulting creation of the LLC in Alabama, no decision in the State has held that the doctrine of piercing the corporate veil may be used to pierce the veil of protection from liability afforded to members of an LLC. Therefore this Court must first determine whether the plaintiff's claim is one that it may properly assert. Further, if the doctrine is applied, given the undeniable differences in corporations and LLC's, especially the formation and management requirements under the separate statutes which govern each entity, the doctrine and its factors should certainly be applied differently and appropriately as the attributes of each entity require. *See* Bradley J. Sklar & W. Todd Carlisle, *The Alabama Limited Liability Company Act*, 45 ALA. L. REV. 145, 200-02 (1993).

In asking this Court to ignore the corporate existence of Redhawk Ventures, LLC, and therefore the protection from liability afforded to its members, the plaintiff "must show fraud in asserting the corporate existence or must show that recognition of the corporate existence will result in injustice or inequitable consequences." *Simmons*, 554 So. 2d at 400. "[T]he corporate entity will be disregarded when it is used solely to avoid a personal liability of the owner while reserving to the owner benefits gained through use of the corporate name." *Messick v. Moring*, 514 So.2d at 894 (citing *Bon Secour Fisheries, Inc. v. Barrentine*, 408 So. 2d 490 (Ala. 1981)). Plaintiff has failed to meet its burden in proving either fraud or inequity.

The plaintiff has failed to present sufficient evidence to support a finding by the Court that the Defendant's conduct in forming the LLC and conducting its business accordingly amounted to fraud. Not only will the evidence show that the Defendants did not attempt to defraud their creditors, particularly Hutto, but it will also establish a record of substantial payments made to Hutto. In total, Hutto was paid $1,412,861.64 of the amounts billed by Hutto. With the proper credits applied to the balance originally stated in the consent judgment, the balance owed to Hutto is $268,471.14.

It cannot be said that the intent of the members of an LLC to limit their liability to third parties amounts to a fraudulent attempt to avoid its obligations. As discussed above, one of the attributes of an LLC that is attractive to prospective business owners is that is affords its members limited liability. The same can be said for corporations. These entities were created by the Alabama legislature as proper entities by which business may be conducted. Individuals choose these entities in forming their businesses, at least in part,

because of this limited liability protection. It is one of the reasons that the Defendants chose

the LLC entity. It is also most likely one of the reasons Hutto chose the corporate form. The

Defendants cannot be punished for choosing to conduct its business in a manner not only

authorized but also encouraged under the law of Alabama.

The evidence presented by the plaintiff is also insufficient to support its assertion that

recognition of the limited liability protection of the LLC would result in injustice or inequity.

Courts have considered several factors in considering whether the recognition of the

corporate shield is inequitable. While none are determinative, several factors have been

identified:

> The corporate veil may be pierced where a corporation is set up as a
> subterfuge, where shareholders do not observe the corporate form, where the
> legal requirements of corporate law are not complied with, where the
> corporation maintains no corporate records, where the corporation maintains
> no corporate bank account, where the corporation has no employees, where
> corporate and personal funds are intermingled and corporate funds are used for
> personal purposes, or where an individual drains funds from the corporation.

*See Galactic Employer Services, Inc. v.* McDorman, No. 2020094, 2003 WL 21569815at *6

(Ala.Civ.App. July 11, 2003). In Alabama, courts consider the "totality of the

circumstances" and no one factor, apart from fraudulent conduct, is determinative. *See*

Bradley J. Sklar & W. Todd Carlisle, *The Alabama Limited Liability Company Act*, 45 ALA.

L. REV. 145, 200-02 (1993).

The piercing of the veil in this action would not do equity to the parties. It would be

inequitable to hold that every deficiency that is not paid by a failing corporation must result

in the injustice or inequity of the type to be considered by Alabama courts in determining

whether to pierce the corporate veil on those grounds. Absent fraud, it must be shown that

the Defendants failed to maintain the LLC as a separate entity.

While courts generally look to whether a corporation is capitalized, application of this factor in the same manner to a limited liability company would be erroneous. *See* Sklar, *supra*, at 202. In any event, under the corporate doctrine, individual liability will not be established simply by showing undercapitalization alone. *See Co-Ex Plastics, Inc. v. AlaPak, Inc.*, 536 So.2d 37 (Ala.1988). Moreover, the factor of inadequacy of capital must be viewed in light of the type of case: tort or contract. The Supreme Court of Alabama held that:

> Voluntary creditors of corporations are held to a higher standard because they are generally able to inspect the financial structure of a corporation and discover potential risks of loss before any transactions takes place. Consequently, courts are less sympathetic with voluntary creditors who, having had the opportunity of inspection, nevertheless elected to transact with an undercapitalized corporation.

Co-Ex Plastics, Inc. v. AlaPak, Inc., 536 So.2d 37, 39 (Ala. 1988) (citations omitted).

Commentators have noted that this more rigid review is applied in cases involving contracts, stating:

> [C]ourts usually apply more stringent standards to piercing the corporate veil in a contract case than they do in tort cases. This is because the party seeking relief in a contract case is presumed to have voluntarily and knowingly entered into an agreement with a corporate entity, and is expected to suffer the consequences of the limited liability associated with the corporate business form, while this is not the situation in tort cases.

William A. Klein, et al., Business Associations: Cases And Materials On Agency, Partnerships, and Corporations 229 (4th ed. 2000)(quoting William M. Fletcher, Fletcher Cyclopedia of the Law of Private Corporations § 41.85 at 712 (1990 ed.)). The plaintiff was not only a voluntary creditor, but the testimony shows its representatives were also aware of the extent of capital available to the LLC for completion of the project.

Under the common law doctrine of piercing the *corporate* veil, a court will normally look to the adherence of the shareholders of a corporation to the required formalities under the corporate statutes. It is questionable whether this factor should even be applied to an LLC since the Act requires very few formalities in the formation and later operation of an LLC. *See* Sklar, *supra*, at 201-02 (noting that "LLC statutes intentionally require adherence to fewer formalities than their corporate counterparts"). The Alabama Limited Liability Company Act (the "Act") provides for the formation and operation of LLC's in Alabama. ALA CODE § 10-12-1. The only requirement as to formation is the filing of articles of organization, which must set forth a registered agent and office address. ALA CODE § 10-12-9 and -10. Members *may* enter into an operating agreement. § 10-12-24. Unless otherwise stated in an operating agreement, management is vested in members. § 10-12-22. While members of an LLC may enter into an operating agreement, "this [agreement] is strictly a contractual arrangement among the members of an LLC." Sklar at 202. The articles of organization or operating agreement *may* set forth provisions relating to meetings. ALA CODE § 10-12-22(e).

Even applying this factor to the LLC in the case at hand, the testimony of the Defendants shows that the Defendants complied with the requirements of the LLC Act and the Operating Agreement. Redhawk filed the requisite Articles of Organization, which complied with the specific requirements as provided under the Act. ALA CODE § 10-12-10.

Several factors considered by courts involve observation of formalities not required under the Act, but inherent to one's respecting the corporate form. Again, while some are not applicable to the LLC, the testimony demonstrates that Bailey and Werley maintained a

he LLC.   Plaintiff fails in its case to provide sufficient evidence

ailure on the part of the Defendants to properly observe formalities in its

C.

laint, plaintiff alleges that the Defendants operated the LLC as an

s an alter ego.   When excessive control or domination is a ground for

rate entity, it  must be shown that the dominant party had control of the

ation's finances, policy and business practices at the time of the attacked

h control was misused by the dominant party, and that the misuse of this

nately cause the harm or unjust loss complained of.   *Messick v. Moring*,

4 (Ala.1987).   Management and control of an LLC by its members is

These entities are commonly operated by a small number of individuals.

person to form an LLC. ALA CODE § 10-12-9. Alabama also recognizes

nay exercise control over a corporation. "The mere fact that a party owns

he corporation's stock does not, of itself, destroy the corporate identity."

*ing*, 514 So.2d 892, 895 (Ala.1987). "Where the law recognizes one-man

obvious that the law accepts the fact of domination by one person.

tion cannot be enough for piercing the corporate veil.   There must be

misuse of control and harm or loss resulting from it." *Simmons v. Clark*

*Corp.*, 554 So. 2d 398 (Ala. 1989) (citations omitted).   Plaintiff has

ent evidence to support its claim that the Defendants misused their control

letriment of the plaintiff.

E, Defendants respectfully request this Honorable Court to enter

indings in their favor and against the plaintiff as the plaintiff has failed

evidence to support its claim against the individual defendants.


William R. Myers                 (MYE 001)
J. Todd Miner                    (MIN 018)
Attorneys for Defendants


JRG, P.C.
e
ma 35203
50-8400
26-3837


## CERTIFICATE OF SERVICE

tify that a copy of the foregoing has been served on all counsel in this

ivery, this the 8th day of March, 2005.


30
ι 36274


Of Counsel

IN THE CIRCUIT COURT OF
RANDOLPH COUNTY, ALABAMA

| | | |
|---|---|---|
| JOE FRANK HUTTO CONSTRUCTION, INC. | ) | **Filed in** |
| | ) | |
| PLAINTIFF | | FEB 1 |
| | ) | |
| VS. | | KIM S. |
| | ) | CASE NO. CV 03-113   Clerk of |
| CLAYTON O. BAILEY, et al | ) | |
| | ) | |
| DEFENDANT | ) | |

## WITNESS AND EXHIBIT LISTS

Comes now Plaintiff and in response to the Court's Pre-Trial Order

states as follows:

## PLAINTIFF'S WITNESS LIST

The following is a list of witnesses the Plaintiff intends to call at the

time of trial in this case:

1.    Rodney Walker.

2.    Kelly Walker.

3.    Wendelin Werley.

4.    Lurther Werley.

5.    Clayton Bailey.

6.    Robert Folsom.

7.    Eugene Wortham.

✓ 8.    Greg Varner.

9.    Any witness necessary for impeachment or rebuttal.

10.    Any witness appearing on the witness list of any other party.

Plaintiff reserves the right to update, alter or amend this witness list.

## PLAINTIFF'S EXHIBIT LIST

The following is a list of exhibits which the Plaintiff intends to offer as evidence at the time of trial in this case:

1.    Copies of all deeds relating to the purchase of the Red Hawk property.

2.    Copies of all mortgages executed by any person, firm or corporation on Red Hawk property.

3.    Copies of all documents relating to the incorporation of Red Hawk Ventures, LLC.

4.    Copies of the brochures prepared by Defendants concerning the sale of and promotion of Red Hawk.

5.    Copies of all pleadings relating to the Consent Judgment obtained by the Plaintiff from Defendant Red Hawk Ventures, LLC.

6.    Copies of all Powers of Attorney issued by Clayton Bailey to his daughter.

7.    Copies of all documents exchanged in response to any request for production.

8.    Copies of all documents attached to depositions taken in this case.

9.    Any document appearing on the exhibit list of any other party.

10.    Any document necessary for impeachment or rebuttal.

11.    Any drawing, exhibit or document useful for demonstrative purposes.

12.    Any and all documents produced from any source in this case.

13.    Any and all records of Redhawk Ventures, LLC.

14.    Any and all contracts and/or agreements between the parties.

15.    Any and all contracts and/or agreements executed by any parties, past or present, in this case.

16.    Any and all documents pertaining to any transaction conducted between the parties.

17.    Any and all documents evidencing work performed by the Plaintiff or anyone on the Plaintiff's behalf on the condominium community project known as Redhawk's Nest.

18.    All bills, invoices, and other documents evidencing amounts charged by the Plaintiff and/or paid by the Defendant on the condominium community project known as Redhawk's Nest.

19.    The material lien recorded by the Plaintiff or on the Plaintiff's behalf in various locations which is at issue in the present action.

Plaintiff reserves the right to alter, amend or update this exhibit list.

John A. Tinney        TIN005
Attorney for Plaintiff
Post Office Box 1430
739 Main Street
Roanoke, Alabama  36274
(334) 863-8945

## CERTIFICATE OF SERVICE

This is to certify that I have this day served counsel for the opposing party in the foregoing matter with a copy of this pleading by faxing or by depositing a copy of the same in the United States Mail, in an envelope with adequate postage prepaid thereon and properly addressed to him.

William R. Myers
Todd Minor
Najjar and Denaburg
2125 Morris Avenue
Birmingham, Alabama  35203

This _/7_ day of February, 2005.

John A. Tinney
Attorney for Plaintiff
Post Office Box 1430
Roanoke, Alabama  36274
334-863-8945

## IN THE CIRCUIT COURT OF RANDOLPH COUNTY, ALABAMA

JOE FRANK HUTTO                         )
CONSTRUCTION COMPANY, INC.,             )
                                        )
    Plaintiff,                          )
                                        )          CIVIL ACTION NO:
v.                                      )
                                        )          CV-03-113
CLAYTON O. BAILEY,                      )
CLAYTON O. BAILEY IRREVOCABLE           )          **Filed in Office**
TRUST, WENDELIN S. WERLEY,              )
and REDHAWK VENTURES, L.L.C.,           )          FEB 1 6 2005
                                        )
    Defendants.                         )          **KIM S. BENEFIELD**
                                                   Clerk of Circuit Court

### DEFENDANT'S WITNESS AND EXHIBIT LIST

Come now the Defendants and identify the following witnesses who may be called

at the trial and the following exhibits which may be used at the trial of this case:

### WITNESSES

1.    Clayton O. Bailey

2.    Wendelin S. Werley

3.    Luther Werley

4.    Rodney Walker

5.    Gregory M. Varner

6.    Dwight Thomas

7.    Gail Graben Amason

8.    Eugene Wortham, President of Small Town Bank

9.    Steve Weir

10.    Any witness identified by Defendant

11.    Any witness necessary for impeachment

12.    Any witness necessary for rebuttal

13.    Testimony by deposition of all witnesses and/or parties deposed in this case

## **EXHIBITS**

1.    All documents produced during discovery of this case

2.    Any and all records of Redhawk Ventures, LLC

3.    Any and all contracts and/or agreements between the parties

4.    Any and all contracts and/or agreements executed by any parties, past or present, in this case

5.    Any and all documents pertaining to any transaction conducted between the parties

6.    Any and all documents evidencing work performed by the Plaintiff or anyone on the Plaintiff's behalf on the condominium community project known as Redhawk's Nest

7.    All bills, invoices, and other documents evidencing amounts charged by the Plaintiff and/or paid by the Defendants on the condominium community project known as Redhawk's Nest

8.    The material lien recorded by the Plaintiff or on the Plaintiff's behalf in various locations which is at issue in the present action.

9.    All exhibits to depositions taken in this case

10.    All exhibits identified by the Defendant

11.    All exhibits necessary for impeachment

12.    All exhibits necessary for rebuttal

13.    Any and all documents produced from any source in this case


_____
William R. Myers                                    (MYE 001)
J. Todd Miner                                        (MIN 018)
Attorneys for Defendants

**OF COUNSEL:**
**NAJJAR DENABURG, P.C.**
2125 Morris Avenue
Birmingham, Alabama 35203
Telephone:    205-250-8400
Telecopier:    205-326-3837


## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been served on all counsel in this action by placing same in the United States Mail, postage prepaid, this the 15th day of February, 2005.

John A. Tinney
Post Office Box 1430
Roanoke, Alabama 36274


_____
Of Counsel

IN THE CIRCUIT COURT OF RANDOLPH COUNTY, ALABAMA

JOE FRANK HUTTO
CONSTRUCTIONCOMPANY, INC.                )

     Plaintiff                )

                     )

v.                )        case no. CV-03-113

                     )

CLAYTON O. BAILEY, et al.                )        **Filed in Office**

     Defendants                )        NOV 1 6 2004

### <u>NOTICE OF WITHDRAWAL</u>

KIM S. BENEFIELD
Clerk of Circuit Court

COMES NOW the undersigned, one of the attorneys of record for Plaintiff in this

matter, and gives notice of his withdrawal as counsel in this matter.   Attorney John

Tinney will continue to represent the Plaintiff in this matter.

This the 15th of November, 2004.

Chris L. Albright
2450 Valleydale Road
Birmingham, AL 35244
(205) 967-9675

CERTIFICATE OF SERVICE

I hereby certify that I have served the foregoing upon counsel of record by placing a copy of same in the U.S. Mail, postage paid and properly addressed, this the 15th day of November, 2004.


John Tinney, Esq.

William R. Myers, Esq.
J. Todd Miner, Esq.

Chris L. Albright

# IN THE CIRCUIT COURT OF RANDOLPH COUNTY, ALABAMA

JOE FRANK HUTTO                      )
CONSTRUCTION COMPANY, INC.,          )
                                     )
    Plaintiff,        )
                                     )         CIVIL ACTION NO:
v.                                   )
                                     )            CV-03-113
CLAYTON O. BAILEY,                   )
CLAYTON O. BAILEY IRREVOCABLE        )
TRUST, WENDELIN S. WERLEY,           )
and REDHAWK VENTURES, L.L.C.,        )
                                     )
    Defendants.        )

**Filed in Office**

NOV 1 2 2004

KIM S. BENEFIELD
Clerk of Circuit Court

## NOTICE OF DEPOSITION

    Please take notice that pursuant to Alabama Rules of Civil Procedure 30(b)(5) and (6), and at the time, date and place indicated below, the Defendants will take the testimony by deposition upon oral examination of that representative of the Plaintiff most knowledgeable of the matters described herein. Such deposition shall be taken for the purpose of discovery or for use as evidence in this action pursuant to the Alabama Rules of Civil Procedure, and shall be taken before a court reporter who is authorized to administer oaths under the laws of the State of Alabama.

DATE:                    December 14, 2004

TIME:                    10:00 a.m.

