IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| HUTTO CONSTRUCTION, INC., | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Case No. 3:06CV404-T |
| BUFFALO HOLDINGS, LLC., | ) ) ) | |
| Defendant. | ) | |

### SECOND SUPPLEMENTAL BRIEF OF BUFFALO HOLDINGS

Buffalo Holdings, LLC's ("Buffalo") primary basis for summary judgment was that Hutto Construction, Inc. ("Hutto"), had not *named the mortgagee of record* in any suit to enforce its lien, as required under Alabama law.[1] At the summary judgment hearing, the Court, *sua sponte*, asked the parties why the Court could not grant summary judgment based on the record before the Court, on the ground that *no suit had been filed* by Hutto to enforce a mechanic's lien within the period required by law. The parties were invited to file briefs addressing such issue. In Hutto's brief, Hutto argued that it had filed a suit to enforce a mechanic's lien within the six-month period required by law, and attached the complaint in the action to its brief.[2] The Court denied a motion filed by Buffalo to strike such complaint, and by Order dated March 8, 2007, directed that the entire record of the Bailey suit be docketed as supplemental evidence in this case.

Having reviewed the record in the Bailey suit, Buffalo submits this supplemental brief to discuss the relevance of the Bailey suit to resolution of this lawsuit by summary judgment.

---

[1] Lily Flagg Bldg Supply Co., Inc. v. Medlin & Co., 232 So. 2d 643 (Ala. 1970).

[2] Joe Frank Hutto Constr. Co., Inc. v. Clayton Bailey, Clayton Bailey Revocable Trust, Wendelin Werley, and Redhawk Ventures, LLC (Cir. Court, Randolph County, Case No. 03-113) [herein cited as the "Bailey suit"].

### NO JUDGMENT ESTABLISHING A MECHANIC'S LIEN WAS ENTERED IN THE BAILEY SUIT.

The record from the Bailey suit evidences that a lawsuit was *filed* to enforce a mechanic's lien, but *no judgment was entered* establishing a mechanic's lien. The complaint filed by Hutto in that case contains a count to enforce a mechanic's lien. The order entered in that action, however, does not enter a judgment establishing a mechanic's lien. Rather, the order merely pierces of the corporate veil of RedHawk Ventures, LLC, and grants a judgment in favor of Hutto "for all sums due on the Judgment entered against Redhawk Ventures, LLC in favor of Hutto Construction dated December 12, 2002." That prior judgment was a money judgment entered in favor of Hutto against Redhawk and was not a judgment establishing a mechanic's lien.

Alabama law requires that a suit be filed to enforce a mechanic's lien within six months following the date the last work was performed–and that a mechanic's lien cannot be perfected unless and until a judgment is rendered enforcing a lien in that action.[3] The judgment enforcing a mechanic's lien must strictly comply with ALA. CODE (1975) § 35-11-210 *et seq.*, which requires (1) entry of a judgment against a party for the amount secured thereby, interest and costs, (2) establishing the lien and specifically describing the property to be burdened thereby, and (3) condemning the property to sale in satisfaction of the lien.[4] The record in the Bailey suit, and, now, the record in this case, demonstrate that no judgment has been entered in any action enforcing a mechanic's lien in favor of Hutto. It is now crystal clear that this is a case where a property owner (Bailey) conveyed property, following which conveyance a judgment was entered against the owner. Accordingly, the judgment is not in Bailey's chain of title and has no legal effect on successive grantees in that chain.

Thus, summary judgment should be granted in favor of Buffalo on grounds that the record contains no judgment in favor of Hutto in Buffalo's chain of title.

---

[3] Ex parte Grubbs, 571 So. 2d 1119, 1120 (Ala. 1990)(court interpreted Alabama mechanic's lien statute to require that "liability for the debt be established and that a money judgment be entered against the debtor as a prerequisite to perfecting and enforcing the lien.").

[4] See Copeland Constr. Co. v. All Phase-Electrical Wholesalers, Inc., 378 So. 2d 230 (Ala. Civ. App. 1979), cert. denied, 378 So. 2d 233 (Ala. Civ. App. 1979); Ex parte Grubbs, supra.

### HUTTO'S SUPPLEMENTAL MATERIALS STRENGTHENS BUFFALO'S PRIMARY GROUND FOR SUMMARY JUDGMENT, THAT THE MORTGAGEE OF RECORD WAS NOT NAMED IN ANY LIEN SUIT.

Buffalo's main argument on summary judgment was that the mortgagee of record was not named in any suit to enforce a mechanic's lien, and, accordingly, that Hutto's judgment was inferior to the Bank of Wedowee's mortgage, which was foreclosed, extinguishing Hutto's lien, under the rule of law set forth in <u>Lily Flagg Bldg Supply Co., Inc. v. Medlin & Co</u>, 232 So. 2d 643 (Ala. 1970). Hutto's revelation of the complaint and order in the Bailey suit strengthens Buffalo's argument, since they prove that, not only did Hutto not name the mortgagee of record in a suit to enforce a mechanic's lien, Hutto has not obtained a judgment <u>enforcing</u> a mechanic's lien against the property *sub judice,* in any action.

### CONCLUSION

For the reasons set forth herein, summary judgment should be granted in favor of Buffalo dismissing this action on the grounds that (1) the mortgagee of record was not named in any suit to enforce a mechanic's lien, (2) Hutto has not obtained a judgment establishing a mechanic's lien upon the property *sub judice,* and (3) the judgments Hutto does hold are not in Buffalo's chain of title and do not bind Buffalo.

Respectfully submitted,

s/ Guy V. Martin, Jr.
GUY V. MARTIN, JR. (MAR011)
MARTIN, RAWSON & WOOSLEY, P.C.
#2 Metroplex, Suite 102
Birmingham, Alabama 35209
(205) 802-1100
(205) 802-1133-facsimile

## CERTIFICATE OF SERVICE

      I HEREBY CERTIFY that on this the 5th day of April, 2007, that I electronically filed the forgoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

                      John A. Tinney, Esq.
                      Counsel for Plainitff

                                            s/ Guy V. Martin, Jr.
                                            OF COUNSEL

**IN THE UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF ALABAMA**
**EASTERN DIVISION**

| | |
|---|---|
| **HUTTO CONSTRUCTION, INC.,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 3:06CV404-T |
| | ) |
| **BUFFALO HOLDINGS, LLC.,** | ) |
| | ) |
| Defendant. | ) |

### MOTION FOR LEAVE TO FILE A SUPPLEMENTAL BRIEF

COMES NOW, defendant Buffalo Holdings, LLC and moves the Court for leave to file a supplemental brief addressing the relevance of the record from Randolph County Case No. 03-113, Joe Frank Hutto Constr. Co., Inc. v. Clayton Bailey, Clayton Bailey Revocable Trust, Wendelin Werley, and Redhawk Ventures, LLC, to the resolution of this lawsuit by summary judgment. Defendant submits that such a brief would prove beneficial in decreasing any likelihood of confusion and save the Court's time at trial.

Respectfully submitted,

s/ Guy V. Martin, Jr.
Guy V. Martin, Jr., Esq.
MARTIN, RAWSON & WOOSLEY, P.C.
#2 Metroplex Drive, Suite 102
Birmingham, Alabama 35209

ATTORNEY FOR THE DEFENDANT

## CERTIFICATE OF SERVICE

      I HEREBY CERTIFY that on this the 5th day of April, 2007, that I electronically filed the forgoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

John A. Tinney, Esq.
Post Office Box 1430
739 Main Street
Roanoke, Alabama 36274

                                                s/ Guy V. Martin, Jr.
                                                OF COUNSEL