DEPONENT:                Rodney Walker

PLACE OF TAKING DEPOSITION:    Office of Najjar Denaburg
                               2125 Morris Avenue
                               Birmingham, Alabama 35203

    The matters on which examination is requested are:

1.    All agreements entered into by the Plaintiff with any of the Defendants.

2. All transactions conducted between the Plaintiff and any of the Defendants.

3. All work performed by the Plaintiff or anyone on the Plaintiff's behalf for the benefit of any of the Defendants.

4. All work performed by the Plaintiff or anyone on the Plaintiff's behalf on the condominium community project known as Redhawk's Nest.

5. All amounts charged or billed by the Plaintiff to any of the Defendants, whether such amounts have been paid by those Defendants or remains owed.

6. The material lien recorded by the Plaintiff or on the Plaintiff's behalf which is at issue in the present action.

Also, please note that pursuant to Rule 30(b)(6), the Plaintiff corporation "shall designate one or more officers, directors, managing agents or other persons who consent to testify on its behalf," and that "[t]he persons so designated shall testify as to matters known or reasonably available to" said corporation.

Further, and pursuant to Rule 30(b)(5) Defendants request that at the time and place of the taking of said deposition, this defendant produce for inspection and copying a copy of each note, memorandum, item of correspondence, picture, drawing, or other document which evidences or relates to any of the subject matters described in items (1) through (6) above.


William R. Myers                              (MYE 001)
J. Todd Miner                                 (MIN 018)
Attorneys for Defendants

**OF COUNSEL:**
**NAJJAR DENABURG, P.C.**
2125 Morris Avenue
Birmingham, Alabama 35203
Telephone:   205-250-8400
Telecopier:  205-326-3837

-2-

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been served on all counsel in this action by placing same in the United States Mail, postage prepaid, this the _10_ day of _November_, 2004.

John A. Tinney
Post Office Box 1430
Roanoke, Alabama 36274

Chris L. Albright
Post Office Box 7400
Oxford, Alabama 36203

Of Counsel

cc:    National Court
       Wendelin Werley

-3-



**N**AJJAR
**D**ENABURG, P.C.
Attorneys at Law

William R. Myers
Direct Dial 205-250-8410
bmyers@najjar.com
Fax 205-326-3837

2125 Morris Avenue
Birmingham, Alabama 35203
Telephone (205) 250-8400
www.najjar.com

November 10, 2004

## Filed in Office

NOV 1 2 2004

KIM S. BENEFIELD
Clerk of Circuit Court

Clerk of Court
Randolph County Circuit Court - Civil Division
Post Office Box 328
Wedowee, Alabama 36278-0328

Re:     *Joe Frank Hutto Construction Company, Inc. v. Clayton O. Bailey, Clayton*
        *O. Bailey Revocable trust, Wendelin S. Werley and Redhawk Ventures, LLC*
        In the Circuit Court of Randolph County, Alabama
        Civil Action Number:     CV03-113

Dear Clerk of Court:

        Enclosed for filing is an original and one copy of Notice of Deposition.  Please file
the original and stamp the copy as filed and return to us using the postage prepaid return
envelope provided herein for your convenience.

        Should you have any questions, please do not hesitate to call.

                        Sincerely,

                        NAJJAR DENABURG, P.C.

                        William R. Myers

                        William R.  Myers

WRM/sjo

Enclosures

IN THE CIRCUIT COURT OF
RANDOLPH COUNTY, ALABAMA

| | | |
|---|---|---|
| JOE FRANK HUTTO<br>CONSTRUCTION, INC. | ) | |
| | ) | |
| PLAINTIFF | ) | |
| | ) | |
| VS. | ) | CASE NO. CV 03-113 |
| | ) | |
| CLAYTON O. BAILEY, et al | ) | |
| | ) | |
| DEFENDANT/<br>COUNTER-PLAINTIFF | ) | |
| | ) | |
| VS. | ) | |
| | ) | |
| JOE FRANK HUTTO<br>CONSTRUCTION, INC. | ) | |
| | ) | |
| PLAINTIFF/<br>COUNTER DEFENDANT | ) | |

**Filed in Office**

AUG 2 7 2004

KIM S. BENEFIELD
Clerk of Circuit Court

## ANSWER TO COUNTERCLAIM

Comes now Plaintiff/Counter-Defendant Joe Frank Hutto Construction Company, Inc. and for answer to the Counterclaim heretofore filed would state as follows:

Joe Frank Hutto Construction Company, Inc. denies all the allegations of the Counterclaim and demands strict proof of the same.

John A. Tinney        TIN005
Attorney for Plaintiff
Post Office Box 1430
Roanoke, Alabama  36274
(334) 863-8945

## CERTIFICATE OF SERVICE

This is to certify that I have this day served counsel for the opposing party in the foregoing matter with a copy of this pleading by faxing or by depositing a copy of the same in the United States Mail, in an envelope with adequate postage prepaid thereon and properly addressed to him.

Robert James Campbell
Bradley, Arant, Rose & White
One Federal Place
1895 5th Avenue North
Birmingham, Alabama  35203

Chris Albright
Post Office Box 7400
Oxford, Alabama  36203

Todd Minor
Najjar and Denaburg
2125 Morris Avenue
Birmingham, Alabama  35203

This _26_ day of August, 2004.

John A. Tinney
Attorney for Plaintiff
Post Office Box 1430
Roanoke, Alabama  36274
334-863-8945

# IN THE CIRCUIT COURT OF RANDOLPH COUNTY, ALABAMA

JOE FRANK HUTTO )
CONSTRUCTION COMPANY, INC., )
  )
    Plaintiff, )
  )
  ) CIVIL ACTION NO.
v. )
  ) CV-03-113
CLAYTON O. BAILEY, )
CLAYTON O. BAILEY IRREVOCABLE )
TRUST, WENDELIN S. WERLEY, )
and REDHAWK VENTURES, L.L.C., )
  )
    Defendants/Counter-Plaintiffs, )
  )
v. )
  )
JOE FRANK HUTTO CONSTRUCTION )
COMPANY, INC., )
  )
    Plaintiff/Counter-Defendant. )

**Filed in Office**

AUG 2 5 2004

KIM S. BENEFIELD
Clerk of Circuit Court

## MOTION TO CONTINUE TRIAL SETTING

COME NOW the defendants in the above-styled cause and file this their Motion to

Continue the trial of this case presently set on the Court's docket for September 7, 2004, and

aver as grounds therefore as follows:

    1.    That this cause was initially filed by plaintiff herein asserting a cause of action

against defendants for enforcement of a material and materialmens' lien and then amended

in an attempt to pierce a corporate veil which was in force and effect at the time of the

transaction between the parties made the basis of plaintiff's complaint.

2.    That it has been made known to the defendants Clayton O. Bailey and Wendelin S. Werley that the plaintiff Joe Frank Hutto Construction Company, Inc., filed a material and materialmens' lien on property owned by said defendants which said property was not subject to any work performed by the plaintiff Joe Frank Hutto Construction Company, Inc., but which was nonetheless filed on said property.

3.    That as a result of the filings of said liens, defendants have this date filed a counterclaim alleging a slander of title against plaintiff Joe Frank Hutto Construction Company, Inc., and need the time and opportunity to fully explore the facts and circumstances of the filing of said lien as well as the repercussions sustained by said parties as a result of said filing.

WHEREFORE, PREMISES CONSIDERED, defendants pray for an order of this Court continuing this matter from its present trial setting to be re-set in due course, giving the parties an opportunity to fully discover all facts and circumstances underlying the actions of the plaintiff which have resulted in a counterclaim being filed herein.

William R. Myers                    (MYE 001)
J. Todd Miner                       (MIN 018)
Attorneys for Defendants/Counter-Plaintiffs

**OF COUNSEL:**
**NAJJAR DENABURG, P.C.**
2125 Morris Avenue
Birmingham, Alabama 35203
Telephone:   205-250-8400
Telecopier:   205-326-3837

-2-

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been served on all counsel in this action by placing same in the United States Mail, postage prepaid, this the 24 day of _August_, 2004.

John A. Tinney
Post Office Box 1430
Roanoke, Alabama 36274

Chris L. Albright
Post Office Box 7400
Oxford, Alabama 36203

Robert James Campbell, Esquire
Bradley, Arant, Rose & White, LLP
One Federal Place
1819 5th Avenue North
Birmingham, Alabama 35203

Of Counsel

-3-

## IN THE CIRCUIT COURT OF RANDOLPH COUNTY, ALABAMA

JOE FRANK HUTTO )
CONSTRUCTION COMPANY, INC., )
)
    Plaintiff, )
)
v. )
)
CLAYTON O. BAILEY, )
CLAYTON O. BAILEY IRREVOCABLE )
TRUST, WENDELIN S. WERLEY, )
and REDHAWK VENTURES, L.L.C., )
)
    Defendants/Counter-Plaintiffs, )
)
v. )
)
JOE FRANK HUTTO CONSTRUCTION )
COMPANY, INC., )
)
    Plaintiff/Counter-Defendant. )

CIVIL ACTION NO.

CV-03-113

**Filed in Office**

AUG 2 5 2004

**KIM S. BENEFIELD**
Clerk of Circuit Court

### COUNTERCLAIM ON BEHALF OF CLAYTON O. BAILEY
### AND WENDELIN S. WERLEY, DEFENDANTS/COUNTER-PLAINTIFFS
### AGAINST JOE FRANK HUTTO CONSTRUCTION COMPANY, INC.,
### PLAINTIFF/COUNTER-DEFENDANT

COME NOW the Defendants/Counter-Plaintiffs Clayton O. Bailey and Wendelin S.

Werley and file this their Counterclaim against Plaintiff/Counter-Defendant Joe Frank Hutto

Construction Company, Inc., and aver as grounds therefore as follows:

1.    That on or about April 10, 2002, Plaintiff/Counter-Defendant Joe Frank Hutto

Construction Company, Inc., did enter into a contract with Redhawk Ventures, LLC, of

Wedowee, Alabama, to perform certain tasks and to complete construction of a project more

particularly described in said document as the Redhawk Townhome Site and work pertaining thereto.

2.      That at the time of the execution of said contract, a copy of which is attached hereto and marked as Exhibit A, the only parties to said contract were Redhawk Ventures, LLC, of Wedowee, Alabama, and Joe Frank Hutto Construction Company, Inc.

3.      That on or about December 6, 2002, Plaintiff/Counter-Defendant Joe Frank Hutto Construction Company, Inc., filed a Bill of Complaint in the Circuit Court of Randolph County, Alabama, against Defendant Redhawk Ventures, LLC.   Said complaint was filed under Case No. CV-2002-183.  A copy of said Bill of Complaint is attached hereto and marked as Exhibit B.

4.      That on or about December 12, 2002, Plaintiff/Counter-Defendant Joe Frank Hutto Construction Company, Inc., did secure a judgment against Redhawk Ventures, LLC, in said claim in the amount of $313,500.34.   A copy of said judgment is attached hereto and marked as Exhibit C.

5.      That Defendant/Counter-Plaintiffs Clayton O. Bailey and Wendelin S. Werley were not parties to said contract, were not parties to said bill of complaint, and no judgment was rendered against said Defendants/Counter-Plaintiffs Clayton O. Bailey and Wendelin S. Werley in Case No. CV-2002-183.

6.      That on or about March 11, 2003, the Plaintiff/Counter-Defendant herein, Joe Frank Hutto Construction Company, Inc., intentionally and maliciously, filed a material and

-2-

materialmens' lien with the Clerk of the Superior Court of Cobb County, Georgia, on commercial property owned by the Defendant/Counter-Plaintiff Clayton O. Bailey with the specific malicious intent to wrongfully place a lien on the title of said property owned by Clayton O. Bailey with the intent to slander the title of Clayton O. Bailey to said property located in Cobb County, Georgia, when Plaintiff/Counter-Defendant knew full well said material and materialmens' lien did not apply to said property in Cobb County, Georgia, and that Plaintiff/Counter-Defendant had not performed work on the property in Cobb County, Georgia, and that said Plaintiff/Counter-Defendant had no legal right to file said material and materialmens' lien and cause a slander of title of Defendant/Counter-Plaintiff Clayton O. Bailey.  A copy of said material and materialmens' lien is attached hereto and made a part hereof and designated as Exhibit D.

7.    .That upon information, knowledge, and belief of Defendants/Counter-Plaintiffs, the same material and materialmens' lien was caused to be filed maliciously and with the intent to harm by Plaintiff/Counter-Defendant Joe Frank Hutto Construction Company, Inc., against the personal residence of the Defendant/Counter-Plaintiff Wendelin S. Werley located in Wedowee, Randolph County, Alabama, when no work had been performed by Plaintiff/Counter-Defendant on that property or residence of Defendant/Counter-Plaintiff Wendelin S. Werley but rather was filed with the malicious intent to slander the title of the residence of the Defendant/Counter-Plaintiff Wendelin S. Werley and was done with the malicious intent and efforts to force Defendant/Counter-

Plaintiff Wendelin S. Werley to pay a judgment which had not been rendered against her and to pay an amount which she personally did not at that time owe.

8.     That as a result of the malicious slander of title on behalf of the Plaintiff/Counter-Defendant Joe Frank Hutto Construction Company, Inc., Defendant/Counter-Plaintiffs Clayton O. Bailey and Wendelin S. Werley have been caused to suffer specific pecuniary injury and damage, have had liens filed on property for which Plaintiff/Counter-Defendant had done no work, and which Plaintiff/Counter-Defendant knew full well it had no legal right to place said materialmen and materialmens' lien on said residence and property of the Defendants/Counter-Plaintiffs, but which did so with the malicious intent to injure and harm Defendant/Counter-Plaintiffs Clayton O. Bailey and Wendelin S. Werley.

9.     That this counterclaim on behalf of the Defendants/Counter-Plaintiffs Clayton O. Bailey and Wendelin S. Werley is brought pursuant to Alabama Code § 6-5-211 which provides in pertinent part that:

> The owner of any estate in lands may commence an action for libelous or slanderous words falsely and maliciously inpugning his title.

10.     That all acts complained of in this counterclaim were done with malicious intent, involved a publication of an assertion made by the Plaintiff/Counter-Defendant Joe Frank Hutto Construction Company, Inc., and caused said publication to be placed in the chain of title of property owned and in the name of Defendants/Counter-Plaintiffs Clayton O.

Bailey and Wendelin S. Werley to which Plaintiff/Counter-Defendant had no right, had done no work on said property, and that as a result of said assertion of and concerning Defendants/Counter-Plaintiffs' property special damages have been incurred by Defendants/Counter-Plaintiffs Clayton O. Bailey and Wendelin S. Werley as a proximate result of said wrongful assertion.

11. That at the time of the filing of said material and materialmens' lien, Defendants/Counter-Plaintiffs Clayton O. Bailey and Wendelin S. Werley were not indebted to the Plaintiff/Counter-Defendant Joe Frank Hutto Construction Company, Inc., a fact which was fully well known, understood, and comprehended by said Plaintiff/Counter-Defendant, but nonetheless Plaintiff/Counter-Defendant falsely recorded a material and materialmens' liens against property owned by Defendants/Counter-Plaintiffs Clayton O. Bailey and Wendelin S. Werley.

WHEREFORE, PREMISES CONSIDERED, Defendants/Counter-Plaintiffs Clayton O. Bailey and Wendelin S. Werley pray for a judgment against the Plaintiff/Counter-Defendant Joe Frank Hutto Construction Company, Inc., for the malicious, intentional, wrongful slander of their title in an amount to be assessed by the trial jury herein.

**TRIAL BY STRUCK JURY IS REQUESTED.**

William R. Myers                                    (MYE 001)
J. Todd Miner                                       (MIN 018)
Attorneys for Defendants/Counter-Plaintiffs

-5-

**OF COUNSEL:**
**NAJJAR DENABURG, P.C.**
2125 Morris Avenue
Birmingham, Alabama 35203
Telephone:    (205) 250-8400
Telecopier:    (205) 326-3837

## CERTIFICATE OF SERVICE

I certify that I have served a copy of the foregoing on all counsel in this action by placing same in the United States Mail, postage prepaid, this the _24_ day of _August_____, 2004.

John A. Tinney
Post Office Box 1430
Roanoke, Alabama 36274

Chris L. Albright
Post Office Box 7400
Oxford, Alabama 36203

Robert James Campbell, Esquire
Bradley, Arant, Rose & White, LLP
One Federal Place
1819 5th Avenue North
Birmingham, Alabama 35203

_____
Of Counsel

-6-



**.tto Construction Company, Inc.**

P.O. Box 1053 ♦ 513 - B East Battle Street ♦ Talladega, Alabama 35161
Phone 256-761-1925 ♦ Fax 256-761-1258

CONTRACT

THIS AGREEMENT, made this  10th  day of    April                              , 2002, by and between
REDHAWK VENTURES, LLC OF  WEDOWEE, ALABAMA
herein called the "Owner" , acting through its    OWNER                            , and Hutto Construction Company,
Inc., an Alabama Corporation, of the City of Talladega, and County of Talladega, hereinafter called the
"Contractor".

WITNESSETH: That for and in consideration of the payments and agreements hereinafter mentioned, to be made
and performed by the OWNER and the CONTRACTOR hereby agrees with the OWNER to commence and
complete the construction described as follows:

**SPECIFICATIONS ARE TO BE AS FOLLOWS:**

ALL IN ACCORDANCE WITH THE PLANS AND SPECS WHICH HAVE BEEN COMPLETED
BY JOSEPH RUSCIN OF DESIGN PLUS OF AUBURN, AL DATED MARCH 15,2002.

The above listed work shall hereinafter be called the project, for the sum of _____ COST PLUS 15% ON
ANY  CONSTRUCTION WORK AT THE REDHAWK VENTURES  TOWNHOMES SITE AND WORK
PERTAINING THERETO     ) and all extra work in connection therewith, under the terms as stated in the
General And Special Conditions of the Contract; and at their own proper cost and expense to furnish all the
materials, supplies, machinery, equipment, tools, supervision, labor, insurance, and other accessories and services
necessary to complete the said project in accordance with the conditions and prices stated in the proposal and the
General Conditions of the Contract, the Plans, which include all maps, plats, blueprints, and other drawings and
printed matter, and the specifications as provided by the CONTRACTOR AND OWNER, all of which are made a
part hereof and collectively evidence and constitute the contract.

The Owner agrees to pay the Contractor in current funds for the performance of the contract, **subject to additions
or deductions,** by the 10th of the preceding month when work is completed. All requests for payment must be
submitted to the Owner no later than the 31ST of the month which work is completed. In such case as payment is
not made on time, then the Contractor is entitled to an interest at the maximum prevailing rate at the time of such
payment is due on the unpaid balance of such bill. Upon completion of the work, a walk-thru and punch list must
be done before the owner can take possession of the building. The owner will be allowed to move into the building
while such punch list items are being completed as long as all payments have been made and the work is paid for
in full bearing the owner shall be entitled to withhold from such monies an amount to cover punch list items which
according to Alabama State Law can be no more than two (2) times the cost of repairing such items. Only one
punch list and walk-thru will take place. Any additional items will be observed as damage caused as the owner
moves into the building and shall not be repaired by Hutto Construction Co., Inc.

# EXHIBIT A

The Contractor agrees that they will furnish the Owner with lien releases signed by the Contractor and any Subcontractors which may work on the project. The contractor shall be allowed to hold a lien on the building and property signed in advance until all work is complete and paid for as agreed in current funds.

The Contractor agrees to warranty all materials and workmanship on this project for a period of One year from the date of completion. The Contractor further agrees to carry all workers compensation insurance and general liability insurance and to have the Owner listed as an additional insured. Owner agrees that in the case which the building may be damaged by fire, windstorm, tornado, or other acts of God, or acts of vandilism that Hutto Construction Co., Inc. shall be paid for the amount of work in place at such time of damage..

This contract shall represent all agreements of both parties.

IN WITNESS WHEREOF, the parties to these presents have executed this contract in ____2____ counterparts, each of which shall be deemed an original, in the year and day first above mentioned.

_Wendelin Swely_
REDHAWK VENTURES, LLC

_April 10, 2002_
Date

ATTEST:

_____

Hutto Construction Co., Inc.
Contractor
By: _____

Title: ____Vice-President_____

Address: ____P.O. Box 1053_____

_____Talladega, AL 35161_____

Alabama License Number: ____18837_____

IN THE CIRCUIT COURT OF
RANDOLPH COUNTY, ALABAMA

JOE FRANK HUTTO                )
CONSTRUCTION COMPANY,
INC.                           )

      PLAINTIFF            )

                                CASE NO. _CV 2002 - 183_

VS.                            )

RED HAWK VENTURES, LLC         )

      DEFENDANT            )

**Filed in Office**

DEC - 6 2002

## BILL OF COMPLAINT

KIM S. BENEFIELD
Clerk of Circuit Court

Comes now Plaintiff and would show unto this Honorable Court the following facts as a basis for the relief hereinafter prayed for:

1.    Plaintiff herein is a construction company doing business in Randolph County.

2.    Defendant herein is a limited liability corporation developing the Red Hawk Development outside Wedowee, Alabama.

3.    Plaintiff herein performed various work and services for defendant and furnished labor and materials for construction of the Red Hawk Development between September and October of 2002.

4.    Defendant owes to Plaintiff the sum of $313,500.34 due for labor and materials as aforesaid.

# EXHIBIT B

5.    Plaintiff has been informed by defendant that defendant is unable to pay this indebtedness at this time. It is the desire and agreement of the parties that a judgment would be entered against Red Hawk Ventures, LLC for the monies due to Plaintiff herein.

WHEREFORE, Plaintiff demands judgment against defendant for the sum of $313,500.34.

Rodney Walker

FAX NO. :256-357-2790     Jan. 3 2003 03:44PM P1

IN THE CIRCUIT COURT OF
RANDOLPH COUNTY, ALABAMA

| | |
|---|---|
| JOE FRANK HUTTO CONSTRUCTION COMPANY, INC. | ) |
| | ) |
| PLAINTIFF | ) |
| | ) |
| VS. | ) |
| | ) |
| RED HAWK VENTURES, LLC | ) |
| | ) |
| DEFENDANT | ) |

CASE NO. _CV 2002 - 183_

**Filed in Office**

DEC − 6 2002

KIM S. BENEFIELD
Clerk of Circuit Court

<u>ANSWER AND CONSENT TO JUDGMENT</u>

Comes now Red Hawk Ventures, LLC, and for response for the Bill of Complaint filed by Plaintiff states as follows:

1.     The indebtedness to the Plaintiff in the amount of $313,500.34 is acknowledged and agreed upon by defendant as being a just debt that is due and payable for labor and materials previously provided to defendant for the Red Hawk Development.

2.     The undersigned does hereby consent that judgment may be entered against Red Hawk Ventures, LLC for the sum of $313,500.34.

Signed this _4_ day of ~~November~~ December, 2002.

RED HAWK VENTURES, LLC

By: _Wendelin Sleveley_

It's _Pres_

LIBER    17    297
Recorded in Above Book and Page
12/20/2002 12:29:28 PM
Rack Diamond
Probate Judge
Randolph County, Alabama

IN THE CIRCUIT COURT OF    Randolph County, Alabama
RANDOLPH COUNTY, ALABAMA

Recording Fee        12.00
TOTAL                12.00

JOE FRANK HUTTO                    )
CONSTRUCTION COMPANY,
INC.                               )

     PLAINTIFF              )

VS.                                )        CASE NO. _CV 2002-183_

RED HAWK VENTURES, LLC             )

     DEFENDANT              )

## Filed in Office

DEC 1 2 2002

KIM S. BENEFIELD
Clerk of Circuit Court

## JUDGMENT

The Court has before it a Complaint and Answer in connection with the

above matter. After reviewing the Complaint and Answer filed herein the Court is

of the opinion that the Plaintiff is entitled to the relief prayed for in the Complaint.

It is therefore

ORDERED, ADJUDGED AND DECREED that Plaintiff have and recover

of the defendant the sum of $313,500.34. Judgment is hereby entered against

defendant Red Hawk Ventures, LLC in favor of the Plaintiff for the sum of

$313,500.34 plus cost of these proceedings.

DONE and ORDERED this 12th day of December, 2002.

_Ray F. Martin_
Judge

# EXHIBIT C

*(handwritten)* End
Hutto Construction
PO Box 1053
Talladega, AL 35161

Deed Book 13708 Pg 2627
Filed and Recorded Mar-11-2003 06:153am
2003-0055444

*(signature)* Jay C. Stephenson
Jay C. Stephenson
Clerk of Superior Court Cobb Cty, Ga.

## MATERIAL AND MATERIALMAN'S LIEN

**STATE OF GEORGIA**
**COUNTY OF COBB**

Before me, the undersigned Notary Public, personally appeared RODNEY WALKER, VICE-PRESIDENT OF JOE FRANK HUTTO CONSTRUCTION COMPANY, INC., an Alabama Corporation, who duly sworn says he is the LIENOR HEREIN whose address is P.O. BOX 1053, TALLADEGA, ALABAMA 35161 and that in accordance with a contract with, for, and on property belonging to CLAYTON O. BAILEY, CLAYTON O. BAILEY TRUST, WENDELIN S. WERLEY, AND REDHAWK VENTURES, LLC the lienor furnished labor, services, and materials for the construction, paving, building, piping, and infrastructure on the following described real property:

PROPERTY AND IMPROVEMENTS LOCATED ON HIGHWAY 431 NORTH, WEDOWEE, ALABAMA 36278 BEING IN SECTION 34, TOWNSHIP 19 SOUTH, RANGE 11 EAST OF RANDOLPH COUNTY, ALABAMA CONTAINING 125 ACRES MORE OR LESS

OWNED BY CLAYTON O. BAILEY, CLAYTON O. BAILEY TRUST, WENDELIN S. WERLEY, AND REDHAWK VENTURES, LLC.

The total amount of the labor and materials which remains to date is THREE HUNDRED, FORTY-EIGHT THOUSAND AND NO/100 DOLLARS ( $348,000.00 ) plus interest for work preformed on said property and improvements between April, 2002 and February, 2003.

*(signature)*

Lienor
Rodney Walker, Vice-President
Joe Frank Hutto Construction Co. Inc.

On March 7, 2003 before me, _*Rodney Walker*_____, personally appeared Rodney Walker, the Vice-President of Joe Frank Hutto Construction, Inc., who is personally known to me to be the person whose name is sworn and subscribed to the within instrument and acknowledged to me that he executed the same in his authorized capacity, and that by his signature on the instrument thereby executes this instrument.

Witness by my hand and official seal,

*(signature)* Pamela R. Stephens
Notary Public

My Commission Expires
5/26/2005

N.P.
SEAL

My commission expires _____

*(handwritten mark)*

# Exhibit D

## IN THE CIRCUIT COURT OF RANDOLPH COUNTY, ALABAMA

JOE FRANK HUTTO    )
CONSTRUCTION COMPANY, INC., )
          )
   Plaintiff,    )
          )
v.          )  CIVIL ACTION NO:
          )
          )  CV-03-113
CLAYTON O. BAILEY,   )
CLAYTON O. BAILEY IRREVOCABLE )
TRUST, WENDELIN S. WERLEY, )
and REDHAWK VENTURES, L.L.C., )
          )
   Defendants.   )

**Filed in Office**

AUG 9 2004

**KIM S. BENEFIELD**
Clerk of Circuit Court

### NOTICE OF DEPOSITION

   Please take notice that pursuant to Alabama Rules of Civil Procedure 30(b)(5) and (6), and at the time, date and place indicated below, the Defendants will take the testimony by deposition upon oral examination of that representative of the Plaintiff most knowledgeable of the matters described herein. Such deposition shall be taken for the purpose of discovery or for use as evidence in this action pursuant to the Alabama Rules of Civil Procedure, and shall be taken before a court reporter who is authorized to administer oaths under the laws of the State of Alabama.

DATE:     August 17, 2004

TIME:     Immediately following the deposition of Wendy Werley

DEPONENT:   Joe Frank Hutto Construction, Inc.

PLACE OF TAKING DEPOSITION:  Office of John Tinney
           739 Main Street
           Roanoke, Alabama 36274

   The matters on which examination is requested are:

1.  All agreements entered into by the Plaintiff with any of the Defendants.

2.      All transactions conducted between the Plaintiff and any of the Defendants.

3.      All work performed by the Plaintiff or anyone on the Plaintiff's behalf for the benefit of any of the Defendants.

4.      All work performed by the Plaintiff or anyone on the Plaintiff's behalf on the condominium community project known as Redhawk's Nest.

5.      All amounts charged or billed by the Plaintiff to any of the Defendants, whether such amounts have been paid by those Defendants or remains owed.

6.      The material lien recorded by the Plaintiff or on the Plaintiff's behalf which is at issue in the present action.

Also, please note that pursuant to Rule 30(b)(6), the Plaintiff corporation "shall designate one or more officers, directors, managing agents or other persons who consent to testify on its behalf," and that "[t]he persons so designated shall testify as to matters known or reasonably available to" said corporation.

Further, and pursuant to Rule 30(b)(5) Defendants request that at the time and place of the taking of said deposition, this defendant produce for inspection and copying a copy of each note, memorandum, item of correspondence, picture, drawing, or other document which evidences or relates to any of the subject matters described in items (1) through (6) above.


_William R. Myers_ _____    (MYE 001)
William R. Myers
J. Todd Miner                                    (MIN 018)
Attorneys for Defendants

**OF COUNSEL:**
**NAJJAR DENABURG, P.C.**
2125 Morris Avenue
Birmingham, Alabama 35203
Telephone:   205-250-8400
Telecopier:  205-326-3837

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been served on all counsel in this action by placing same in the United States Mail, postage prepaid, this the ___6___ day of ___August___, 2004.

John A. Tinney
Post Office Box 1430
Roanoke, Alabama 36274

Chris L. Albright
Post Office Box 7400
Oxford, Alabama 36203

_____
Of Counsel

cc:    Samantha Noble

-3-

IN THE CIRCUIT COURT OF
RANDOLPH COUNTY, ALABAMA

JOE FRANK HUTTO                    )
CONSTRUCTION
                                   )
        PLAINTIFF
                                   )
VS.                                          CASE NO. _CV 2003-113_
                                   )
CLAYTON O. BAILEY
                                   )
        DEFENDANT                  )

## **NOTICE FOR TAKING DEPOSITION**

**Filed in Office**

AUG   **2** 2004

**KIM S. BENEFIELD**
Clerk of Circuit Court

Please take notice that Plaintiff will take the deposition of the following persons on Tuesday, August 17, 2004, at the office of John Tinney, 739 Main Street, Roanoke, Alabama, as follows:

9 a.m. - CLAYTON O. BAILEY

11 a.m. - WENDY WURLEY

Said deposition to be taken upon oral examination for the purpose of discovery, or for use as evidence in the action or for both purposes before an authorized court reporter.

CLAYTON O. BAILEY IS REQUESTED TO BRING WITH HIM TO THE DEPOSITION ALL DOCUMENTS IN HIS POSSESSION RELATING TO RED HAWK.

Said examination will continue from time to time until completed. You are invited to attend and cross-examine.

John A. Tinney
Attorney for Plaintiff
Post Office Box 1430
Roanoke, Alabama  36274

cc      Samantha Noble
        Post Office Box 544
        Ohatchee, Alabama  36271
        Phone:  256-892-0591
                256-892-3704
        Fax:    256-892-3001

## CERTIFICATE OF SERVICE

This is to certify that I have this day served counsel for the opposing party in the foregoing matter with a copy of this pleading by faxing or by depositing a copy of the same in the United States Mail, in an envelope with adequate postage prepaid thereon and properly addressed to him.

        William Rogers
        Kimberly Glass
        Najjar and Denaburg
        2125 Morris Avenue
        Birmingham, Alabama  35203

This  30  day of July, 2004.

John A. Tinney
Attorney for Plaintiff
Post Office Box 1430
Roanoke, Alabama  36274
334-863-8945

IN THE CIRCUIT COURT OF RANDOLPH COUNTY, ALABAMA

JOE FRANK HUTTO CONSTRUCTION )
COMPANY, INC.,                )
            Plaintiff         )
                              )
VS.                           )    CASE NO. CV-2003-113
                              )
CLAYTON O. BAILEY             )    **Filed in Office**
            Defendant         )

JUL 1 6 2004

KIM S. BENEFIELD
Clerk of Circuit Court

O R D E R

The above-styled cause is set for trial on the 7th day of _September_, **2004.** Unless otherwise ordered, the jury will be struck on the day of trial. Unless otherwise agreed upon by counsel and subject to other pre-trial orders which may have been or which may be entered:

(1)   At least ten (10) days prior to trial the parties shall furnish to each other all photographs, bills, statements or other exhibits they intend to introduce into evidence, whether in possession of counsel, their client or witnesses. In the event any exhibit exceeds seven (7) pages, counsel shall make that document available for inspection. All of the above shall be deemed authentic and admissible without predicate unless the opposing party objects in writing within three (3) days of receipt. Provided, however, that this provision is not intended to make legally inadmissible evidence admissible. Parties are not required to furnish copies of exhibits previously filed pursuant to a subpoena duces tecum or which may have been produced in the course of discovery. However, counsel shall list those items.

(2)   In addition to the above provision, all doctor and medical bills and any hospital records furnished to counsel during discovery or otherwise during the course of trial preparation shall be deemed reasonable and necessary. Said

medical bills and hospital records shall be admissible without further predicate unless the opposing party objects within three (3) days of receipt.

(3)  At least fifteen (15) days prior to trial counsel shall exchange witness lists to include addresses.  This provision does not apply to rebuttal witnesses.  Counsel may supplement this list up to ten (10) days prior to trial.

(4)  If any of the information contained in the above paragraphs is furnished by mail, it shall be post-marked at least eighteen (18) days prior to trial.

(5)  A trial docket will be sent to counsel by the Circuit Clerk's Office.  Barring special circumstances, cases will be disposed of in the order in which they appear on the trial docket.

(6)  Discovery shall be complete ten (10) days prior to trial.  Provided, however, that the Court my allow discovery within ten (10) days of trial in special circumstances.

(7)  Unless an objection is interposed within ten (10) days of the date of the filing of this Order all parties shall be deemed to be properly named.

A copy of this order shall be sent by the Clerk to counsel of record.

DONE this the ___15___ day of July, 2004.

_____
Circuit Judge

HON JOHN A. TINNEY
HON WILLIAM R. MYERS
HON CHRIS ALBRIGHT
HON ROBERT JAMES CAMPBELL

## IN THE CIRCUIT COURT OF RANDOLPH COUNTY, ALABAMA

JOE FRANK HUTTO                    )
CONSTRUCTION COMPANY, INC.,        )
                                   )
     Plaintiff,              )
                                   )          CIVIL ACTION NO:
v.                                 )
                                   )          CV-03-113
CLAYTON O. BAILEY,                 )
CLAYTON O. BAILEY IRREVOCABLE      )          **Filed in Office**
TRUST, WENDELIN S. WERLEY,         )
and REDHAWK VENTURES, L.L.C.,      )          JUN 1 6 2004
                                   )
     Defendants.             )          KIM S. BENEFIELD
                                              Clerk of Circuit Court

### ANSWER ON BEHALF OF THE DEFENDANTS
### TO PLAINTIFF'S AMENDED COMPLAINT

COME NOW the defendants Clayton O. Bailey, Clayton O. Bailey Irrevocable Trust,

Wendelin S. Werley, and Redhawk Ventures, LLC, and in response to the amended

complaint filed on behalf of plaintiff, aver as follows:

    1.    Defendant Clayton O. Bailey denies the averments of paragraph 1 of plaintiff's

amended complaint to the extent it alleges that he is the fee simple owner of the real property

at issue in this action as the property has been foreclosed upon by the Bank of Wedowee.

Upon all information and belief, the Bank of Wedowee is the fee simple owner of such

property at the time of the filing of this answer to the plaintiff's amended complaint.

    2.    Defendants Clayton O. Bailey, Wendelin S. Werley, and Redhawk Ventures,

LLC, admit the allegations of paragraph 2 of plaintiff's amended complaint.

3.     Defendant Clayton O. Bailey admits that he authorized Redhawk Ventures, LLC, to construct a condominium development on said real property under the Land Lease Agreement between Clayton Bailey and Redhawk Ventures, LLC. However, at the time of the filing of the answer to the plaintiff's complaint and at the time of the filing of the answer to the plaintiff's amended complaint herein, Redhawk Ventures, LLC, does not maintain a leasehold interest in the said Redhawk Development project.

4.     Defendant Redhawk Ventures, LLC, admits the averments of paragraph 4 of plaintiff's amended complaint.

5.     Defendant Redhawk Ventures, LLC, admits the averments of paragraph 5 of plaintiff's amended complaint. The judgment entered by the Court was entered only against Defendant Redhawk Ventures, LLC.

6.     Defendant Redhawk Ventures, LLC, admits the averments of paragraph 6 of plaintiff's amended complaint.

7.     Defendant Clayton O. Bailey admits that he exercised his right under the Land Lease Agreement between Clayton Bailey and Redhawk Ventures, LLC, to terminate the possessory interest of Redhawk Ventures, LLC, and reenter the property.

8.     Defendant Clayton O. Bailey denies the allegations of paragraph 8 of plaintiff's amended complaint and demands strict proof thereof.

9.     Defendants Clayton O. Bailey and Wendelin Werley deny the allegations of paragraph 9 of plaintiff's amended complaint and demand strict proof thereof.

-2-

10.    Defendants Clayton O. Bailey and Wendelin Werley deny the allegations of paragraph 10 of plaintiff's amended complaint and demand strict proof thereof.

11.    Defendants jointly deny the allegations of paragraph 11 of plaintiff's amended complaint and demand strict proof thereof.

12.    Defendants jointly deny the allegations of paragraph 12 of plaintiff's amended complaint and demand strict proof thereof.

13.    Defendants jointly deny the allegations of paragraph 13 of plaintiff's amended complaint and demand strict proof thereof.

14.    Defendants reaver and reallege those affirmative defenses opposed separately and severally in their answer to the plaintiff's original complaint.

Defendants reserve the right to amend this their answer to the plaintiff's amended complaint herein as this matter progresses.


_____
William R. Myers                    (MYE 001)
J. Todd Miner                       (MIN 018)
Attorneys for Defendants


**OF COUNSEL:**
**NAJJAR DENABURG, P.C.**
2125 Morris Avenue
Birmingham, Alabama 35203
Telephone:    205-250-8400
Telecopier:   205-326-3837

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been served on all counsel in this action by placing same in the United States Mail, postage prepaid, this the _15th_ day of _June_, 2004.

John A. Tinney
Post Office Box 1430
Roanoke, Alabama 36274

Chris L. Albright
Post Office Box 7400
Oxford, Alabama 36203

Robert James Campbell, Esquire
Bradley, Arant, Rose & White, LLP
One Federal Place
1819 5th Avenue North
Birmingham, Alabama 35203

Of Counsel

IN THE CIRCUIT COURT OF RANDOLPH COUNTY, ALABAMA

| | | |
|---|---|---|
| JOE FRANK HUTTO CONSTRUCTION COMPANY, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | case no. CV-03-113 |
| | ) | |
| CLAYTON O. BAILEY, CLAYTON O. BAILEY REVOCABLE TRUST, WENDELIN S. WERLEY, and REDHAWK VENTURES, LLC, | ) | |
| | ) | |
| Defendants. | ) | |

**Filed in Office**

APR 2 8 2004

KIM S. BENEFIELD
Clerk of Circuit Court

<u>JURY DEMAND</u>

COMES NOW the Plaintiff and demands trial by jury.

Chris L. Albright
One of the Attorneys for Plaintiff
P.O. Box 7400
Oxford, Alabama 36203
(256) 835-6000

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that a copy of the foregoing has been served upon the following counsel by placing same in the U.S. Mail, postage paid and properly addressed, this the 26 day of April , 2004.

William Rogers, Esq.
Kimberly Glass, Esq.
NAJJAR DENABURG, PC
2125 Morris Avenue
Birmingham, Alabama 35203

Chris L. Albright

# TINNEY & ALBRIGHT
### ATTORNEYS AT LAW
POST OFFICE BOX 7400
1047 U.S. HIGHWAY 78 EAST
OXFORD, ALABAMA 36203
TELEPHONE (256) 835-6000
FAX (256) 835-7000

JOHN A. TINNEY



CHRIS L. ALBRIGHT

April 27, 2004

Filed in Office

APR 2 8 2004

KIM S. BENEFIELD
Clerk of Circuit Court

Kim Benefield
P.O. Box 328
Wedowee, Alabama  36278

Re:    Hutto Construction Co., Inc. v. Redhawk Ventures, LLC, et. al.

Dear Kim:

Please file the enclosed Jury Demand.  I have enclosed a check for the costs.

Thank you for your assistance in this regard.

Yours very truly,

Chris L. Albright

CLA/phh
Enclosures

IN THE CIRCUIT COURT OF RANDOLPH COUNTY, ALABAMA

JOE FRANK HUTTO CONSTRUCTION        )
COMPANY, INC.,                       )
                                     )
        Plaintiff,                   )
                                     )
v.                                   )          case no. CV-03-113
                                     )
CLAYTON O. BAILEY, CLAYTON O.        )
BAILEY REVOCABLE TRUST,              )
WENDELIN S. WERLEY, and REDHAWK      )          **Filed in Office**
VENTURES, LLC,                       )
                                     )          APR 2 3 2004
        Defendants.                  )

AMENDMENT TO COMPLAINT          KIM S. BENEFIELD
                                Clerk of Circuit Court

        COMES NOW the Plaintiff and for amendment to the original Complaint filed herein

states as follows:

        1. Defendant Clayton Bailey is the fee simple owner of real property in Wedowee,

Alabama on which the Redhawk's Nest condominium development is constructed.

        2. Defendants Clayton Bailey and Wendelin Werley are the owners/members of

Defendant Redhawk Ventures, LLC, which was formed by Bailey and Werley to develop the

aforesaid condominium development and market and sell its units to the public.

        3. Defendant Clayton Bailey authorized Defendant Redhawk Ventures, LLC via a lease

agreement to develop the said condominium development on his said real property.

        4. Defendant Redhawk Ventures, LLC contracted with Plaintiff to provide the labor and

materials for the construction of the said condominium development.

        5. This Court, in case number CV-02-183, rendered a judgment against Defendant

Redhawk Ventures, LLC in favor of Plaintiff in the amount of $313,500.34 plus costs on

December 12, 2002.  Said judgment was for labor and materials that Plaintiff provided for the construction of the said condominium development.

6.  Defendant Redhawk Ventures, LLC has failed to make any payment toward satisfaction of the said judgment.

7. Defendant Clayton Bailey has terminated the lease to the said real property with Defendant Redhawk Ventures, LLC, thereby disabling Redhawk Ventures, LLC from generating any income that it might use to satisfy the said judgment.

8.  Defendant Clayton Bailey's said real property has been greatly improved and has increased in value due to Plaintiff's work, but he is not responsible for paying the said judgment due to the limited liability protection.  Therefore, Defendant Clayton Bailey has been unjustly enriched.

9.Defendants Clayton Bailey and Wendelin Werley have used the corporate entity to avoid personal liability to Plaintiff while reserving and reaping the benefits gained through the use of the corporate entity.

10. Defendants Clayton Bailey and Wendelin Werley operated Redhawk Ventures, LLC as an instrumentality or alter ego.

11. Defendant Redhawk Ventures, LLC was at all times material hereto grossly under-capitalized and run without observance of formality.

12. Recognition of Defendant Redhawk Ventures, LLC's corporate existence under the circumstances presented herein will result in an injustice or inequitable consequences.

13. Plaintiff would state that Defendant Redhawk Ventures, LLC is a sham LLC, is a fiction, and exists in form but not in substance.

WHEREFORE, Plaintiff prays that this Court will pierce Redhawk Venture, LLC's corporate

veil so that Defendant Clayton Bailey and Wendelin Werley will be personally liable for the

judgment owed to Plaintiff by Redhawk Ventures, LLC.  Further, Plaintiffs demand judgment

against Defendants Clayton Bailey and Wendelin Werley in the amount of $313,500.34 plus

interest and costs.

_____
John A. Tinney
Attorney for Plaintiff
P.O. Box 1430
Roanoke, Alabama 36274
(334) 863-8945

OF COUNSEL
Chris L. Albright
Attorney at Law
P.O. Box 7400
Oxford, AL 36203


## CERTIFICATE OF SERVICE

I hereby certify that I have served the foregoing Amendment to Complaint upon the
following by placing a copy of same in the U.S. Mail, postage paid and properly addressed, this
the ___21___ day of _____, 2004.

William Rogers, Esq.
Kimberly Glass, Esq.
NAJJAR DENABURG, PC
2125 Morris Avenue
Birmingham, Alabama 35203

_____
John A. Tinney

IN THE CIRCUIT COURT OF RANDOLPH COUNTY, ALABAMA

| | | |
|---|---|---|
| JOE FRANK HUTTO CONSTRUCTION COMPANY, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | case no. CV-03-113 |
| | ) | |
| CLAYTON O. BAILEY, CLAYTON O. BAILEY REVOCABLE TRUST, WENDELIN S. WERLEY, and REDHAWK VENTURES, LLC, | ) | |
| | ) | |
| Defendants. | ) | |

**Filed in Office**

APR 2 3 2004

KIM S. BENEFIELD
Clerk of Circuit Court

APPEARANCE OF COUNSEL

COMES NOW the undersigned and enters his appearance as counsel for Plaintiff in the captioned matter.

This the 19th day of April, 2004.

_____
John A. Tinney
P.O. Box 1430
Roanoke, Alabama 36274
(334) 863-8945

CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing appearance of counsel has been served upon opposing counsel by placing same in the U.S. Mail, postage paid and properly addressed, this the

21 day of _April_____, 2004.

William Rogers, Esq.
Kimberly Glass, Esq.
NAJJAR DENABURG, PC
2125 Morris Avenue
Birmingham, Alabama 35203

_____
John A. Tinney

# TINNEY & ALBRIGHT

ATTORNEYS AT LAW
POST OFFICE BOX 7400
1047 U.S. HIGHWAY 78 EAST
OXFORD, ALABAMA 36203
TELEPHONE (256) 835-6000
FAX (256) 835-7000



JOHN A. TINNEY

CHRIS L. ALBRIGHT

April 20, 2004

**Filed in Office**

APR 2 3 2004

KIM S. BENEFIELD
Clerk of Circuit Court

Circuit Clerk of Randolph County
Kim Benefield
P.O. Box 328
Wedowee, Alabama  36278

Re: Joe Frank Hutto Construction Co., Inc. v. Redhawk Ventures, LLC, et al

Dear Kim:

Please file the enclosed Amendment to Complaint and Appearance of Counsel.  Please stamp the enclosed file copy and return it to me in the enclosed, self-addressed, stamped envelope.

Thanks for your help in this matter.

Yours very truly,

Chris L. Albright

CLA/phh
Enclosures

IN THE CIRCUIT COURT OF RANDOLPH COUNTY, ALABAMA

| | | |
|---|---|---|
| JOE FRANK HUTTO CONSTRUCTION COMPANY, INC., | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | case no. CV-03-113 |
| CLAYTON O. BAILEY, CLAYTON O. BAILEY REVOCABLE TRUST, WENDELIN S. WERLEY, and REDHAWK VENTURES, LLC, | ) ) ) ) ) | |
| Defendants. | ) ) | |

**Filed in Office**

APR 2 2 2004

**KIM S. BENEFIELD**
Clerk of Circuit Court

## APPEARANCE OF COUNSEL

COMES NOW the undersigned and enters his appearance as counsel for Plaintiff in the captioned matter.

This the 19th day of April, 2004.

John A. Tinney
P.O. Box 1430
Roanoke, Alabama 36274
(334) 863-8945

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing appearance of counsel has been served upon opposing counsel by placing same in the U.S. Mail, postage paid and properly addressed, this the
21 day of April, 2004.

William Rogers, Esq.
Kimberly Glass, Esq.
NAJJAR DENABURG, PC
2125 Morris Avenue
Birmingham, Alabama 35203

John A. Tinney

# IN THE CIRCUIT COURT OF RANDOLPH COUNTY, ALABAMA

JOE FRANK HUTTO                          )
CONSTRUCTION COMPANY, INC.,              )
                                         )
    Plaintiff,         )
                                         )          CIVIL ACTION NO:
v.                                       )
                                         )          CV-04-113
CLAYTON O. BAILEY,                       )          **Filed in Office**
CLAYTON O. BAILEY REVOCABLE              )
TRUST, WENDELIN S. WERLEY,               )          APR 1 2 2004
and REDHAWK VENTURES, L.L.C.,            )
                                         )          KIM S. BENEFIELD
    Defendants.       )          Clerk of Circuit Court

## ANSWER ON BEHALF OF THE DEFENDANTS
## TO PLAINTIFF'S COMPLAINT

COME NOW the defendants Clayton O. Bailey, Clayton O. Bailey Irrevocable

Trust, Wendelin S. Werley, and Redhawk Ventures, LLC, and in response to the

complaint filed on behalf of plaintiff, aver as follows:

    1.    That defendants are without sufficient, information, or belief to admit

paragraph 1 of plaintiff's complaint and same is therefore denied.

    2.    Defendant Clayton O. Bailey admits the averments of paragraph 2 of

plaintiff's complaint.

    3.    Defendant Clayton O. Bailey Irrevocable Trust denies the averments of

paragraph 3 of plaintiff's complaint and demands strict proof thereof.

    4.    Defendant Wendelin S. Werley admits the allegations of paragraph 4 of

plaintiff's complaint.

5.      That defendant Redhawk Ventures, LLC, admits that it is a limited liability corporation incorporated under the laws of the State of Alabama.  The principal owners of Redhawk Ventures, LLC, are Clayton O. Bailey and Wendelin S. Werley.  However, at the time of the filing of the answer to the plaintiff's complaint herein, Redhawk Ventures, LLC, does not maintain a leasehold interest in the said Redhawk Development project.

## COUNT ONE

6.      Defendants reaver and reallege those responses to paragraphs 1 through 5 of plaintiff's complaint herein as if more fully set out herein.

7.      That defendants jointly deny the allegations of paragraph 7 of plaintiff's complaint and demand strict proof thereof.

8.      That defendants deny the allegations of paragraph 8 of plaintiff's complaint and demand strict proof thereof.

9.      That defendants admit the material and materialman's lien attached to plaintiff's complaint filed herein but deny that the property allegedly made the subject of the material and materialman's lien belonged to all defendants as averred therein.

10.     Defendants admit the project referenced in plaintiff's complaint herein is located in Randolph County, Alabama.

11.     That Defendants deny that plaintiff is entitled to the relief prayed for in the addendum of its complaint and demands strict proof thereof.

## AFFIRMATIVE RESPONSES

Having responded to the complaint of plaintiffs filed herein, defendants, separately and severally, do oppose the following defenses.

### Defense One

That the allegations of plaintiffs' complaint do not form a proper basis for the relief sought and fails to state a claim against defendants for which relief may be granted.

### Defense Two

That defendant Clayton O. Bailey Irrevocable Trust denies the Court has *in personam* jurisdiction to render any relief sought by plaintiff herein.

### Defense Three

That the material and materialman's lien attached to plaintiff's complaint and allegedly filed herein is insufficient in its form, service, and notice so as to comply with the statutory requirements in the State of Alabama for said lien to be valid and enforceable.

### Defense Four

That the contract referenced in plaintiff's complaint herein executed on or about April 10, 2002, existed only between the plaintiff and Redhawk Ventures, LLC, of Wedowee, Alabama. That none of the other party-defendants herein were parties to said contract nor are obligated under any provisions thereof. Therefore, said plaintiff's

complaint in this respect fails to state a cause of action against either the individual

defendants or the trust defendant for which relief may be granted.

Defendants reserve the right to amend this their answer to the plaintiff's complaint

herein as this matter progresses.


William R. Myers                    (MYE 001)
J. Todd Miner                       (MIN 018)
Attorneys for Defendants


**OF COUNSEL:**
**NAJJAR DENABURG, P.C.**
2125 Morris Avenue
Birmingham, Alabama 35203
Telephone:    205-250-8400
Telecopier:   205-326-3837


## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been served on all counsel in this
action by placing same in the United States Mail, postage prepaid, this the ___9th___ day of
_____April_____, 2004.


Robert James Campbell, Esquire
Bradley, Arant, Rose & White, LLP
One Federal Place
1819 5th Avenue North
Birmingham, Alabama 35203


Of Counsel

-4-



**N**AJJAR
**D**ENABURG, P.C.
Attorneys at Law

2125 Morris Avenue
Birmingham, Alabama 35203
Telephone (205) 250-8400
www.najjar.com

J. Todd Miner
Direct Dial 205-250-8460
tminer@najjar.com
Fax 205-326-3837

April 9, 2004

**Filed in Office**

APR 1 2 2004

**KIM S. BENEFIELD**
Clerk of Circuit Court

Kim S. Benefield, Clerk
Circuit Court of Randolph County
Post Office Box 328
Wedowee, Alabama 36278

> **Re:    *Joe Frank Hutto Construction Company, Inc. v. Clayton O. Bailey, et al.***
> ***In the Circuit Court of Randolph County, Alabama***
> ***Civil Action Number:        CV03-113***

Dear Ms. Benefield:

I have enclosed the original and one copy of the Answer on Behalf of the Defendants to Plaintiff's Complaint to be filed in the above-referenced case.  Please file the original and return the copy file-stamped in the enclosed self-addressed, stamped envelope.

Thank you for your assistance in this matter.  If have any questions, or should you need anything further, please do not hesitate to contact me at the number above.

Sincerely,

NAJJAR, DENABURG, P.C.

J. Todd Miner

JTM

Enclosures

# IN THE CIRCUIT COURT OF RANDOLPH COUNTY, ALABAMA

JOE FRANK HUTTO CONSTRUCTION, )
    Plaintiff, )
     )
vs. )   Case No. CV-03-113
     )
CLAYTON O. BAILEY, et al., )
    Defendants. )

## ORDER

This matter coming before the Court for hearing on Defendants Motion to Dismiss and the Court having heard argument from counsel and considering the same, it is hereby Ordered that the Defendants Motion to Dismiss is hereby DENIED.

The Clerk of the Court is to mail a copy of this Order to counsel of record and any unrepresented party.

SIGNED this the 20th day of February, 2004.

TOM F. YOUNG, JR.
Circuit Judge

Robert J Campbell
William R Myers
Kimberly Glass

**Filed in Office**

FEB 2 3 2004

KIM S. BENEFIELD
Clerk of Circuit Court

IN THE CIRCUIT COURT OF RANDOLPH COUNTY, ALABAMA

| | | |
|---|---|---|
| JOE FRANK HUTTO<br>CONSTRUCTION COMPANY, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 03-113 **Filed in Office** |
| | ) | |
| CLAYTON O. BAILEY, CLAYTON O. | ) | FEB 1 8 2004 |
| BAILEY REVOCABLE TRUST, | ) | |
| WENDELIN S. WERLEY, and | ) | KIM S. BENEFIELD |
| REDHAWK VENTURES, LLC, | ) | Clerk of Circuit Court |
| | ) | |
| Defendants. | ) | |

### PLAINTIFF JOE FRANK HUTTO CONSTRUCTION COMPANY, INC.'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS

Defendants have collectively moved to dismiss (the "Motion to Dismiss") Plaintiff's complaint on the grounds that the Material and Materialman's Lien filed by Plaintiff (the "Lien") fails to comply with the requirements of Alabama law. Defendants Clayton O. Bailey and the Clayton O. Bailey Revocable Trust (the "Trust") have additionally moved to be dismissed from this lawsuit on the grounds that this Court lacks personal jurisdiction over them.   As explained herein, neither argument is valid and, as such, the Defendants' Motion to Dismiss is due to be denied in its entirety.

### STATEMENT OF FACTS

1.    The Parties

Plaintiff is an Alabama corporation whose principal place of business is located in Talladega County, Alabama. *See* Complaint at ¶ 1. Defendant Redhawk Ventures, LLC ("Redhawk") is an Alabama limited liability company whose principal place of business is located in Randolph County, Alabama. *Id.* at ¶ 5.   Redhawk is wholly owned by

Defendant Clayton O. Bailey and Defendant Wendelin S. Werley – an adult resident of Randolph County, Alabama. *Id.* at ¶¶ 4-5.

Defendant Clayton O. Bailey is an adult resident of the State of New York. *See* Complaint at ¶ 2. In addition to being one of the two owners of Redhawk, Mr. Bailey is also the sole trustee of the Clayton O. Bailey Revocable Trust (the "Trust"), which at all times relevant to the complaint was the owner and fee title holder of the land at issue in this lawsuit. *Id.* at ¶¶ 2-3.

2.     The Project History

On April 10, 2002, Plaintiff entered into a contract with Defendants under which Plaintiff was to construct a condominium project located in Wedowee, Alabama on property owned by the Defendants (the "Project"). *See* Complaint at ¶¶ 3, 8. Plaintiff began construction work on the Project in April 2002. *Id.* at ¶ 8. During the course of Plaintiff's work on the Project, Defendant Clayton O. Bailey traveled to Wedowee, Alabama to monitor and oversee Plaintiff's work. *See* Affidavit of Rodney Walker ("Walker Aff."), filed contemporaneously herewith, at ¶ 3. Plaintiff continued work on the Project until February 2003, when Plaintiff terminated the contract due to Defendants' failure and refusal to pay for work performed by Plaintiff for work performed on the Project. Complaint at ¶ 8.

Plaintiff then filed a breach of contract action solely against Redhawk, to which Redhawk responded by voluntarily consenting to a judgment against it in the amount of $313,500.34. Once Plaintiff began efforts to collect on that consent judgment, Defendant Mr. Bailey sought to thwart Plaintiff's efforts by terminating Redhawk's lease interest in the Project, even though Mr. Bailey owns both the Project (through the Trust) and

2

Redhawk (along with his daughter, Defendant Mrs. Werley). *See* Walker Aff. at ¶ 5 and Exh. 1 thereto.

## ARGUMENT

### I.    Defendants Clayton O. Bailey and the Clayton O. Bailey Revocable Trust Are Subject to the Personal Jurisdiction of this Court.

Defendants Clayton O. Bailey and the Trust – both of whom are citizens of New York – seek to be dismissed from this action on the grounds that they do not "have sufficient ties to the forum state for this court to exercise personal jurisdiction over them." Motion to Dismiss at ¶ 3. As explained below, their argument is incorrect.

Rule 4.2 of the Alabama Rules of Civil Procedure ("Rule 4.2") "extends the personal jurisdiction of Alabama courts to the limit of due process under the federal and state constitutions." *Ex parte McInnis,* 820 So.2d 795, 802 (Ala. 2001), *cert. denied,* 535 U.S. 1077, 122 S.Ct. 1961, 152 L.Ed.2d 1021 (2002) (citations omitted). To comport with due process, Alabama courts may only exercise personal jurisdiction over non-resident defendants who have engaged in sufficient "minimum contacts" with Alabama such "that [he or she] should reasonably anticipate being haled into court here." *Ex parte Dill, Dill, Carr, Stonbraker & Hutchings, P.C. and Fay Matsukage,* __ So.2d __, App. No. 1011586, 2003 WL 376080 (Ala. 2003), *cert. denied,* 124 S.Ct. 416, 157 L.Ed.2d 281 (2003) (citations omitted).

Subdivision (a)(2) of Rule 4.2 identifies certain contacts which, if engaged in by a non-resident defendant, support the exercise of personal jurisdiction over him. Among these contacts are "transacting any business in this state" and "having an interest in, using, or possessing real property in this state." ALA.R.CIV.P. 4.2 (a)(2)(A),(F). Rule 4.2 also provides that personal jurisdiction may be exercised over a non-resident defendant

3

who "otherwise ha[s] some minimum contracts within this state and, under the circumstances, it is fair and reasonable to require the person to come to this state to defend an action." *Id.* at (a)(2)(I).

Applying these standards here, it is clear that the Trust is subject to the personal jurisdiction of this Court. At all times relevant to Plaintiff's complaint, the Trust was identified as the owner and fee holder of the Project. *See* Complaint at ¶ 3; *see also* Consent of Lessor, recorded August 6, 2002 (a true and correct copy of which as recorded in the Randolph County probate records is attached hereto as Exhibit 1).[1] Accordingly, under ALA.R.CIV.P. 4.2(a)(2)(F), the Trust is subject to the personal jurisdiction of this Court.

Mr. Bailey is also subject to the personal jurisdiction of this Court, albeit for different reasons. First, to justify the exercise of personal jurisdiction over him, Plaintiff must show that Mr. Bailey conducted activities in Alabama related to the formation or performance of Plaintiff's contract for work on the Project. *See, e.g., Wisconsin Elec. Mfg. Co., Inc. v. Pennant Products*, 619 F.2d 676 (7th Cir. 1980).[2] This is a "common

---

[1]    Although the Trust may claim to no longer be the owner and fee holder of the Project, ownership must be assessed as of the time of the events causing the litigation, and not thereafter. *See Elliott v. Van Kleef*, 820 So.2d 726, 731 (Ala. 2002) ("only contracts occurring prior to the event causing the litigation may be considered" in assessing personal jurisdiction); *Steel v. U.S.*, 813 F.2d 1545, 1549 (9th Cir. 1987) (jurisdictional inquiry focuses on contracts existing at the time when the events that gave rise to the suit occurred, not at the time of the suit"); *Cape v. Maur*, 932 F.Supp. 124, 127 (D.Md. 1996) (same); *Tomar Electronics, Inc. v. Whelen Tech., Inc.*, 819 F.Supp. 871, 876 (D.Ariz. 1992) ("minimum contracts are to be evaluated at the time . . . claim arose and not as of the complaint"). Here, the relevant period is between April 2002 and February 2003 – when Plaintiff performed work on the Project for which Plaintiff was not paid. *See* Complaint at ¶ 8 and Exh. A thereto. During those times, the Trust was the owner and fee title holder of the Project. *See, e.g.*, Exhibit 1 hereto.

[2]    In fact, courts from around the country, applying identical standards and analysis, have held that where a non-resident visits the forum for the purpose of contract performance, the non-resident has established sufficient minimum contracts to justify the exercise of personal jurisdiction. *See, e.g., Wisconsin Elec.*, 619 F.2d at 677-78; *Southwire Co. v. Trans-World Metals & Co., Ltd.*, 735 F.2d 440, 442-444 (11th Cir. 1984); *Borg-Warner Acceptance Corp. v. Lovett & Tharpe, Inc.*, 786 F.2d 1055, 1061 and n. 3 (11th Cir. 1986) (noting that visits to the forum will support jurisdiction where the purpose of the visit by

sense" test, wherein courts have concluded that if a non-resident thought the project was important enough to visit the forum, the non-resident should be deemed to have established sufficient minimum contracts with, and purposefully availed himself of, the forum state. *See Reliable Tool & Machine Co. v. U-Haul Int'l., Inc.*, 837 F.Supp. 274, 280-821 (N.D.Ind. 1993). And while the non-resident may have visited the forum as an agent or representative of another, "corporate agent status does not insulate the agent personally from his or her jurisdictional contacts with a state or from personal jurisdiction in the state." *Ex parte McInnis*, 820 So.2d at 799.

Here, in his role as Redhawk's managing director and as the trustee of the Trust, Mr. Bailey visited the Project site in Randolph County, Alabama to oversee and monitor Plaintiff's performance on the Project. *See* Walker Aff. at ¶ 4. In fact, Mr. Bailey later had dinner at the home of one of Plaintiff's officers. *Id.* Mr. Bailey's visit to Alabama to monitor and oversee Plaintiff's performance on the Project constitutes actions purposefully directed toward Alabama for the purpose of transacting and carrying out business in this State – actions sufficient to justify the exercise of personal jurisdiction over him under Rule 4.2(a)(2)(A) or (a)(2)(I). *See* note 2 *supra*.

Moreover, additional and separate grounds exist to warrant the exercise of personal jurisdiction over Mr. Bailey. After Redhawk *voluntarily* entered a consent judgment in Plaintiff's favor and upon Plaintiff's efforts to begin collecting on that judgment, Mr. Bailey – one of the two owners of Redhawk – sought to thwart Plaintiff's collection efforts by terminating Redhawk's lease interest on the Project – property which he owned through his own Trust. *See* Walker Aff. at ¶ 5 and Exh. 1 thereto. Such

---

the non-resident relates to, among other things, monitoring the performance of a contract); *Black & Veatch Const. Inc. v. ABB Power Generation, Inc.*, 123 F.Supp.2d 569 (D.Kan. 2000) (same).

actions amount to far more than mere gamesmanship – they represent an abuse of the corporate form in an attempt to frustrate creditors.  Mr. Bailey's actions, expressly targeted at Plaintiff in Alabama and knowing that Plaintiff would suffer injury here in Alabama, constitute independent grounds upon which to exercise personal jurisdiction over Mr. Bailey. *See Ex parte Dill, Dill,* 2003 Wl 376080 at * 10-11; *Duke v. Young,* 496 So.2d 37, 39 (Ala. 1986); *Calder v. Jones,* 465 U.S. 783, 789-90, 104 S.Ct. 1482, 1487 (1984).  As such, Defendants Mr. Bailey's and the Trust's argument that this Court lacks personal jurisdiction over them is wholly incorrect and, as such, their Motion to Dismiss is due to be denied.

## II.    The Lien Underlying Plaintiff's Complaint Complies With the Requirements of the Alabama Code.

All of the Defendants collectively move to dismiss Plaintiff's complaint, claiming that Plaintiff's Lien, upon which the complaint is based, is defective in two respects:  that the lien (1) fails to provide a sufficient description of the property and (2) fails to adequately identify the nature of the improvements made by Plaintiff on the property. *See* Motion to Dismiss at ¶¶ 1-15.  As demonstrated below, because the Lien comports with the requirements of the Code of Alabama, the Defendants' Motion to Dismiss is due to be denied.

### A.    The Lien Adequately Describes the Property.

The Code of Alabama requires that any statement of lien contain a "description of the property on which the lien is claimed in such a manner that same may be located and identified."  Ala.Code § 35-11-213.  Here, Plaintiff's Lien described the property as follows:

6

PROPERTY AND IMPROVEMENTS LOCATED ON HIGHWAY 431
NORTH, WEDOWEE, ALABAMA 36278 BEING IN SECTION 34,
TOWNSHIP 19 SOUTH, RANGE 11 EAST OF RANDOLPH COUNTY,
ALABAMA CONTAINING 125 ACRES MORE OR LESS.

*See* Complaint at Exh. A (capitalization in original).

Defendants contend the above description was "deficient in that it fails to identify the property on which the lien is claimed in such a manner as to allow the property to be identified" and that "without more information, no one could identify the property claimed." Motion to Dismiss at ¶ 11. In essence, Defendants suggest that only a metes and bound description of the property would be sufficient. *Id.*

Here, Defendants gravely err. There is no requirement under Alabama law that a Lien describe the property only in metes and bounds terms. *See, e.g.,* Jesse P. Evans III, ALABAMA PROPERTY RIGHTS AND REMEDIES § 32.8 (2d 1998) (description by reference "to maps, plats and other documents recorded in the office of probate . . . will be sufficient for purposes of the verified statement [of lien]"). Second, Defendants' argument is disingenuous because they employed the *very same* property description in deeds given by them to third-party purchasers of condominium units on the Project. For example, on September 23, 2002, Defendants deeded a condominium unit in the Project to Graden Amason, describing the property as follows:

Unit Number M1 located in Redhawk's Nest, a Condominium Community, *located in Section 34, Township 19 South, Range 11 East in Randolph County, Alabama.*

*See* Warranty Deed, recorded on September 30, 2002 (a true and correct copy of which as recorded in the Randolph County probate records is attached hereto as Exhibit 2) (emphasis added). Defendants' use of the very same map and plot reference as used by

7

Plaintiff in its Lien (and without any metes and bounds description) belies their claim that the Lien inadequately describes the property at issue.[3]

Regardless, the purpose of requiring an adequate property description is to ensure that the probate court is able to record the lien in a manner which gives notice to purchasers and creditors of the existence of the claim – *i.e.,* record and index the lien into the chain of title associated with the property. *See Fowler v. Mackentepe,* 233 Ala. 458, 172 So.2d 266 (1937). Here, based upon the Lien's description of the Project, the Randolph County Probate Court was fully able to (and in fact did) locate, identify, record and index the Lien into the chain of title for the Project. *See* Randolph County Probate Court Report, a true and correct copy of which is attached hereto as Exhibit 3 (showing all property recordings indexed to the Project since July 21, 2000, including the Lien). Accordingly, Defendants' protestations provide no basis for dismissing Plaintiff's complaint.

2.    *The Lien Adequately Described the Nature of the Improvements on the Project.*

Defendants also seek to dismiss Plaintiff's complaint on the grounds that the Lien upon which the complaint is based "fail[s] to identify the specific nature of the improvements to the subject property so that the improvements allegedly made by this claimant can be identified." Motion to Dismiss at ¶ 14. This argument is a red herring.

---

[3]    This also demonstrates the fallacy of Defendants' argument that the Lien is inadequate because it does not state whether the property is located "in a town or outside thereof." Motion to Dismiss at ¶ 12. One need not provide such a description when referencing maps and plots recorded with the Probate Court. *See* ALABAMA PROPERTY RIGHTS AND REMEDIES § 32.8, cited *supra.* Moreover, lien claimants are permitted, but not required, to claim a lien on one additional acre of land to the project site if the property is located outside a city or town. *See* Ala.Code § 35-11-217. And since at least 1950, there has been no requirement that a lien claimant assert a claim to the additional one acre. *See Tanner v. Foley Bldg. & Mfg. Co.,* 254 Ala. 476, 48 So.2d 785 (1950). Moreover, a lien is enforceable on the land upon which the improvements were made even where additional acreage is claimed, but not adequately described. *See, e.g., O'Grady v. Bird,* 411 So.2d 97 (Ala. 1981). Simply put, Plaintiff's decision to limit its claim to the Project itself provides no basis upon which to dismiss its claims under prevailing law.

8

Alabama law does not require that a statement of lien provide a description regarding the nature of improvements on the property. Instead, the relevant statutory provision requires that the statement of lien "set forth the amount of the demand secured by the lien, a description of the property on which the lien is claimed . . ., and the name of the owner or proprietor thereof." Ala.Code § 35-11-213. In fact, the proposed lien form set forth in the statute itself does not even provide for a description of the improvements made by the lien claimant. *Id.* Regardless, Plaintiff voluntarily included within the Lien a description of the improvements performed by Plaintiff on the Project: "furnished labor, services, and materials for the construction, paving, building, piping and infrastructure on the [Project]." Complaint at Exh. A. As such, Defendants' argument provides no basis for the dismissal of Plaintiff's complaint.

## CONCLUSION

Each of the two grounds advanced by Defendants for the dismissal of this action is due to be denied. Defendants Mr. Bailey and the Trust are amenable to the personal jurisdiction of this Court. Moreover, the Lien (upon which the complaint is based) satisfied the requirements of Alabama law. As such, Defendants' Motion to Dismiss is due to be denied.

_____
Robert J. Campbell (CAM059)
One of the attorneys for Plaintiff,
Joe Frank Hutto Construction Company,
Inc.

**OF COUNSEL:**

BRADLEY ARANT ROSE & WHITE LLP
One Federal Place
1819 5th Avenue North
Birmingham, Alabama 35203
(205) 521-8000

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing upon all counsel of record, by placing same in the United States Mail, properly addressed and first class postage prepaid on this the ___16th___ day of February, 2004.

William R. Myers, Esq.
Najjar Denaburg, P.C.
2125 Morris Avenue
Birmingham, Alabama 35203

_____
Of Counsel

1

COUNTY OF RANDOLPH )
STATE OF ALABAMA )
*Condominium Declaration*
*for Red Hawk's Nest*    CONSENT OF LESSOR

DEED    297    76
Recorded In Above Book and Page
08/06/2002 01:25:54 PM
Mack Diamond
Probate Judge
Randolph County, Alabama

Recording Fee    63.00
TOTAL    63.00

Clayton Bailey, being the trustee of Clayton Bailey Revocable Trust, the owner and fee holder of the property described in the declaration of condominium, as such trustee and lessor, does hereby consent to said Declaration and the exhibits and appendix attached thereto, and to the recording of same for submission of said property to the provisions and condominium regime of Alabama.

Signed and attested by the undersigned this __2__ day of __August__, 2002.

CLAYTON BAILEY:

WITNESS

CLAYTON BAILEY by WENDELYN WERLEY, his attorney in fact

STATE OF ALABAMA )
COUNTY OF CLAY )

I, __Kelly Varner__, a Notary Public in and for said County in said State, hereby certify that WENDELYN WERLEY, whose name as attorney in fact for CLAYTON BAILEY is signed to the foregoing conveyance and who is known to me, acknowledged before me on this day that, being informed of the contents of the conveyance, he, in his capacity as such attorney in fact for CLAYTON BAILEY executed the same voluntarily on the day the same bears date.

Given under my hand this the __2__ day of __August__, 2002.

Notary Public __Kelly Varner__
My commission expires: __07/14/04__

*This document drafted by:*

*Gregory M. Varner*
*P.O. Box 338*
*Ashland, AL 36251*
*256-354-5464*

**2**

DEED    298    390
Recorded In Above Book and Page
09/30/2002 02:07:58 PM
Mark Diamond
Probate Judge
Randolph County, Alabama

## WARRANTY DEED

STATE OF ALABAMA )

COUNTY OF RANDOLPH )

Send Tax Notices to:
586 1ST Avenue SE
Wedowee, AL 36278

KNOW ALL MEN BY THESE PRESENTS: That for and in consideration of Ten Dollars ($10.00) and other valuable consideration, to the undersigned Grantor, REDHAWK VENTURES, LLC., an Alabama Limited Liability Company, in hand paid by the Grantee herein, the receipt of which is hereby acknowledged by said Grantor, Grantor does, by these presents grant, bargain, sell and convey unto GAIL GRABEN AMASON, herein referred to as Grantee, in fee simple, together with every contingent remainder and right of reversion, the following described real estate, situated in Randolph County, Alabama, to-wit:

Unit Number M1 located in Redhawk's Nest, a Condominium Community, located in Section 34, Township 18 South, Range 11 East in Randolph County, Alabama.

Subject to the Conditions of certain instruments previously filed to wit: Condominium Declaration, and Articles of Incorporation of Redhawk's Nest Homeowner's Association.

TO HAVE AND TO HOLD unto the said Grantee, in fee simple, his heirs and assigns forever. And the Limited Liability Company does for itself and its successors covenant with the said Grantee, his heirs and assigns, that the Limited Liability Company is lawfully seized in fee simple of said premises; that it is free from all encumbrances and that they have a good right to sell and convey the same as aforesaid; that the Limited Liability Company will and its successors and representatives shall warrant and defend the same to the said Grantee, his heirs and assigns forever, against the lawful claims of all persons. The above conveyance includes all structures presently built, constructed, or set on the above described property.

The scrivener makes no warranties, nor does he express an opinion except as included within the Title opinion provided unto the Grantee, as to the Grantor's title, or lack thereof.

IN WITNESS WHEREOF, the said Limited Liability Company of Wedowee, Alabama has caused its name to be subscribed hereto and its seal affixed by its duly authorized officials this __23__ day of __September__, 2002.

ATTEST:                                    Redhawk Ventures, LLC

_Wendelin Werley_                          By: _Seth C. Werley_

                                           Its: _Manager_

STATE OF ALABAMA
COUNTY OF CLAY

I, the undersigned authority, a Notary Public in and for said County in said State, hereby certify that __Luther Werley__ whose name as __Manager__ of the Limited Liability Company of Ashland, Alabama, is signed to the foregoing conveyance, and who is known to me acknowledged before me on this day that being informed of the contents of the conveyance, he, as such official, with full authority, executed the same voluntarily for and as the act of said Limited Liability Company.

Given under my hand and seal this __23__ day of __September__, 2002.

                                           _Kelly Varner_
                                           NOTARY PUBLIC
(NOTARY SEAL)                              MY COMMISSION EXPIRES: 07/14/04

NOTARY
PUBLIC

                          CLAYTON BAILEY

WITNESS                   _Clayton Bailey_      _Wendelin Werley_
                                               Wendelin Werley, his attorney in fact

STATE OF ALABAMA )
COUNTY OF CLAY )

I, __Kelly Varner__, a Notary Public in and for said County in said State, hereby certify that WENDELIN WERLEY, whose name as attorney in fact for CLAYTON BAILEY is signed to the foregoing conveyance and who is known to me, acknowledged before me on this day that, being informed of the contents of the conveyance, he, in his capacity as such attorney in fact for CLAYTON BAILEY, executed the same voluntarily on the day the same bears date.

Given under my hand the this __23__ day of __September__, 2002.

_Kelly Varner_
Notary Public
My commission expires: 07/14/04

This instrument was prepared by:
J. Bradford M. Varner
P.O. Box 391
Ashland, Alabama 36251

Recording Fee 12.00, Total 12.00

**3**

Randolph County, Alabama
Search Results Printed On 02/13/2004 At 03:47 PM

| | | | | | |
|---|---|---|---|---|---|
| REDMOND, CORDELLE S | BAILEY, CLAYTON | DEED | 284 | 561 | 07/21/2000 DEED (WARRANTY) [07/21/2000]- |
| BAILEY, CLAYTON | SMALL TOWN BANK | MORT | 404 | 681 | 07/21/2000 MORTGAGE [07/21/2000]--BY HIS ATTORNEY INFACT WEND ELIN S. WERLEY |
| REDMOND, CORDELLE S | BAILEY, CLAYTON | DEED | 284 | 640 | 07/26/2000 AFFADAVIT [07/25/2000]- |
| SMALL TOWN BANK | BAILEY, CLAYTON | POA | 34 | 357 | 06/19/2001 POWER OF ATTORNEY [06/06/2001]- |
| BAILEY, CLAYTON | REDHAWKS NEST | DEED | 297 | 76 | 08/06/2002 DEED (WARRANTY) [08/02/2002]--CONDOMINUM DECLARATI ON OF |
| BANK OF WEDOWEE | BAILEY, CLAYTON | MORT | 434 | 97 | 09/30/2002 MORTGAGE (PARTIAL RELEASE) [09/23/2002]- |
| BAILEY, CLAYTON | WERLEY, WENDELIN | POA | 37 | 203 | 02/26/2003 POWER OF ATTORNEY [02/12/2003]--IN REGARD TO REDHA WK VENTURES LLC |
| BAILEY, CLAYTON O | WERLEY, WENDELIN S | POA | 33 | 233 | 07/19/2000 POWER OF ATTORNEY [07/19/2000]- |
| BAILEY, CLAYTON O | BANK OF WEDOWEE | MORT | 414 | 388 | 06/08/2001 MORTGAGE [06/01/2001]- |
| BAILEY, CLAYTON O | BANK OF WEDOWEE | MORT | 419 | 450 | 10/05/2001 MORTGAGE [10/03/2001]- |
| BAILEY, CLAYTON O | BANK OF WEDOWEE | MORT | 432 | 767 | 08/29/2002 MORTGAGE [07/15/2002]- |
| BAILEY, CLAYTON O | BANK OF WEDOWEE | MORT | 440 | 411 | 02/28/2003 MORTGAGE [01/31/2003]- |
| JOE FRANK HUTTO CONSTRUCT | BAILEY, CLAYTON O | LIEN | 17 | 385 | 03/24/2003 JUDGMENT [03/21/2003]- |
| BAILEY, CLAYTON O | ALABAMA POWER COMPANY | DEED | 303 | 472 | 08/25/2003 DEED (POWER COMPANY ROW) [09/16/2002]- |
| BAILEY, CLAYTON O | ALABAMA POWER COMPANY | DEED | 303 | 475 | 08/25/2003 DEED (POWER COMPANY ROW) [09/16/2002]- |
| BAILEY, CLAYTON O | ALABAMA POWER COMPANY | DEED | 303 | 478 | 08/25/2003 DEED (POWER COMPANY ROW) [05/29/2002]- |
| BAILEY, CLAYTON O | BANK OF WEDOWEE | DEED | 305 | 58 | 11/12/2003 DEED (FORECLOSURE) [11/12/2003]- |

**IN THE CIRCUIT COURT OF RANDOLPH COUNTY, ALABAMA**

| | |
|---|---|
| **JOE FRANK HUTTO** | ) |
| **CONSTRUCTION COMPANY, INC.,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | ) |
| | ) |
| **CLAYTON O. BAILEY, CLAYTON O.** | ) |
| **BAILEY REVOCABLE TRUST,** | ) |
| **WENDELIN S. WERLEY, and** | ) |
| **REDHAWK VENTURES, LLC,** | ) |
| | ) |
| **Defendants.** | ) |

CV 03-113

**Filed in Office**

FEB 1 8 2004

KIM S. BENEFIELD
Clerk of Circuit Court

<u>**NOTICE OF FILING OF AFFIDAVIT OF RODNEY WALKER**</u>

Plaintiff Joe Frank Hutto Construction Company, Inc. hereby gives notice of the filing of the attached Affidavit of Rodney Walker, with exhibits, in support of its Opposition to Defendants' Motion to Dismiss.

_____
/ Robert J. Campbell (CAM059)

One of the attorneys for Plaintiff,
Joe Frank Hutto Construction Company,
Inc.

**OF COUNSEL:**

BRADLEY ARANT ROSE & WHITE LLP
One Federal Place
1819 5th Avenue North
Birmingham, Alabama 35203
(205) 521-8000

1

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing upon all counsel of record, by placing same in the United States Mail, properly addressed and first class postage prepaid on this the ___*18th*___ day of February, 2004.

William R. Myers, Esq.
Najjar Denaburg, P.C.
2125 Morris Avenue
Birmingham, Alabama 35203

_____
Of Counsel

IN THE CIRCUIT COURT OF RANDOLPH COUNTY, ALABAMA

JOE FRANK HUTTO                    )
CONSTRUCTION COMPANY, INC.,        )
                                   )
        Plaintiff,                 )
                                   )
 v.                                )        CV 03-113
                                   )
CLAYTON O. BAILEY, CLAYTON O.      )
BAILEY REVOCABLE TRUST,            )
WENDELIN S. WERLEY, and            )
REDHAWK VENTURES, LLC,             )
                                   )
        Defendants.                )

## AFFIDAVIT OF RODNEY WALKER

STATE OF ALABAMA              )
                              )
COUNTY OF TALLADEGA           )

Before me, a Notary Public, in said County and said State, personally appeared Rodney Walker, who is known to me and, by me first duly sworn, deposes and says:

1.      My name is Rodney Walker. I give this affidavit based on personal knowledge, and in response and opposition to Defendants' Motion to Dismiss which was filed in the above matter. I am of sufficient age and am competent to testify concerning the matters stated herein, of which I have personal and first hand knowledge.

2.      I am the Vice-President for Joe Frank Hutto Construction Company, Inc. ("Hutto"). I am personally familiar with the negotiation and performance of the contract (the "Contract") referenced in the Complaint, as well as in Hutto's Opposition to Defendants' Motion to Dismiss (the "Opposition Brief").

3.      Under the Contract, Hutto agreed to perform work for the Defendants in this case on the construction of the Redhawk's Nest condominium development in Wedowee, Alabama (the "Project").

4.      I am personally aware that Mr. Clayton O. Bailey traveled to Wedowee, Alabama to monitor and oversee Hutto's performance of its work on the Project. In fact, Mr. Bailey and I toured the Project to inspect and review Hutto's work to-date. Later that week, Mr. Bailey had dinner at my home.

5.      I am also personally aware of actions taken by Mr. Clayton O. Bailey to thwart Hutto's efforts to collect sums due for work performed on the Project but for which Hutto was not paid. I received a copy of a letter, dated August 26, 2003, wherein Mr. Bailey notified Redhawk Ventures, LLC that he was terminating Redhawk's leasehold interest in the Project. Ironically, that same day, one of my attorneys – Robert James Campbell – was taking the post-judgment deposition of a Redhawk Ventures representative an effort to try to identify any assets Redhawk Ventures might own or possess and which could be used to satisfy the $313,500.54 judgment Hutto had previously obtained against Redhawk Ventures. A true and correct copy of Mr. Bailey's letter is attached hereto as Exhibit 1.

Further affiant sayeth not.

RODNEY WALKER

2

STATE OF ALABAMA         )

                                 )

COUNTY OF TALLADEGA   )

     I, the undersigned, a notary public in and for said county in said state, hereby certify that Rodney Walker, whose name is signed to the foregoing instrument, and who is known to me, swore before me on this day that, being informed of the contents of said instrument, he executed the same voluntarily on the day the same bears date.

     Given under my hand and official seal this _16th_ day of February, 2004.

                                  _Debbie M. Messer_

                                    NOTARY PUBLIC

                         My commission expires:_ 6.23.2004_

{NOTARIAL SEAL}

3

**1**

**STATE OF NEW YORK**

TO:    **REDHAWK VENTURES, LLC**

FROM:    **CLAYTON BAILEY**

DATE:    **AUGUST 26, 2003**

### NOTICE OF INTENT TO RE-ENTER

DUE TO YOUR DEFAULT in the terms of the Land Lease of February 20, 2001, entered by and between Clayton Bailey, the Landlord, and Redhawk Ventures, LLC, your landlord has elected to **terminate your possessory interest and reenter** the premises known as the Redhawk's Nest, but more particularly described in said lease, ten (10) days after service of this Notice, and may from time to time, without terminating said lease, relet the said premises or any part thereof. Such reentry shall not be construed as an election to terminate said lease. Such re-entry shall not release you of your liability and obligations under said Lease, all of which shall survive such repossession.

Clayton Bailey

# IN THE CIRCUIT COURT OF RANDOLPH COUNTY, ALABAMA

JOE FRANK HUTTO CONSTRUCTION,  )
COMPANY, INC.,                 )
     Plaintiff,                )
                           )
vs.                            )    Case No. CV-03-113
                           )
CLAYTON O. BAILEY, CLAYTON     )
O. BAILEY REVOCABLE TRUST,     )
WENDELIN S. WERLEY, and        )
REDHAWK VENTURES, LLC,         )
     Defendants.                )

**Filed in Office**

JAN - 8 2004

KIM S. BENEFIELD
Clerk of Circuit Court

## ORDER

The Motion to Dismiss filed by the Defendants shall be scheduled for hearing before this

Court on **February 19, 2004, at 9:00 a.m.**

The Clerk of the Court is directed to mail a copy of this Order to all interested parties.

SIGNED this 8th day of January, 2004.

_____
TOM F. YOUNG, JR.
Circuit Judge

Robert J Campbell
William R Myers
Kimberly Glass

## IN THE CIRCUIT COURT OF RANDOLPH COUNTY, ALABAMA

| | | |
|---|---|---|
| JOE FRANK HUTTO CONSTRUCTION COMPANY, INC., | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | CV 03-113 |
| CLAYTON O. BAILEY, CLAYTON O. BAILEY REVOCABLE TRUST, WENDELIN S. WERLEY, and REDHAWK VENTURES, LLC | ) ) ) ) ) | **Filed in Office** |
| Defendants. | ) | DEC **2 9** 2003 |

**MOTION TO DISMISS**

KIM S. BENEFIELD
Clerk of Circuit Court

Come now, Clayton O. Bailey, Clayton O. Bailey Revocable Trust, Wendelin S. Werley, and Redhawk Ventures, LLC, and to hereby move to dismiss the Complaint in the above-styled action pursuant to Rule 12(b) of the Alabama Rules of Civil Procedure and in support thereof states as follows:

### LACK OF PERSONAL JURISDICTION OVER CLAYTON O. BAILEY AND CLAYTON O. BAILEY REVOCABLE TRUST

1.    Clayton O. Bailey is a resident of East Aurora, New York.

2.    Clayton O. Bailey Revocable Trust ("Trust") was created and exists under the laws of the state of New York.

3.    Neither Clayton O. Bailey nor the Trust have sufficient ties to the forum state for this court to exercise personal jurisdiction over them.

WHEREFORE, premises considered, Mr. Bailey and the Trust request this Honorable Court enter an order dismissing the above-styled action against them pursuant

to Ala. R. C. Pro. 12(b)((2) and for such other, further, or different relief to which they may be entitled in law or in equity.

## FAILURE TO STATE A CLAIM
## AS TO ALL DEFENDANTS

4.    Mechanics' and materialmen's liens are governed by Ala. Code §35-11-210 et seq.

5.    Section 35-11-213 prescribes the manner and form of a verified statement of lien necessary to perfect a materialmen's lien.  That section provides that, in order for a lien to be valid, a verified statement of lien must be filed with the judge of probate of the county in which the property upon which the lien is claimed is situated and must include, among other things, "a description of the property on which the lien is claimed in such a manner that same may be located or identified."

6.    Failure to identify the subject property properly will result in the loss of the lien.

7.    The verified statement of lien filed by Frank Hutto Construction Company ("Hutto") on or about March 24, 2003, ("Hutto Verified Statement") identified the subject property as "Property and improvements located on Highway 431 North, Wedowee, Alabama 36278 being in section 34, township 19 south, range 11 east of Randolph County, Alabama containing 125 acres more or less."

8.    The description of the property on which the lien is claimed is material.  It should be sufficiently certain to allow the land to be identified. Fowler v.

2

<u>Mackentepe</u>, 233 Ala. 458, 172 So. 266 (1937).

9.    The complaint must also contain an adequate description of the property on which the lien is claims.  <u>Ala. Code</u> §35-11-222.

10.   The only description of the property in the Complaint in this action is in the Hutto Verified Statement which is attached and incorporated by reference.

11.   The property description contained in the Hutto Verified Statement and in the Complaint is deficient in that it fails to identify the property on which the lien is claimed in such a manner as to allow the property to be identified.  The description does not give a specific address but states only that the property is "on Highway 431."  The description does not give the metes and bounds of the property but only states that it is within a particular section, township, and range.  The property does not comprise that entire area.  Accordingly, without more information, no one could identify the property claimed.

12.   The verified statement and the complaint must also state whether the property on which the lien is claimed is within a town or outside thereof and is subject to dismissal if the statement is equivocal.  <u>Ala. Code</u> §35-11-217; <u>Polakow v. General Roofing & Supply Co.</u>, 242 Ala. 497; 7 So. 2d 73 (1942).

13.   While the Hutto Verified Statement and the Complaint state that the property is located on "Highway 431, Wedowee" they do not state whether the property is within the city limits of Wedowee.

14.   The Hutto Verified Statement and Complaint also fail to identify the specific nature of the improvements to the subject property so that the improvements allegedly made by this claimant can be identified.

3

15. The Hutto Verified Statement fails to claim a lien. Nowhere in the Hutto Verified Statement does the affiant state that he is claiming a lien or identify whether the lien is claimed as to the improvements and the land upon which they sit or upon the improvements and one additional acre.

16. "A mechanic's and materialman's lien is in derogation of common law and statute providing for such lien is to be strictly construed and all matters of substance of necessity are to be complied with." Tanner v. Foley Bldg & Mfg. Co., 254 Ala. 476, 48 So. 2d 785 (1950).

17. The defects in the Hutto Verified Statement cannot be cured by amendment as more than six months has now passed since the last work was alleged to have been completed on the Project. Guaranty Pest Control, Inc., v. Commercial Investment and Development Corp. 288 Ala. 604, 264 So. 2d 163 (1972).; Tucker v. Trussville Convalescent Home, Inc., 289 Ala. 366, 267 So. 2d 438 (1972).

WHEREFORE, premises considered, Defendants request this Honorable Court enter an order dismissing the above-styled action against them pursuant to Ala. R. C. Pro. 12(b)((2) and for such other, further, or different relief to which they may be entitled in law or in equity.

Dated this the 22nd day of December, 2003.

_____
William R. Myers

4

_Kimberly B. Glass_

Kimberly Glass
Counsel for Defendants

OF COUNSEL:
NAJJAR DENABURG, P.C.
2125 Morris Avenue
Birmingham, Alabama 35203
Telephone:   205-250-8400
Telecopier:   205-326-3837

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing has been served upon all counsel to this cause by placing same in the United States Mail, postage thereon prepaid and properly addressed this the _22nd_ day of _December_ 20_03_ as follows.

Robert J. Campbell, Esquire
**BRADLEY ARANT ROSE & WHITE LLP**
1819 Fifth Avenue North
Birmingham, Alabama 35203-2104

_Of Counsel_



**NAJJAR**
**DENABURG, P.C.**
Attorneys at Law

William R. Myers
Direct Dial 205-250-8410
bmyers@najjar.com
Fax 205-326-3837

2125 Morris Avenue
Birmingham, Alabama 35203
Telephone (205) 250-8400
www.najjar.com

December 19, 2003

**Filed in Office**

DEC 2 9 2003

KIM S. BENEFIELD
Clerk of Circuit Court

Clerk of Court
Randolph County Circuit Court - Civil Division
Post Office Box 328
Wedowee, Alabama 36278-0328

Re:  *Joe Frank Hutto Construction Company, Inc. v. Clayton O. Bailey, Clayton*
*O. Bailey Revocable trust, Wendelin S. Werley and Redhawk Ventures, LLC*
In the Circuit Court of Randolph County, Alabama
Civil Action Number:        CV03-113

Dear Clerk of Court:

Enclosed for filing is an original and one copy of Defendants' Motion to Dismiss.
Please file the original and stamp the copy as filed and return to us using the postage
prepaid return envelope provided herein for your convenience.

Should you have any questions, please do not hesitate to call.

Sincerely,

NAJJAR DENABURG, P.C.

William R.  Myers

WRM/sam

Enclosures

AVS0305                    ALABAMA JUDICIAL DATA CEI   R
                              RANDOLPH     COUNTY

                    ORDER FOR SERVICE AND RETURN
                                                    CV 2003 000113.00
                                              ASSIGNED JUDGE
-------------------------------------------------------------------
|            IN THE CIRCUIT  COURT OF  RANDOLPH     COUNTY        |
| JOE FRANK HUTTO CONSTRUCTION CO INC VS CLAYTON O BAILEY         |
|                                                                |
| SERVE ON:  D001                                                |
|                                                                |
|                                                                |
|          BAILEY CLAYTON O                                      |
|          260 GENEVA RD                                         |
|                                                                |
|          EAST AURORA     ,NY  14052-0000                       |
|                                                                |
|                                                                |
| NOTES:                                                         |
|    COPY OF SUMMONS AND COMPLAINT                               |
|                                                                |
|                                                                |
-------------------------------------------------------------------
| TO ANY SHERIFF OR ANY AUTHORIZED AGENT:                        |
|          YOU ARE HEREBY ORDERED TO DELIVER THE ATTACHED DOCUMENT|
|          TO THE ABOVE NAMED PERSON AT THE ADDRESS INDICATED.   |
|                                                                |
|   11/17/2003  DATE          CLERK: KIM S. BENEFIELD      BY:____|
|                             P. O. BOX 328                      |
|                             WEDOWEE  AL  36278                 |
|                             (256)357-4551                      |
|                                                                |
-------------------------------------------------------------------
|  I HEREBY CERTIFY THAT I PERSONALLY DELIVERED A COPY OF THE ATTACHED|
|     DOCUMENT IN _____ COUNTY, ALABAMA             |
|     TO                                                         |
|  *Clayton O Bailey*            *William Burns*                 |
|                                SIGNATURE OF SERVER             |
|  *260 Geneva RD*                                               |
|  *East Aurora N.Y 14052-0000*    *11-18 03*                   |
|  NAME / ADDRESS ABOVE           DATE                           |
-------------------------------------------------------------------
OPERATOR: KIB
PREPARED: 11/17/2003

AVS0305

ALABAMA JUDICIAL DATA CEI    R
RANDOLPH    COUNTY

ORDER FOR SERVICE AND RETURN

CV 2003 000113.00
ASSIGNED JUDGE

```
|------------------------------------------------------------------------|
|              IN THE CIRCUIT  COURT OF  RANDOLPH      COUNTY            |
| JOE FRANK HUTTO CONSTRUCTION CO INC VS CLAYTON O BAILEY                |
|                                                                        |
| SERVE ON:  D002                                                       |
|                                                                        |
|                                                                        |
|          BAILEY CLAYTON, TRUSTEE                                       |
|          CLAYTON O BAILEY REVOCABL                                     |
|          TRUST 260 GENEVA RD                                          |
|          EAST AURORA    ,NY  14052-0000                               |
|                                                                        |
|                                                                        |
| NOTES:                                                                 |
|     COPY OF SUMMONS AND COMPLAINT                                      |
|                                                                        |
|                                                                        |
|                                                                        |
|------------------------------------------------------------------------|
| TO ANY SHERIFF OR ANY AUTHORIZED AGENT:                               |
|           YOU ARE HEREBY ORDERED TO DELIVER THE ATTACHED DOCUMENT     |
|           TO THE ABOVE NAMED PERSON AT THE ADDRESS INDICATED.         |
|                                                                        |
|  11/14/2003   DATE            CLERK: KIM S. BENEFIELD       BY:____    |
|                               P. O. BOX 328                           |
|                               WEDOWEE  AL  36278                       |
|                               (256)357-4551                           |
|                                                                        |
|------------------------------------------------------------------------|
|  I HEREBY CERTIFY THAT I PERSONALLY DELIVERED A COPY OF THE ATTACHED   |
|     DOCUMENT IN _____ COUNTY, ALABAMA                     |
|     TO:                                                                |
|  ____ Clayton Bailey in Person ___    _William Burns Process Server_  |
|  260 Geneva Road _____        SIGNATURE OF SERVER          |
|  East Aurora, NY 14052 _____    ___11-16-03 Time 1250 Pm____    |
|  NAME / ADDRESS ABOVE                    DATE                          |
|------------------------------------------------------------------------|
```

OPERATOR: KIB
PREPARED: 11/14/2003

IN THE CIRCUIT COURT OF RANDOLPH COUNTY, ALABAMA

| | | |
|---|---|---|
| JOE FRANK HUTTO CONSTRUCTION COMPANY, INC., | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | CIVIL ACTION NO. CV-03-113 |
| CLAYTON O. BAILEY, CLAYTON O. BAILEY REVOCABLE TRUST, WENDELIN S. WERLEY, and REDHAWK VENTURES, L.L.C., | ) ) ) ) ) | |
| Defendants. | ) | |

**Filed in Office**

NOV 6 2003

KIM S. BENEFIELD
Clerk of Circuit Court

<u>MOTION TO APPOINT PROCESS SERVER</u>

Plaintiff Joe Frank Hutto Construction Company, Inc. moves the Court to enter an Order

(substantially similar to the form attached hereto), appointing William Burns, Sr. – who is a person

over 19 years of age and who is not a party to this action – as a special process server in this cause to

serve the Summons and Complaint on Defendant Clayton O. Bailey personally and as Trustee of the

Clayton O. Bailey Revocable Trust, another Defendant in this action.

_____
Robert J. Campbell (CAM059)
One of the attorneys for Plaintiff,
Joe Frank Hutto Construction Company, Inc.

**Of Counsel:**

BRADLEY, ARANT, ROSE & WHITE LLP
1819 Fifth Avenue North
Birmingham, Alabama 35203-2104
Telephone:    (205) 521-8000

1/BHM-#1109532-V1-MOTION_TO_APPOINT_SPECIAL_PROCESS_SERVER.DOC

CERTIFICATE OF SERVICE

I do hereby certify that I have on this the _____ day of November, 2003, served a true and correct copy of the foregoing on all parties by placing same in the United States Mail, properly address and first class postage prepaid, to:

Clayton O. Bailey
260 Geneva Road
East Aurora, NY 14052

Clayton O. Bailey, Trustee
Clayton O. Bailey Revocable Trust
260 Geneva Road
East Aurora, NY 14052

Wendelin S. Werely
P.O. Box 309
Wedowee, AL 36278

Redhawk Ventures, LLC
P.O. Box 309
Wedowee, AL 36278

With a courtesy copy to:

Charles L. Denaburg, Esq.
NAJJAR DENABURG, PC
2125 Morris Avenue
Birmingham, Alabama 35203

_____
Of Counsel

IN THE CIRCUIT COURT OF RANDOLPH COUNTY, ALABAMA

JOE FRANK HUTTO CONSTRUCTION )
COMPANY, INC.,                )
                              )
        Plaintiff,            )
                              )        CIVIL ACTION NO. *CV 2003-113*
v.                            )
                              )
CLAYTON O. BAILEY, CLAYTON O. )
BAILEY REVOCABLE TRUST,       )
WENDELIN S. WERLEY, and REDHAWK )
VENTURES, L.L.C.,             )
                              )
        Defendants.           )

**Filed in Office**

NOV 1 4 2003

**KIM S. BENEFIELD**
Clerk of Circuit Court

## ORDER APPOINTING PROCESS SERVER

Upon the Motion to Appoint Process Server filed herein by the Plaintiff, Joe Frank

Hutto Construction Company, Inc., it is:

ORDERED AND ADJUDGED that William Burns, Sr. be and hereby is appointed as

a process server to serve the Summons and Complaint upon Defendant Clayton O. Bailey personally

and as Trustee of the Clayton O. Bailey Revocable Trust, another Defendant in this action.  It is

further, ORDERED that William Burns, Sr. make his return to the Clerk of this Court forthwith.

DONE this _14th_ day of November, 2003.

_____
Circuit Judge for the Circuit Court
of Randolph County, Alabama

1/BHM-#1109531-V1-PROPOSED_ORDER_TO_APPOINT_SPECIAL_PROCESS_SERVER.DOC



STATE OF ALABAMA
UNIFIED JUDICIAL SYSTEM
KIM S. BENEFIELD
CIRCUIT CLERK OF RANDOLPH COUNTY
P.O. BOX 328
WEDOWEE, ALABAMA 36278

CLAYTON O BAILEY
260 GENEVA RD
EAST AURORA NY 14052

CERTIFIED MAIL

7002 0510 0001 8620 0681

□ Undeliverable as
   Addressed
□ Moved,Left No Address
□ Unclaimed
□ Refused
□ Attempted, Not Known
□ No Such Street
□ No Such Number
□ No Receptacle
□ Deceased
□ Vacant

ADDRESSEE ONLY

U.S. POSTAGE
PAID
WEDOWEE, AL
36278
AUG. 28, '03
AMOUNT
$8.15
000-4576-02

STATE OF ALABAMA
UNIFIED JUDICIAL SYSTEM
KIM S. BENEFIELD
CIRCUIT CLERK OF RANDOLPH COUNTY
P.O. BOX 328
WEDOWEE, ALABAMA 36278

CLAYTON O BAILEY, TRUSTEE
CLAYTON O BAILEY REVOCABLE TRUST
260 GENEVA RD
EAST AURORA NY 14052

CERTIFIED MAIL

7002 0510 0001 8620 0667

□ Undeliverable as
   Addressed
□ Moved,Left No Address
□ Unclaimed
□ Refused
□ Attempted, Not Known
□ No Such Street
□ No Such Number
□ No Receptacle
□ Deceased
□ Vacant

U.S. POSTAGE
PAID
WEDOWEE, AL
36278
AUG. 28, '03
AMOUNT
$4.65
000-4576-02

IN THE CIRCUIT COURT OF RANDOLPH COUNTY, ALABAMA

**Filed in Office**

NOV 0 6 2003

**KIM S. BENEFIELD**
Clerk of Circuit Court

| | |
|---|---|
| JOE FRANK HUTTO CONSTRUCTION COMPANY, INC., | ) )  ) |
| Plaintiff, | ) ) |
| v. | ) ) |
| CLAYTON O. BAILEY, CLAYTON O. BAILEY REVOCABLE TRUST, WENDELIN S. WERLEY, and REDHAWK VENTURES, L.L.C., | ) ) ) ) ) |
| Defendants. | ) |

CIVIL ACTION NO. CV-03-113

### NOTICE OF CHANGE IN FIRM AFFILIATION

Plaintiff Joe Frank Hutto Construction Company, Inc. hereby notifies the Court of the following change in firm affiliation for their counsel of record. At the time Plaintiff filed its complaint in this case, Robert James Campbell was employed by the law firm of London & Yancey, L.L.C. Mr. Campbell is now employed by the law firm of Bradley Arant Rose & White LLP. Mr. Campbell's updated contact information is as follows:

> Robert James Campbell
> Bradley Arant Rose & White LLP
> 1819 Fifth Avenue North
> Birmingham, Alabama 35203-2104
> Telephone:   (205) 521-8000
> Facsimile:    (205) 521-8800
> E-mail:        rjcampbell@bradleyarant.com

Please note that as a result of Mr. Campbell's change in firm affiliation, the law firm of London & Yancey, LLC is no longer associated with this case.

1/BHM-#1109545-V1-NOTICE_OF_CHANGE_IN_FIRM_AFFILIATION.DOC

_(signature)_

Robert J. Campbell (CAM059)
One of the attorneys for Plaintiff,
Joe Frank Hutto Construction Company, Inc.

**Of Counsel:**

BRADLEY, ARANT, ROSE & WHITE LLP
1819 Fifth Avenue North
Birmingham, Alabama 35203-2104
Telephone:    (205) 521-8000

## CERTIFICATE OF SERVICE

I do hereby certify that I have on this the _4th_ day of November, 2003, served a true and correct copy of the foregoing on all parties by placing same in the United States Mail, properly address and first class postage prepaid, to:

Clayton O. Bailey
260 Geneva Road
East Aurora, NY 14052

Clayton O. Bailey, Trustee
Clayton O. Bailey Revocable Trust
260 Geneva Road
East Aurora, NY 14052

Wendelin S. Werely
P.O. Box 309
Wedowee, AL 36278

Redhawk Ventures, LLC
P.O. Box 309
Wedowee, AL 36278

With a courtesy copy to:

Charles L. Denaburg, Esq.
NAJJAR DENABURG, PC
2125 Morris Avenue
Birmingham, Alabama 35203

_(signature)_

Of Counsel



ONE FEDERAL PLACE
1819 FIFTH AVENUE NORTH
BIRMINGHAM, AL 35203-2104
205.521.8000   FAX 205.521.8800
WWW.BRADLEYARANT.COM

Robert J. Campbell, Esq.

Direct Dial: (205) 521-8975
Direct Fax: (205) 488-6975
rcampbell@bradleyarant.com

November 4, 2003

Kim S. Benefield, Clerk
Randolph County Circuit Court
P. O. Box 328
Wedowee, AL 36278

**Filed in Office**

NOV  6 2003

**KIM S. BENEFIELD**
Clerk of Circuit Court

RE:    Joe Frank Hutto Construction Co., Inc. v. Clayton O. Bailey, et al.
CV-03-113

Dear Ms. Benefield:

Enclosed for filing with your office please find an original and one copy of the following documents in the above-referenced matter:

1.    Notice of Change in Firm Affiliation; and
2.    Motion to Appoint Process Server with attached Order Appointing same.

Please file in the originals, stamp the copies as filed and return them to me in the enclosed self-addressed, stamped envelope.

Thank you for your cooperation in this matter.

Sincerely,

Robert J. Campbell

RJC/js

Enclosures

BIRMINGHAM    HUNTSVILLE    JACKSON    MONTGOMERY    WASHINGTON, DC

**SENDER:** *COMPLETE THIS SECTION*

- Complete items 1, 2, and ___ also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:    CV 03-113

WENDELIN S WERELY
P O BOX 309
WEDOWEE AL   36278

*COMPLETE THIS SECTION ON DELIVERY*

A. Signature
X _____    ☐ Agent    ☒ Addressee

B. Received by ( Printed Name)    C. Date of Delivery
9-9-03

D. Is delivery address different from item 1?   ☐ Yes
   If YES, enter delivery address below:    ☐ No

3. Service Type
   ☒ Certified Mail    ☐ Express Mail
   ☐ Registered    ☒ Return Receipt for Merchandise
   ☐ Insured Mail    ☐ C.O.D.

4. Restricted Delivery? *(Extra Fee)*    ☒ Yes

2. Article Number
   *(Transfer from service label)*    7002 0510 0001 8620 0682

PS Form 3811, August 2001    Domestic Return Receipt    102595-02-M-1035

---

**SENDER:** *COMPLETE THIS SECTION*

- Complete items 1 ___ nd 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:    CV03-113

REDHAWK VENTURES LLC
P O BOX 309
WEDOWEE AL   36278

*COMPLETE THIS SECTION ON DELIVERY*

A. Signature
X _____    ☐ Agent    ☐ Addressee

B. Received by ( Printed Name)    C. Date of Delivery

D. Is delivery address different from item 1?   ☐ Yes
   If YES, enter delivery address below:    ☐ No

3. Service Type
   ☒ Certified Mail    ☐ Express Mail
   ☐ Registered    ☒ Return Receipt for Merchandise
   ☐ Insured Mail    ☐ C.O.D.

4. Restricted Delivery? *(Extra Fee)*    ☐ Yes

2. Article Number
   *(Transfer from service label)*    7002 0510 0001 8620 0675

PS Form 3811, August 2001    Domestic Return Receipt    102595-02-M-1035

IN THE CIRCUIT COURT OF RANDOLPH COUNTY, ALABAMA Filed In Office

| | | |
|---|---|---|
| JOE FRANK HUTTO | ) | AUG 2 6 2003 |
| CONSTRUCTION COMPANY, INC., | ) | |
| Plaintiff, | ) | KIM S. BENEFIELD |
| | ) | Clerk of Circuit Court |
| v. | ) | Civil Action No. CV 03-113 |
| | ) | |
| CLAYTON O. BAILEY, CLAYTON | ) | |
| O. BAILEY REVOCABLE TRUST, | ) | |
| WENDELIN S. WERLEY, and | ) | |
| REDHAWK VENTURES, L.L.C., | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT

Joe Frank Hutto Construction Company, Inc. ("Hutto") makes and presents the following claims against Defendants Clayton O. Bailey, Clayton O. Bailey Revocable Trust, Wendelin S. Werley, and Redhawk Ventures, L.L.C., respectfully showing to the Court the following:

## I.    PARTIES

1.    Hutto is a corporation organized and existing under the laws of the State of Alabama, with its principle place of business located in Talladega County, Alabama. Hutto is licensed by the Alabama Board of General Contractors to perform construction services within Alabama.

2.    Defendant Clayton O. Bailey is an adult individual, over the age of nineteen years. Mr. Bailey is a resident of East Aurora, New York, and is the trustee of Defendant Clayton O. Bailey Revocable Trust. Mr. Bailey is also one of the two principal owners of Defendant Redhawk Ventures, L.L.C.

3.    Defendant Clayton O. Bailey Revocable Trust is the owner and fee holder of certain property located in Randolph County, Alabama, upon which Hutto was retained by the Defendants

1

to provide labor and materials for the construction of a condominium project, commonly referred to as the Red Hawk Development (the "Project").

4. Defendant Wendelin S. Werley is an adult individual, over the age of nineteen years. Mrs. Werley is a resident of Randolph County, Alabama, and is one of the two owners of Defendant Redhawk Ventures, L.L.C.

5. Defendant Redhawk Ventures, L.L.C. is a limited liability corporation, incorporated under the laws of the State of Alabama. Redhawk is owned by Defendants Clayton O. Bailey and Wendelin S. Werley, and maintains a leasehold interest in the Project.

## II.    CLAIM FOR RELIEF

### COUNT ONE
### ENFORCEMENT OF MECHANIC'S LIEN CLAIM

6. Hutto incorporates each and every allegation and averment set forth above in paragraphs 1 through 5, as though fully set forth herein.

7. Defendants are, and were throughout the period of Hutto's performance, the owner(s) of the Project, the legal description of which is set forth in **Exhibit "A"** hereto (and which is incorporated herein by reference).

8. Hutto supplied materials, labor and supplies which were used, consumed and incorporated into the buildings and improvements located on the Project, thereby enhancing the value of the Project. Hutto began work on the Project in April 2002, and supplied and contributed the last item of materials in or about February 2003. *See* Exhibit A.

9. Prior to the commencement of this action, Hutto filed or caused to be filed in the office of the Judge of Probate of Randolph County, Alabama, the county in which the Project is

2

situated, a Statement of Lien, verified by the oath of Rodney Walker, Hutto's Vice-President and

who had personal knowledge of the facts recited therein. In that Statement of Lien (which was

recorded at Book 17, Page 385 of the Randolph County probate records), Hutto claimed a lien on

the Project, together with the buildings and all improvements located thereon, in the amount of

$385,000.00, exclusive of interest. A copy of that Statement of Lien is attached hereto as Exhibit

A.

      10.    The Project which is the subject of this claim and to which Hutto contributed

materials, labor and supplies, is located in Randolph County, Alabama.

      WHEREFORE, Hutto demands a judgment against Defendants in the amount of

$348,000.00, plus interest and costs. Hutto further prays that upon a hearing of this matter, the Court

will impose a lien on the Project, directing the Sheriff to sell same at auction for the satisfaction of

such judgment and lien. Hutto also prays for such other, further, and different relief to which it may

be entitled or as this Court may deem appropriate.

                           Robert James Campbell (CAM059)

                           One of the attorneys for Plaintiff,
                           Joe Frank Hutto Construction Company, Inc.

**OF COUNSEL:**

LONDON & YANCEY LLC
2001 Park Place, Suite 400
Birmingham, Alabama 35203
(205) 251-2531

3

**DEFENDANTS TO BE SERVED BY CERTIFIED MAIL
AT THE FOLLOWING ADDRESSES:**

Clayton O. Bailey
260 Geneva Road
East Aurora, New York 14052

Clayton O. Bailey, Trustee
Clayton O. Bailey Revocable Trust
260 Geneva Road
East Aurora, New York 14052

Wendelin S. Werely
Post Office Box 309
Wedowee, Alabama 36278

Redhawk Ventures, L.L.C
Post Office Box 309
Wedowee, Alabama 36278

4

LIEN          17      385
Recorded In Above &      d Page
03/24/2003 12:45:39
George Diamond
Probate Judge
Randolph County, Alabama

**MATERIAL AND MATERIALMAN'S LIEN**

Recording Fee      12.00
TOTAL              12.00

STATE OF ALABAMA
COUNTY OF RANDOLPH

Before me, the undersigned Notary Public, personally appeared RODNEY WALKER, VICE-PRESIDENT OF JOE FRANK HUTTO CONSTRUCTION COMPANY, INC., an Alabama Corporation, who duly sworn says he is the LIENOR HEREIN whose address is P.O. BOX 1053, TALLADEGA, ALABAMA 35161 and that in accordance with a contract with, for, and on property belonging to CLAYTON O. BAILEY, CLAYTON O. BAILEY TRUST, WENDELIN S. WERLEY, AND / OR REDHAWK VENTURES, LLC the lienor furnished labor, services, and materials for the construction, paving, building, piping, and infrastructure on the following described real property:

PROPERTY AND IMPROVEMENTS LOCATED ON HIGHWAY 431 NORTH, WEDOWEE, ALABAMA 36278 BEING IN SECTION 34, TOWNSHIP 19 SOUTH, RANGE 11 EAST OF RANDOLPH COUNTY, ALABAMA CONTAINING 125 ACRES MORE OR LESS

OWNED BY CLAYTON O. BAILEY, CLAYTON O. BAILEY TRUST, WENDELIN S. WERLEY, AND / OR REDHAWK VENTURES, LLC.

The total amount of the labor and materials which remains to date is THREE HUNDRED, FORTY-EIGHT THOUSAND AND NO/100 DOLLARS ( $348,000.00 ) plus interest for work preformed on said property and improvements between April, 2002 and February, 2003.

_____
Lienor
Rodney Walker, Vice-President
Joe Frank Hutto Construction Co. Inc.

On March 21, 2003 before me, _____, personally appeared Rodney Walker, the Vice-President of Joe Frank Hutto Construction, Inc., who is personally known to me to be the person whose name is sworn and subscribed to the within instrument and acknowledged to me that he executed the same in his authorized capacity, and that by his signature on the instrument thereby executes this instrument.

Witness by my hand and official seal,

_____
Notary Public

My Commission Expires
6/26/2005

My commission expires _____

**A**

IN THE CIRCUIT COURT OF RANDOLPH COUNTY, ALABAMA

JOE FRANK HUTTO CONSTRUCTION ) 
COMPANY, INC., )
 )
     Plaintiff, )
 )
v. )    Civil Action No.: CV-03-
 )    *113*
CLAYTON O. BAILEY, CLAYTON )
O. BAILEY REVOCABLE TRUST, )
WENDELIN S. WERLEY, and )
REDHAWK VENTURES, L.L.C., )
 )
     Defendants. )
 )
 )

## SUMMONS

This service by certified mail of this summons is initiated upon the written request of the plaintiffs pursuant to the Alabama Rules of Civil Procedure.

This summons and a copy of the complaint in this action is being served upon defendant:

Redhawk Ventures, L.L.C.
P.O. Box 309
Wedowee, AL 36278

## NOTICE TO DEFENDANT

**The complaint which is attached to this summons is important and you must take immediate action to protect your rights. You are required to mail or hand deliver a copy of a written Answer, either admitting or denying each allegation in the complaint, to Robert J. Campbell, of LONDON & YANCEY, L.L.C., the lawyers for the Plaintiff, whose address is 400 Park Place Tower, 2001 Park Place North, Birmingham, Alabama 35203. THIS ANSWER MUST BE MAILED OR DELIVERED WITHIN THIRTY (30) DAYS AFTER THIS SUMMONS AND COMPLAINT WERE DELIVERED TO YOU (OR YOUR HOME), OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT. You must also file the original of your Answer with the Clerk of this Court within Thirty (30) Days.**

DATED  _8-26-03_             _Kim S. Bumfield_

                                           **CLERK OF COURT**

IN THE CIRCUIT COURT OF RANDOLPH COUNTY, ALABAMA

| | | |
|---|---|---|
| JOE FRANK HUTTO CONSTRUCTION COMPANY, INC., | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil Action No.: CV-03- |
| CLAYTON O. BAILEY, CLAYTON O. BAILEY REVOCABLE TRUST, WENDELIN S. WERLEY, and REDHAWK VENTURES, L.L.C., | ) ) ) ) ) | *113* |
| Defendants. | ) ) ) | |

**SUMMONS**

This service by certified mail of this summons is initiated upon the written request of the plaintiffs pursuant to the Alabama Rules of Civil Procedure.

This summons and a copy of the complaint in this action is being served upon defendant:

Wendelin S. Werely
P.O. Box 309
Wedowee, AL  36278

**NOTICE TO DEFENDANT**

**The complaint which is attached to this summons is important and you must take immediate action to protect your rights.  You are required to mail or hand deliver a copy of a written Answer, either admitting or denying each allegation in the complaint, to Robert J. Campbell, of LONDON & YANCEY, L.L.C., the lawyers for the Plaintiff, whose address is 400 Park Place Tower, 2001 Park Place North, Birmingham, Alabama 35203.  THIS ANSWER MUST BE MAILED OR DELIVERED WITHIN THIRTY (30) DAYS AFTER THIS SUMMONS AND COMPLAINT WERE DELIVERED TO YOU (OR YOUR HOME), OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.  You must also file the original of your Answer with the Clerk of this Court within Thirty (30) Days.**

DATED____8-26-03____

_Kim S Benefield_
**CLERK OF COURT**

IN THE CIRCUIT COURT OF RANDOLPH COUNTY, ALABAMA

| | | |
|---|---|---|
| JOE FRANK HUTTO CONSTRUCTION COMPANY, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No.: CV-03- |
| | ) | *113* |
| CLAYTON O. BAILEY, CLAYTON O. BAILEY REVOCABLE TRUST, WENDELIN S. WERLEY, and REDHAWK VENTURES, L.L.C., | ) ) ) ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |

## SUMMONS

This service by certified mail of this summons is initiated upon the written request of the plaintiffs pursuant to the Alabama Rules of Civil Procedure.

This summons and a copy of the complaint in this action is being served upon defendant:

Clayton O. Bailey, Trustee
Clayton O. Bailey Revocable Trust
260 Geneva Road
East Aurora, NY   14052

## NOTICE TO DEFENDANT

**The complaint which is attached to this summons is important and you must take immediate action to protect your rights. You are required to mail or hand deliver a copy of a written Answer, either admitting or denying each allegation in the complaint, to Robert J. Campbell, of LONDON & YANCEY, L.L.C., the lawyers for the Plaintiff, whose address is 400 Park Place Tower, 2001 Park Place North, Birmingham, Alabama 35203. THIS ANSWER MUST BE MAILED OR DELIVERED WITHIN THIRTY (30) DAYS AFTER THIS SUMMONS AND COMPLAINT WERE DELIVERED TO YOU (OR YOUR HOME), OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT. You must also file the original of your Answer with the Clerk of this Court within Thirty (30) Days.**

DATED   8-26-03

Kim S Benfil
**CLERK OF COURT**

IN THE CIRCUIT COURT OF RANDOLPH COUNTY, ALABAMA

| | | |
|---|---|---|
| JOE FRANK HUTTO CONSTRUCTION COMPANY, INC., | ) ) | |
| | ) | |
| Plaintiff, | ) ) | |
| v. | ) | Civil Action No.: CV-03- *113* |
| | ) | |
| CLAYTON O. BAILEY, CLAYTON O. BAILEY REVOCABLE TRUST, WENDELIN S. WERLEY, and REDHAWK VENTURES, L.L.C., | ) ) ) ) | |
| | ) | |
| Defendants. | ) ) ) | |

## SUMMONS

This service by certified mail of this summons is initiated upon the written request of the plaintiffs pursuant to the Alabama Rules of Civil Procedure.

This summons and a copy of the complaint in this action is being served upon defendant:

Clayton O. Bailey
260 Geneva Road
East Aurora, NY   14052

## NOTICE TO DEFENDANT

**The complaint which is attached to this summons is important and you must take immediate action to protect your rights. You are required to mail or hand deliver a copy of a written Answer, either admitting or denying each allegation in the complaint, to Robert J. Campbell, of LONDON & YANCEY, L.L.C., the lawyers for the Plaintiff, whose address is 400 Park Place Tower, 2001 Park Place North, Birmingham, Alabama 35203. THIS ANSWER MUST BE MAILED OR DELIVERED WITHIN THIRTY (30) DAYS AFTER THIS SUMMONS AND COMPLAINT WERE DELIVERED TO YOU (OR YOUR HOME), OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT. You must also file the original of your Answer with the Clerk of this Court within Thirty (30) Days.**

DATED    *8-26-03*

_____
**CLERK OF COURT**